MARY SCHULTZ
MARY SCHULTZ LAW, P.S.
2111 E. Red Barn Lane
Spangle, WA 99031
Tel: (509) 245-3522, Ext. 1
Fax: (509) 245-3308
E-mail: Mary@MSchultz.com

The Hon. Salvador Mendoza, Jr.

*Attorney for Plaintiff Penny Gardner (fka Rodriguez)*

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| PENNY GARDNER (*fka* RODRIGUEZ), <br><br> Plaintiff, <br><br> v. <br><br> ISRAEL RODRIGUEZ and STATE OF WASHINGTON, DEPARTMENT OF SOCIAL AND HEALTH SERVICES, DIVISION OF CHILDREN, YOUTH AND FAMILY SERVICES, and CHILD PROTECTIVE SERVICES, <br><br> Defendants. | Case No. 2:22-cv-00144-SMJ <br><br> PLAINTIFF PENNY GARDNER(*fka* RODRIGUEZ)'S <br><br> *FIRST AMENDED* COMPLAINT FOR DAMAGES |

Penny Gardner (*fka* Rodriguez) alleges as follows:

PLAINTIFF PENNY GARDNER(*fka* RODRIGUEZ)'S *FIRST AMENDED* COMPLAINT FOR DAMAGES
Page 1 of 63

2111 E. Red Barn Lane
Spangle, WA 99031
(509) 245-3522
Mary@MSchultz.com

## I.     PARTIES, JURISDICTION AND VENUE.

1.1     Plaintiff Penny Gardner (Gardner) is a resident of Maricopa County, Arizona.

1.2     Defendant Israel Rodriguez (Rodriguez) is believed to be a resident of Spokane County, Washington.

1.3     Defendant State of Washington (Defendant State) operates through its agencies and entities, with the relevant entities for purposes of this complaint believed to be the Washington Health Care Authority (HCA), Washington State Department of Health (DOH), Washington State Department of Social and Health Services (DSHS), Department of Developmental Disabilities (DDD), Child Protective Services (CPS), and the Department of Children, Youth and Family Services (DCYF), among other entities to be determined, with the interaction of these entities in the facts below remaining to be determined.

1.4     On August 8, 2019, Gardner filed a pre-suit tort claim against Defendant State of Washington, and certain of its agencies, including Department of Social and Health Services, and its Department of Children,

PLAINTIFF PENNY GARDNER(*fka* RODRIGUEZ)'S *FIRST AMENDED* COMPLAINT FOR DAMAGES
Page 2 of 63

*M*ARY
*S*CHULTZ
*L*AW. P.S.

2111 E. Red Barn Lane
Spangle, WA 99031
(509) 245-3522
Mary@MSchultz.com

Youth and Family Services, under RCW 4.92.100, alleging federal and state claims.

1.5    Gardner supplemented her claims on, e.g., September 7, 2019, May 25, 2021, June 17, 2022 and June 24, 2022.

1.6    On May 25, 2021, Gardner filed her federal constitutional and state tort claims against Defendant State in the Spokane County Superior Court under Cause No. 21-2-00613-32, which was consolidated into Superior Court 19-2-03497-32.

1.7    On July 9, 2021, Defendant State moved in the state court to dismiss all of Gardner's claims against it under Rule 12(b)(6), claiming that Gardner could prove no set of facts consistent with the complaint entitling her to relief on due process and conspiracy grounds. ECF 2-7-2.9; State Court Dkt.79-81. The court denied Defendant State's motion. ECF 2-24; State Dkt. 139, filed December 15, 2021.

1.8    On May 6, 2022, Defendant State moved for "final judgment" on the court's earlier December 15, 2021 order denying dismissal of the Plaintiffs' claims, asking the court to conclude that its order denying dismissal

PLAINTIFF PENNY GARDNER(*fka* RODRIGUEZ)'S *FIRST AMENDED* COMPLAINT FOR DAMAGES
Page 3 of 63

*M*ARY
*S*CHULTZ
*L*AW. P.S.

2111 E. Red Barn Lane
Spangle, WA 99031
(509) 245-3522
Mary@MSchultz.com

of Gardner's claim was actually an order dismissing the claims. ECF 2-29, 2-30; Dkt. 180-181.

      1.9      The Court denied Defendant State's motion. ECF 2-36; Dkt. 223, entered May 20, 2022.

      1.10     On May 20, 2022, the court consolidated Gardner's claims against Defendant State into an active 2019 case file (2019-2-03497-32) where Gardner made claims against Defendant Rodriguez. ECF 2-37; Dkt. 222.

      1.11     On June 16, 2022, Defendant State removed all of Gardner's pending claims in the state case to this Court, asserting that Gardner's claims raised federal questions under 42 U.S.C. 1983, 1985 and 1986, and that this Court has supplemental jurisdiction over Gardner's state claim, per § 1367. ECF 1.

      1.12     Defendant answered Gardner's complaint in this forum on June 23, 2022. ECF 4.

      1.13     To the extent that any tort claim amendment could implicate pre-suit filings, then sixty calendar days have elapsed from the time of Gardner's June 24, 2022 third supplement presented to the Office of Risk Management in

MARY
SCHULTZ
LAW. P.S.

2111 E. Red Barn Lane
Spangle, WA 99031
(509) 245-3522
Mary@MSchultz.com

the Department of Enterprise Services.

1.14    This Court has jurisdiction over the parties for purposes of these claims herein stated, and venue is proper in this Eastern District of Washington.

## II.    FACTS

### A. <u>Washington State's Medically Intensive Children's Program</u>

2.1    Defendant State's Health Care Authority (HCA) maintains a Medically Intensive Children's Program (MICP), which provides skilled nursing to children ages 17 and younger who have complex medical needs requiring a registered nurse to provide support. *See* https://www.hca.wa.gov/health-care-services-supports/medically-intensive-childrens-program-micp

2.2    HCA provides managed health care plans for such children which insures their access to medical services, including through, e.g., Coordinated Care of Washington, Molina Healthcare of Washington, United Healthcare Community Plan, Amerigroup, and Community Health Plan of Washington. *See* https://www.hca.wa.gov/health-care-services-supports/apple-health-medicaid-coverage/apple-health-managed-care#contact-your-apple-health-plan

PLAINTIFF PENNY GARDNER(*fka* RODRIGUEZ)'S *FIRST AMENDED* COMPLAINT FOR DAMAGES
Page 5 of 63

*M*ARY
*S*CHULTZ
*L*AW. P.S.

2111 E. Red Barn Lane
Spangle, WA 99031
(509) 245-3522
Mary@MSchultz.com

2.3      Medically fragile children are defined by Washington's Department of Children, Youth and Families (DCYF) as children who have "medical conditions that require the availability of 24-hour skilled care from a health care professional or specially trained family or foster family member," which "conditions may be present all the time or frequently occurring," and where "[i]f the technology, support, and services provided to a medically fragile child are interrupted or denied, the child may, without immediate health care intervention, experience death." *See* https://www.dcyf.wa.gov/4517-health-care-services-children-placed-out-home-care/45171-medically-fragile-children.

2.4      In 2012, Spokane County did not have a pediatric facility that could care for such medically fragile children.

**B. Washington State's Licensing of Gardner and Rodriguez based on qualification criteria, and the qualified entities at issue.**

2.5      Plaintiff Penny Gardner is and was a registered nurse (RN), with a Master's Degree in counseling, a Bachelor of Science Degree in Nursing, and, in the relevant time period of this complaint, was pursuing an Advanced Registered Nurse Practitioner degree.

PLAINTIFF PENNY GARDNER(*fka* RODRIGUEZ)'S *FIRST AMENDED* COMPLAINT FOR DAMAGES
Page 6 of 63

MARY
SCHULTZ
LAW. P.S.

2111 E. Red Barn Lane
Spangle, WA 99031
(509) 245-3522
Mary@MSchultz.com

2.6     Defendant Israel Rodriguez is and was certified as a Certified Nursing Assistant (CNA).

2.7     In 2012, Plaintiff Gardner and Defendant Rodriguez were also husband and wife.

2.8     On June 5, 2012, Plaintiff Gardner and Defendant Rodriguez created Weeping Ridge North, LLC (WRN) (UBI 603212713), listing its address as 2455 W. Bench Road in Othello, Washington.

2.9     On February 7, 2014, the Center for Medicare and Medicaid Services' National Plan and Provider Enumeration System (NPPES) assigned a National Provider Identifier (NPI) Registry number to the Weeping Ridge North LLC facility on February 7, 2014, identifying WRN as a "NPI-2 Organization," which is an incorporated organizational provider, not an individual provider, with NPI number 1366866626.

2.10    The Registry lists Weeping Ridge North LLC at a primary practice address of 10226 N. Seminole Drive in Spokane Washington.

2.11    An NPI number is a standard identifier for all HIPAA-covered entities (health care providers).

PLAINTIFF PENNY GARDNER(*fka* RODRIGUEZ)'S *FIRST AMENDED* COMPLAINT FOR DAMAGES
Page 7 of 63

MARY SCHULTZ LAW, P.S.

2111 E. Red Barn Lane
Spangle, WA 99031
(509) 245-3522
Mary@MSchultz.com

2.12    On April 11, 2014, Gardner and Rodriguez created Weeping Ridge Home Health LLC, listing its address at the same 2455 W. Bench Road in Othello.

2.13    Gardner and Rodriguez were joint owners of both LLCs.

2.14    On June 26, 2014, Defendant State, through its Department of Social and Health Services, by authority of RCW Chapter 74.15, issued a "Children's Agency License" to Weeping Ridge North LLC, designated as "A Group Care Facility" to operate from 10226 North Seminole Drive in Spokane Washington, to provide pediatric critical care to medically fragile children.

2.15    Examples of the complex care that WRN were to provide at WRN included children dependent upon intravenous administration of medications, ventilators, and tracheotomy therapy, the cessation of which could cause immediate death.

2.16    Defendant State maintains licensing requirements for its group care facilities, which include, but are not limited to, criteria found in 2014 in RCW Chapter 74.15 (child care licensing statute) and WAC Chapter 388-145, and 147 (Social and Health Services, Department of), which was repealed and

PLAINTIFF PENNY GARDNER(*fka* RODRIGUEZ)'S *FIRST AMENDED* COMPLAINT FOR DAMAGES
Page 8 of 63

MARY SCHULTZ LAW. P.S.

2111 E. Red Barn Lane
Spangle, WA 99031
(509) 245-3522
Mary@MSchultz.com

replaced in December 2014, and now cited at WAC chapter 11-145 et seq. Department of Children, Youth and Families)

2.17     A pediatric critical care facility such as WRN requires a state-issued facility group care license, subject to an application process under WAC 110-145-132, and under WAC 388-145. Any such license is issued and valid for a period of three years. WAC 388-145-1345.

2.18     Defendant State requires that all authorized and licensed medical providers doing work such as WRN was doing maintain insurance as a facility, and per nurse at each facility, to operate in such a complex medical environment.

2.19     On June 26, 2014, Defendant State issued joint license applicants Penny Gardner and Israel Rodriguez a three-year license to operate the group home WRN facility at 10226 North Seminole Drive, Spokane Washington, through June 26, 2017.

2.20     Suspension of such a license was now controlled by the criteria of RCW 74.15.130, which allows the Defendant State to suspend a license issued pursuant to chapter 74.15 RCW upon proof of certain criteria, including failures

PLAINTIFF PENNY GARDNER(*fka* RODRIGUEZ)'S *FIRST AMENDED* COMPLAINT FOR DAMAGES
Page 9 of 63

MARY SCHULTZ LAW. P.S.

2111 E. Red Barn Lane
Spangle, WA 99031
(509) 245-3522
Mary@MSchultz.com

of an agency to comply with the provisions or requirements of chapter 74.15 RCW and RCW 74.13.031 or "(b) that the conditions required for the issuance of a license under chapter 74.15 RCW and RCW 74.13.031 have ceased to exist with respect to such licenses."

2.21    WRN now contracted with the Defendant State's various health care managed care plans available, including Department of Developmental Disability "wrap" services, Amerigroup, Community Health Plan of Washington, Coordinated Care of Washington, Molina Healthcare of Washington and United Health Care Community Plan, qualifying for each plan through an application process confirming that WRN had the proper liability insurance and staffing.

2.22    Defendant State knew that Defendant Rodriguez handled all licensing, registration, accounting, financial and insurance duties of the facility with the Defendant State and its managed care providers, while providing only certified nursing assistance care, whereas Gardner was the RN clinical director of the medical care actually provided.

PLAINTIFF PENNY GARDNER(*fka* RODRIGUEZ)'S *FIRST AMENDED* COMPLAINT FOR DAMAGES
Page 10 of 63

MARY SCHULTZ LAW. P.S.

2111 E. Red Barn Lane
Spangle, WA 99031
(509) 245-3522
Mary@MSchultz.com

2.23    Defendant State had the duty to monitor WRN's operation and compliance, as evidenced by RCW 74.15.130's suspension statute, and it did so through its various agencies, including investigators in its DCYF and its Child Protective Services (CPS) agencies.

2.24    On July 31, 2014, Rodriguez registered "Weeping Ridge Home Health LLC" with the Washington Secretary of State, identifying its business address as 10226 N. Seminole Drive in Spokane, with "Registered Trade Names of "Weeping Ridge" and "Weeping Ridge Home Health."

2.25    By November 12, 2015, given WRN's proper operation and compliance, Defendant State modified WRN's group home license to increase the overall capacity and age range of the children to be served, with a capacity of ten (10) children of either gender "between the ages of birth to eighteen (18) years old." *See* Defendant State's revocation letter, June 25, 2020.

2.26    On March 3, 2016, Rodriguez applied to the Amerigroup health plan, identifying himself as the contact person, confirming his having secured general liability coverage through carrier "Acord" and professional liability insurance through "NSO-American Casualty Co of Reading Pennsylvania."

PLAINTIFF PENNY GARDNER(*fka* RODRIGUEZ)'S *FIRST AMENDED* COMPLAINT FOR DAMAGES
Page 11 of 63

*M*ARY
*S*CHULTZ
*L*AW. P.S.

2111 E. Red Barn Lane
Spangle, WA 99031
(509) 245-3522
Mary@MSchultz.com

2.27    Rodriguez listed both Weeping Ridge North LLC and Weeping Ridge Home Health LLC at 10226 North Seminole Drive in Spokane, and gave Amerigroup the same NPI for both entities.

2.28    On April 13, 2016, Rodriguez obtained a different NPI number of 171034912 for what is listed in NPI's database as "Weeping Ridge North LLC Home Health," showing a business and practice address of 12402 Osprey Road in Nine Mile Falls, WA, which is was Gardner and Rodriguez's residence.

2.29    On March 3, 2017, Defendant State's DSHS was added as an additional insured to Weeping Ridge North LLC's "Colony Insurance Company," policy AP203467.

2.30    That Colony policy in favor of insured Weeping Ridge North LLC was effective March 3, 2017, and expired on March 3, 2018.

2.31    That policy was an "occurrence" policy, not a claims-made policy.

2.32    By March 29, 2017, when fully operational and with all 10 beds filled, WRN was valued at $7,006,000 (valuation done July 2019). WRN generated $126,000 a month of discretionary income to Gardner and Rodriguez

MARY
SCHULTZ
LAW. P.S.

2111 E. Red Barn Lane
Spangle, WA 99031
(509) 245-3522
Mary@MSchultz.com

through those ten beds, evidencing the value of state contracts for this kind of complex medical care.

2.33    On March 29, 2017, in accordance with RCW 74.15.110's renewal statute which requires reapplication at least 90 days before expiration of the original three-year license, Gardner and Rodriguez jointly applied to renew WRN's group home license.

2.34    RCW 74.15.110 requires that where a facility "desires to apply for a renewal of its license, a request for a renewal shall be filed ninety days prior to the expiration date of the license except that a request for renewal of a foster family home license shall be filed prior to the expiration of the license. If the department has failed to act at the time of the expiration date of the license, the license shall continue in effect until such time as the department shall act." RCW 74.15.110.

2.35    The renewal application of March 29, 2017 would thereby extend WRN's June 26, 2014 license in effect until the Defendant State acted on that renewal application, which it would do, renewing that license through October 18, 2020.

PLAINTIFF PENNY GARDNER(*fka* RODRIGUEZ)'S *FIRST AMENDED* COMPLAINT FOR DAMAGES
Page 13 of 63

*M*ARY
*S*CHULTZ
*L*AW. P.S.

2111 E. Red Barn Lane
Spangle, WA 99031
(509) 245-3522
Mary@MSchultz.com

**C. <u>Washington State becomes aware of and participates in and through male WRN owner Rodriguez's questionable business takeover of a licensee, and exclusion of female WRN owner Gardner.</u>**

2.36     Defendant State became aware in early May 2017 that, on May 2, 2017, Defendant Rodriguez, a WRN joint licensee and CNA who performed WRN's administrative tasks, implemented an attempted business takeover of WRN from Gardner by using a domestic violence petition process in the Stevens County Superior Court, including, on May 2, 2017, taking the couple's four children to the Steven County Sheriff's office to make accusations against Gardner of "child abuse."

2.37     Unknown at that time was that, on May 4, 2017, Defendant Rodriguez had transferred $20,000 each to each child's savings account. Known at that time was that, on May 5, 2017, Rodriguez obtained and served Gardner with a domestic violence protection order issued from a Stevens County family law court, based in part on allegations then made by the children.

PLAINTIFF PENNY GARDNER(*fka* RODRIGUEZ)'S *FIRST AMENDED* COMPLAINT FOR DAMAGES
Page 14 of 63

MARY
SCHULTZ
LAW. P.S.

2111 E. Red Barn Lane
Spangle, WA 99031
(509) 245-3522
Mary@MSchultz.com

2.38     On May 7, 2017, Defendant Rodriguez reported his takeover to the Defendant State and to the WRN staff, referring to Gardner as only a "staff member," as follows:

> As you all know, we are required by law to report any person who has cause to believe that a child has suffered abuse or neglect should report such incidents. We, unfortunately, have at this time a staff member that has these alleged accusations. A Temporary Order for Protection and Notice has been issued in this manner as of 05/04/2017 which is signed and filed with Stevens County.

> This is a formal notice stating that Penny Rodriguez, RN (Director of Nursing) at Weeping Ridge North has alleged accusations that require me to write this letter. Even though these allegations are of a personal manner and are toward her own children, you are being notified as it is mandatory reporting. She (Penny Rodriguez, RN) will no longer be allowed any contact with staff and/or residents at any time for any reason, please contact me if you require assistance in this manner.

> She is prohibited from the premises at 10226 N Seminole Dr. Spokane, WA 99208. Please call 911 immediately and report her violation of orders.

> A mandatory management team meeting will be held on Monday (05/08/2017) at 8:30 a.m. to confer plans for moving forward for the children in our care at Weeping Ridge North.

> Thank you for your discretion and understanding,

> Israel Rodriguez-Administrator.

MARY SCHULTZ LAW. P.S.

2111 E. Red Barn Lane
Spangle, WA 99031
(509) 245-3522
Mary@MSchultz.com

2.39    On May 7, 2017, Defendant Rodriguez told the Defendant State the foregoing, and that Gardner "was recently charged with one or two counts of should abuse and neglect of her two biological children." *See Revocation* letter, June 25, 2020, p. 5.

2.40    Defendant State knew, or reasonably should have known, that Gardner had not been criminally charged with any such thing, which was what Rodriguez's communication implied, that Rodriguez and Gardner were now at odds, and that Rodriguez was intending to exclude Gardner from WRN in all respects.

2.41    Defendant State knew that upon the issuance of that restraining order, Gardner was evicted from the WRN grounds, and from her role as clinical director.

2.42    Defendant State knew that Rodriguez was thus operating WRN without a clinical director.

2.43    On May 8, 2017, Rodriguez applied for insurance for Weeping Ridge Home Health, listed at 10226 N. Seminole Drive, and obtained a Lloyds liability and professional liability policy for Weeping Ridge Home Health

PLAINTIFF PENNY GARDNER(*fka* RODRIGUEZ)'S *FIRST AMENDED* COMPLAINT FOR DAMAGES
Page 16 of 63

MARY
SCHULTZ
LAW, P.S.

2111 E. Red Barn Lane
Spangle, WA 99031
(509) 245-3522
Mary@MSchultz.com

effective through May 8, 2018. This is a "claims-made and reported" policy, meaning the claim must be made against the insured and reported during the policy period or within thirty days of the end of the policy period or any extended reporting period if applicable.

2.44    On May 25, 2017, Defendant State was aware that Rodriguez then filed a dissolution petition under Stevens County Cause No. 2017-3-0097-5.

2.45    Defendant State itself investigated Rodriguez's claims against Gardner for alleged child abuse because of her former position in the WRN facility, and potential nursing elsewhere, and by June 13, 2017, Defendant State's Child Protective Services deemed Defendant Rodriguez's child abuse claims against Gardner to be unfounded.

2.46    Defendant State was also now investigating Gardner's behavior as a matter of her nursing license, however, because an RN's license is in jeopardy where accused of child abuse, and Rodriguez's claims threatened Gardner's nursing credentials and licensing.

2.47    Gardner would now be subjected to a string of Defendant State

PLAINTIFF PENNY GARDNER(*fka* RODRIGUEZ)'S *FIRST AMENDED* COMPLAINT FOR DAMAGES
Page 17 of 63

MARY
SCHULTZ
LAW. P.S.

2111 E. Red Barn Lane
Spangle, WA 99031
(509) 245-3522
Mary@MSchultz.com

CPS investigations and licensing investigations promoted by Defendant Rodriguez.

2.48     Defendant State's finding that Defendant Rodriguez's original abuse claims against Gardner were unfounded resulted only in Rodriguez and his supporters calling in wilder claims, at least eight are known, all of which Defendant again deemed unfounded.

2.49     Defendant Rodriguez was deemed by one later well-respected psychological evaluator, Dr. Ronald Klein, to have engaged in a "well-orchestrated plan" to remove Gardner from the parties' four children's lives by his actions.

2.50     Defendant State confirmed by its interviews and inspections that Gardner's care of WRN's medically fragile clients as its clinical director had been exemplary.

**D. <u>Washington State becomes aware of court orders upon male owner Rodriguez's administration of WRN, which orders implicated the State's license qualification criteria.</u>**

MARY SCHULTZ LAW. P.S.
2111 E. Red Barn Lane
Spangle, WA 99031
(509) 245-3522
Mary@MSchultz.com

2.51    On June 19, 2017, as Defendant State's investigations of Gardner continued, the Stevens County Superior Court entered the only available (and agreed) temporary order in the parties' marital dissolution action, which was to formally assign Defendant Rodriguez to the role of "chief administrator" duties for WRN and for the parties' four other vulnerable adult businesses; however:

2.51.1    Rodriguez was ordered to not "allow a lapse in insurance coverage of any kind while this action is pending, unless it is in the ordinary course of business."

2.51.2    Rodriguez was ordered to "not transfer, cancel, borrow against, let expire, or change the beneficiary of any policy, without authorization from the other party while this action is pending."

2.51.3    Rodriguez was ordered to ensure that no professional license or contract lapsed unless in the ordinary course of business; and,

2.51.4    On these issues, and on his administration, Defendant Rodriguez "will be accountable as such to the court and parties."

PLAINTIFF PENNY GARDNER(*fka* RODRIGUEZ)'S *FIRST AMENDED* COMPLAINT FOR DAMAGES
Page 19 of 63

*M*ARY
*S*CHULTZ
*L*AW. P.S.

2111 E. Red Barn Lane
Spangle, WA 99031
(509) 245-3522
Mary@MSchultz.com

2.51.5     All of the above orders implicate requirements similar to what Defendant State requires for its licenses—insurance, and continued qualification for licensing.

**E. Washington State re-licenses Gardner's WRN facility through October 17, 2020.**

2.52     The day after the domestic temporary order was entered, on June 20, 2017, without notice to Gardner or the court, Rodriguez submitted a renewal application for WRN's license to Defendant State.

2.53     Rodriguez's application was invalid given a statutory 90-day requirement. The only valid renewal application with Defendant State was that application submitted by Gardner and Rodriguez in March 2017.

2.54     Defendant State knew that Rodriguez's application was moot under Washington law.

2.55     Defendant State was aware that Rodriguez had listed "Leah Evans R.N" as WRN's new clinical director, but it knew or should have known that RN Evans was already working full-time at Gardner and Rodriguez's adult care facilities in Othello, Washington—Weeping Ridge West and Weeping

PLAINTIFF PENNY GARDNER(*fka* RODRIGUEZ)'S *FIRST AMENDED* COMPLAINT FOR DAMAGES
Page 20 of 63

2111 E. Red Barn Lane
Spangle, WA 99031
(509) 245-3522
Mary@MSchultz.com

Ridge Estate—caring for 12 adult quadriplegic patients. RN Evans was not able to be at Weeping Ridge North on other than an as-needed basis.

2.56    As of July 18, 2017, Defendant State was aware that all protection orders against Gardner were vacated.

2.57    On October 18, 2017, Defendant State issued a license renewal for WRN, which could only have properly renewed Gardner's joint application of March 29, 2017.

2.58    WRN's original license of June 24, 2014 remained in effect throughout until October 18, 2017, and was renewed on October 18, 2017 through October 2020, when the Defendant State "acted" on that March 29, 2017 renewal. RCW 74.15.110.

**F. Washington State becomes aware of and notifies only male business owner Rodriguez of the substantial growing risk to the WRN's license status, and accords him alone the opportunity to be heard and correct prior to any license suspension. Defendant State knowingly denies Gardner the same notice and opportunity to be heard and to correct.**

PLAINTIFF PENNY GARDNER(*fka* RODRIGUEZ)'S *FIRST AMENDED* COMPLAINT FOR DAMAGES
Page 21 of 63

MARY SCHULTZ LAW. P.S.

2111 E. Red Barn Lane
Spangle, WA 99031
(509) 245-3522
Mary@MSchultz.com

2.59    As noted above, RCW 74.15.130 allows the Defendant State to suspend a license issued pursuant to chapter 74.15 RCW upon proof of certain criteria, including failures of an agency to comply with the provisions or requirements of chapter 74.15 RCW and RCW 74.13.031 or "(b) that the conditions required for the issuance of a license under chapter 74.15 RCW and RCW 74.13.031 have ceased to exist with respect to such licenses."

2.60    In mid to late 2017, Defendant State became aware that Defendant Rodriguez was incapable of or unwilling to manage the WRN facility properly, and risking WRN's license status.

2.61    Starting by the late summer of 2017, Defendant State began fielding referrals of incidents and adverse events at WRN, which required Defendant State's CPS agency to investigate for concerns of child abuse and neglect in the facility.

2.62    Some forty (40)-plus of these events would be referred over the upcoming weeks and months that were sufficiently serious to warrant CPS investigation and may of which were investigated by Defendant State and determined to be valid, or "founded."

PLAINTIFF PENNY GARDNER(*fka* RODRIGUEZ)'S *FIRST AMENDED* COMPLAINT FOR DAMAGES
Page 22 of 63

*Mary Schultz Law. P.S.*

2111 E. Red Barn Lane
Spangle, WA 99031
(509) 245-3522
Mary@MSchultz.com

2.63     Defendant State was aware of far more referrals and of other regulatory non-compliance, order violations, and adverse events, than the foregoing "40 plus" events that defendant State would late document in a license revocation letter of June 2020.

2.64     Defendant State would, throughout these referrals, and more, given notice and an opportunity to respond, and to correct; but Defendant State gave Plaintiff Gardner no notice, no opportunity to be heard and no opportunity to correct what we rebecoming the compounding risks to WRN's license status, while knowing of her exclusion from the information and benefits it was providing Rodriguez.

2.65     Events included an event on February 19, 2018, where a child named Jorge Castro Jimenez was transported to Sacred Heart Medical Center by Emergency Medical Services at the request of WRN staff, because WRN staff were unable to replace his breathing tracheotomy and needed EMS to transport the child to Sacred Heart ER so that the hospital could replace the child's trach, signifying inadequate medical staff.

PLAINTIFF PENNY GARDNER(*fka* RODRIGUEZ)'S *FIRST AMENDED* COMPLAINT FOR DAMAGES
Page 23 of 63

*M*ARY
*S*CHULTZ
*L*AW. P.S.

2111 E. Red Barn Lane
Spangle, WA 99031
(509) 245-3522
Mary@MSchultz.com

2.66    Defendant State knew that Weeping Ridge North's insurance coverage expired on March 3, 2018, because it was an insured on that policy.

2.67    Defendant State and Rodriguez knew of this expiration, but neither Defendant State nor Rodriguez notified Gardner of this deficiency.

2.68    On March 10, 2018, Emergency Medical Services was called again to WRN to find the aforementioned Jorge Castro Jiminez "apneic and asystolic," whereby they performed cardiopulmonary resuscitation (CPR) and transported Jorge to Sacred Heart, where he was found to have suffered anoxic brain damage, brain death, and cerebral edema. Jorge died on March 14, 2018.

2.69    The medical examiner found the death of Jorge Castro Jimenez to be a death "occurring under suspicious circumstances, unknown or obscure causes."

2.70    At the time of Jorge's admission, EMS reported to Sacred Heart physicians, and to Defendant State, that the conditions at WRN were "poor," the room in which this child was cared for had low lights, was in poor condition, the WRN staff did not have adequate training, and that WRN staff themselves told EMS that they did not know what happened.

PLAINTIFF PENNY GARDNER(*fka* RODRIGUEZ)'S *FIRST AMENDED* COMPLAINT FOR DAMAGES
Page 24 of 63

*M*ARY
*S*CHULTZ
*L*AW. P.S.

2111 E. Red Barn Lane
Spangle, WA 99031
(509) 245-3522
Mary@MSchultz.com

2.71    EMS reported "concerns that Jorge was improperly connected to his ventilator," which they felt "could have eventually led to his death." *See* March 14, 2018 State DCYF intake.

2.72    EMS reported to physicians that the child was in a basement bedroom, that there were multiple patients who were ventilator dependent, and that there was no staff with medical training to help, or even to give EMS responders information about the patient. EMS reported "poor conditions, low light/visibility, difficulties with intubation r/t/conditions."

2.73    A physician reported the WRN situation to Defendant State's Residential Care Services as a mandated reporter.

2.74    Neither Rodriguez nor the State reported this death to Weeping Ridge North LLC's "Colony Insurance Company" policy AP203467, to which Defendant State was added as an insured, nor to Lloyd's, which was still in effect until May 27, 2018, with professional liability coverage. (Lloyd's may have extended coverage to May 30, 2018).

2.75    Neither Defendant State nor Rodriguez reported this adverse medical event—a death—to Gardner, or the Stevens County Court. Neither

PLAINTIFF PENNY GARDNER(*fka* RODRIGUEZ)'S *FIRST AMENDED* COMPLAINT FOR DAMAGES
Page 25 of 63

MARY SCHULTZ LAW. P.S.

2111 E. Red Barn Lane
Spangle, WA 99031
(509) 245-3522
Mary@MSchultz.com

Defendant reported that WRN's insurance had lapsed.

2.76    Defendant State investigated this mandatory physician report of Jorge Castro Jimenez's death and found that WRN did not have a registered nurse there full time, as was required, and as was expected given Leah Evans duties in Othello.

2.77    Defendant State noted that a nurse was at the WRN facility, according to WRN staff itself, "most of the time," with no other clarification as to what that actually meant, and that "there is not always a nurse working."

2.78    Defendant State received conflicting versions of the medical events from WRN staff. The first State intake indicated that on March 10, 2018, "a nurse from Weeping Ridge reported that Jorge was in respiratory distress and his machine was off." But on the Defendant State's interviews, the State notes "There is a discrepancy in the intake report regarding this as the intake indicates the machine was off and all 3 staff members that were working during the event all attest that the ventilator was never turned off."

2.79    Defendant State found that WRN's medical records contained no entries at all for March 10, 2018.

PLAINTIFF PENNY GARDNER(*fka* RODRIGUEZ)'S *FIRST AMENDED* COMPLAINT FOR DAMAGES
Page 26 of 63

*M*ARY
*S*CHULTZ
*L*AW. P.S.

2111 E. Red Barn Lane
Spangle, WA 99031
(509) 245-3522
Mary@MSchultz.com

2.80    Physicians then reported to Defendant State that WRN staff "may not have enough medical training to properly assist a child with Jorge's level of needs and….the facility has a lot (of) turnover."

2.81    With only CNAs routinely on site at WRN, pulmonologist physician (Dr. Chavez) told Defendant State "that a child like Jorge would require a higher level of care than what a standard CNA training would cover." *See* 3.14.2018 DCYF intake.

2.82    Defendant State spoke to a paramedic from the City of Spokane Fire Department, Ben Summers, because Summers was one of the first responders to WRN on the call for help for Jorge Castro Jimenez.

2.83    Paramedic Summers told Defendant State of substantial concerns he had with what he saw in the WRN care environment, including an ostensible "medical care" environment in which the responders had to use flashlights to even assess the patient because "overhead lights were flickering ' like a horror movie' " and "one of the remaining bulbs was burned out."

PLAINTIFF PENNY GARDNER(*fka* RODRIGUEZ)'S *FIRST AMENDED* COMPLAINT FOR DAMAGES
Page 27 of 63

*M*ARY
*S*CHULTZ
*L*AW. P.S.

2111 E. Red Barn Lane
Spangle, WA 99031
(509) 245-3522
Mary@MSchultz.com

2.84    Paramedic Summers expressed concerns "that the facility can have up to 12 very sick children in their care and that they do not always have a nurse or respiratory therapist on staff."

2.85    Summers told the Defendant State that he had responded yet again to WRN on April 2, 2018 after the March 10th visit regarding Jorge Castro Jimenez, and again had significant concerns. A 9 year-old female had a seizure, and when Summers questioned the WRN respiratory therapist about this situation, the therapist "reported that the child had been out of medication for a few days."

2.86    Defendant State allowed Rodriguez notice and the opportunity to respond to these medical claims, and determined all of these medical concerns to be "unfounded."

2.87    This incident did not even appear in Defendant State's later license revocation letter issued to WRN in June 2020. *See* infra.

2.88    As of March 3, 2018, Defendant State was now allowing Rodriguez to operate Weeping Ridge North LLC without insurance, in violation of state law, and of Gardner's temporary order of the Stevens County Court.

PLAINTIFF PENNY GARDNER(*fka* RODRIGUEZ)'S *FIRST AMENDED* COMPLAINT FOR DAMAGES
Page 28 of 63

*M*ARY
*S*CHULTZ
*L*AW, P.S.

2111 E. Red Barn Lane
Spangle, WA 99031
(509) 245-3522
Mary@MSchultz.com

2.89    As of May 8, 2018, Defendant State was allowing the Weeping Ridge Home Health entity to also operate without insurance, which had expired.

2.90    Defendant State provided no notice of either of these events to Gardner.

2.91    By June 6, 2018, Defendant State was aware that Rodriguez was spending substantial time in Arizona, and Defendant State demanded that Rodriguez return to Spokane "and assure us the children's personal medical needs are being met or we will start calling Coordinated Care and DDA to have the children removed."

2.92    Defendant State was aware from multiple sources that WRN was short-staffed, and children were not being suctioned regularly.

2.93    Defendant State contacted Rodriguez by phone in Arizona, to advise of intakes coming to the State that the children's needs were not being met, and Rodriguez was dismissive, confrontational, and declined to return, telling the State e.g. that "they are suctioning children if they don't suction the children end up with pneumonia."

PLAINTIFF PENNY GARDNER(*fka* RODRIGUEZ)'S *FIRST AMENDED* COMPLAINT FOR DAMAGES
Page 29 of 63

MARY SCHULTZ LAW. P.S.

2111 E. Red Barn Lane
Spangle, WA 99031
(509) 245-3522
Mary@MSchultz.com

2.94    Defendant State told Rodriguez that the "the Department will have to move the kids out" if he did not return and personally oversee the facility. Rodriguez continued to blame his employees, but agreed to return at that time.

2.95    Defendant State knew that Rodriguez would continue to leave the State and travel to Arizona over the next months.

2.96    Defendant State provided notice to Rodriguez of his failure to supervise onsite, and an opportunity to be heard and correct the issue, but it provided Gardner with no notice of Rodriguez's failure to supervise onsite or its threat to remove all of the WRN children from WRN.

2.97    Defendant State was sufficiently concerned about Defendant Rodriguez's administration that, from June 2018 through October 2018, it placed WRN on a "no referral" status, meaning WRN "could accept no youth into the facility until all the concerns and provider actions were addressed and closed."

2.98    Defendant State's no-referral status "is saying it is not safe to place kids here."

MARY SCHULTZ LAW. P.S.

2111 E. Red Barn Lane
Spangle, WA 99031
(509) 245-3522
Mary@MSchultz.com

2.99     Defendant State provided Rodriguez notice of that no-referral status, an opportunity to be heard, and an opportunity to correct the issue, but it provided no such notice or opportunity to Gardner.

2.100     By June 22, 2018, Defendant State was receiving referrals that seemed to be coming from inside WRN. Defendant State noted concerns of the referrant (or of Defendant State itself) that WRN staff did not meet licensure requirements before starting work, of lack of transparency at the facility, and of the reporter's "additional concerns of residents watching pornography, engaging in self-harming behaviors, (and) lack of privacy."

2.101     The referral told that State that WRN staff member Erica Dominguez, Rodriguez's niece, was working at the facility and said that Dominguez was not licensed as a CNA.

2.102     Defendant State was told "This facility really needs to be checked out. There's a lot of thing happening in there that people would be there daily just to see how management covers things up with paper trails and writing staff up and telling them to lie for them. There's even been incidents where (Erica Dominguez) goes in and checks under nurse's charting for things that

PLAINTIFF PENNY GARDNER(*fka* RODRIGUEZ)'S *FIRST AMENDED* COMPLAINT FOR DAMAGES
Page 31 of 63

*M*ARY
*S*CHULTZ
*L*AW. P.S.

2111 E. Red Barn Lane
Spangle, WA 99031
(509) 245-3522
Mary@MSchultz.com

aren't even happening. And she goes in with a code and whatever. Its just such a horrible place for these kids to be. They really need to be put in a better situation." *See* June 22, 2018 intake.

2.103    By July 2018, Defendant State's CPS agency was now routinely involved with Rodriguez in his administration of WRN because of abuse and neglect referrals, now including referrals made by DCYF's own investigator.

2.104    Defendant State knew that Rodriguez would continue to leave the State and travel to Arizona, leaving staff improperly supervised.

2.105    Defendant State knew that Rodriguez was not insured, not properly staffing WRN, and was not properly supervising relatives he employed, and used as affiants in his dissolution case, such as Dominguez, Maria Orozco (who was neither a CNA nor an RN), and Jayme Walter (a CNA), many of whom were unqualified for the positions they were having to fill at WRN.

2.106    Substantial evidence was available to the Defendant State in an open court file in Stevens County, Washington where it was evidenced that Rodriguez was using state managed care health revenue to share with his relatives and friends, giving them business credit cards, doubling their salaries,

PLAINTIFF PENNY GARDNER(*fka* RODRIGUEZ)'S *FIRST AMENDED* COMPLAINT FOR DAMAGES
Page 32 of 63

MARY SCHULTZ LAW. P.S.

2111 E. Red Barn Lane
Spangle, WA 99031
(509) 245-3522
Mary@MSchultz.com

and traveling throughout the country, sometimes with them, paying for their travel, their rent, and his own lifestyle away from Spokane.

2.107    Defendant State provided notice to Rodriguez of all of these issues, and an opportunity to be heard and correct the issues, but it provided Gardner no such notice or benefit.

2.108    On July 3, 2018, Defendant Rodriguez agreed to "remove" his niece Erica Dominguez from her role as WRN's pediatric facility manager, but she remained a part of the WRN business, and remained on its grounds.

2.109    Defendant State knew that Defendant Rodriguez was misrepresenting critical information to the State, and trying to keep information on the downlow from the Department," as well as from Gardner and any court.

2.110    Defendant State knew that Defendant Rodriguez gave unqualified employees access to edit WRN medical records knowing that those individuals were not nurses; that Defendant Rodriguez was directing unqualified staff to alter and change nursing reports in the facility files; and that Defendant Rodriguez deleted information on the business records, and changed information without any nurse's knowledge.

PLAINTIFF PENNY GARDNER(*fka* RODRIGUEZ)'S *FIRST AMENDED* COMPLAINT FOR DAMAGES
Page 33 of 63

*M*ARY
*S*CHULTZ
*L*AW. P.S.

2111 E. Red Barn Lane
Spangle, WA 99031
(509) 245-3522
Mary@MSchultz.com

2.111     Commencing as far back as July 2017, Defendant State had begun investigating its concerns regarding WRN staff failing to timely document and administer medications to WRN's children.

2.112     Defendant State continually provided notice to Rodriguez of all of these issues, and an opportunity to be heard and correct the issues, but it provided Gardner no such notice or benefit.

2.113     Defendant State knew that a WRN child was diagnosed with second-degree burns at a hospital Emergency Room, which resulted in five valid CPS findings against WRN, and that reasons given by WRN staff were conflicting.

2.114     Defendant State knew of multiple abuse referrals to CPS in the months and weeks preceding what would become Defendant State's suspension of WRN's license on July 2, 2019, including:

2.114.1     On May 31, 2019, a CPS intake resulted in Defendant State making eight founded findings of abuse and neglect.

2.114.2     On June 11, 2019, another CPS intake resulted in four valid findings.

PLAINTIFF PENNY GARDNER(*fka* RODRIGUEZ)'S *FIRST AMENDED* COMPLAINT FOR DAMAGES
Page 34 of 63

2111 E. Red Barn Lane
Spangle, WA 99031
(509) 245-3522
Mary@MSchultz.com

2.114.3    Another CPS intake on June 24, 2019, resulted in another four valid CPS findings.

2.114.4    On July 2, 2019, another CPS intake was received resulting in another valid finding.

2.115 Defendant State provided notice to Rodriguez of all of these referrals, and an opportunity to be heard and correct the issues, but it provided Gardner no such notice or benefit.

2.116    On June 22, 2019, Defendant Rodriguez now insured Weeping Ridge North LLC through "Kinsale" insurance company on a "claims made and reported" policy; thus, from March 2, 2018 through July 2, 2019, Defendant State knew that Rodriguez had failed to insure the WRN facility and failed to insure its nurses and providers who were providing medical care.

**G. <u>Washington State suspends WRN's license, without Gardner having had any notice, opportunity to be heard, or opportunity to correct, and deprived her of information even by which she might effectively appeal that suspension.</u>**

2.117    On July 2, 2019, Defendant State suspended WRN's license.

PLAINTIFF PENNY GARDNER(*fka* RODRIGUEZ)'S *FIRST AMENDED* COMPLAINT FOR DAMAGES
Page 35 of 63

*M*ARY
*S*CHULTZ
*L*AW. P.S.

2111 E. Red Barn Lane
Spangle, WA 99031
(509) 245-3522
Mary@MSchultz.com

2.118    On July 2, 2019, Defendant State gave Rodriguez notice of the suspension.

2.119    On July 3, 2019, Defendant State gave WRN children residents' parents notice that WRN's license was suspended and the children were being removed from WRN.

2.120    Defendant State gave Gardner no notice of the suspension.

2.121    Defendant State thereby denied Gardner any meaningful opportunity even to ability to appeal that license suspension, because she had no knowledge of what had gone on between Defendant State and Rodriguez for the past two years, as did Rodriguez.

2.122    Defendant State knew that Gardner was an equal WRN owner, a joint applicant on the license issued in October 18, 2017, and it intentionally excluded her from any meaningful opportunity to challenge the suspension.

2.123    Defendant State denied Gardner all information about what Defendant State and Rodriguez had done or were doing, while giving that information and those warnings to Rodriguez throughout.

PLAINTIFF PENNY GARDNER(*fka* RODRIGUEZ)'S *FIRST AMENDED* COMPLAINT FOR DAMAGES
Page 36 of 63

2111 E. Red Barn Lane
Spangle, WA 99031
(509) 245-3522
Mary@MSchultz.com

2.124    At all times throughout, Defendant State knew that a court order required Rodriguez to account for his administration of this facility, to retain insurance, and to maintain professional licenses, and Defendant State knew that Rodriguez was violating that order, and it failed to notify Gardner or the Stevens County Court.

2.125    At all times throughout, Defendant State had the independent duty to ensure that WRN licensing and insurance requirements were maintained, that a proper clinical director was in place, that registered nurses were on the property at all times, and to ensure that proper medical care was being performed, and it failed in all such duties as well, and failed to give Gardner notice and any opportunity to be heard and correct.

2.126    Defendant State knew that Rodriguez was not transparent, which was another risk to WRN's license, but it failed to notify Gardner of this risk as well. Defendant's DCYF investigator would testify in the Stevens County Court: "There were things that could have occurred if Mr. Rodriguez was open, up front, and transparent with the Department … but that didn't occur."

PLAINTIFF PENNY GARDNER(*fka* RODRIGUEZ)'S *FIRST AMENDED* COMPLAINT FOR DAMAGES
Page 37 of 63

MARY SCHULTZ LAW. P.S.

2111 E. Red Barn Lane
Spangle, WA 99031
(509) 245-3522
Mary@MSchultz.com

Defendant State gave Gardner no notice of this impression that had formed prior to its suspension of WRN's license.

2.127    On July 3, 2019, Gardner received notice of WRN's license suspension from Rodriguez's dissolution counsel, not from Defendant State.

2.128    Gardner would thereafter read about herself and her WRN in the news. In a Spokesman-Review article updated on July 15, 2019, Penny Gardner read that "DCYF confirmed that Weeping Ridge North had its license suspended on Monday…"[1]

2.129    Gardner read how "DCYF coordinated with other partner agencies and Washington Apple Health to relocate the children or youth to safe and appropriate placement options."

2.130    Defendants' combined actions denying Gardner all pre-suspension notice of the ongoing failures that could and would result in

_____

[1] https://www.spokesman.com/stories/2019/jul/13/state-suspends-license-of-long-term-care-home-for-/

PLAINTIFF PENNY GARDNER(*fka* RODRIGUEZ)'S *FIRST AMENDED* COMPLAINT FOR DAMAGES
Page 38 of 63



2111 E. Red Barn Lane
Spangle, WA 99031
(509) 245-3522
Mary@MSchultz.com

termination of WRN's license and all state contracts thereby destroyed the WRN business.

2.131    Defendant State did not give Gardner notice of what had happened to create the risk to her facility license until June 2020, nearly a year after the license suspension, when she was provided a copy of the Defendant State's June 25, 2020 revocation of WRN's license.

2.132    Defendant State revoked WRN's license permanently on June 25, 2020, without having given Gardner any pre-revocation notice, opportunity to be heard, or opportunity to correct.

2.133    Gardner would not discover the extent of the Defendant State's collaboration with Rodriguez to give him exclusive notice after notice and opportunity after opportunity to be heard and correct failures leading to a license suspension until March 2021, when Defendant State's DCYF investigator Trixie Yotsuda was subpoenaed by Gardner to testify at Gardner's dissolution trial.

2.134    By March 2021, Defendant State's witness Trixie Yotsuda testified to Defendant State's having given Rodriguez notice of, opportunity to be heard on, and opportunity to correct, some forty-plus abuse and

PLAINTIFF PENNY GARDNER(*fka* RODRIGUEZ)'S *FIRST AMENDED* COMPLAINT FOR DAMAGES
Page 39 of 63

*M*ARY
*S*CHULTZ
*L*AW. P.S.

2111 E. Red Barn Lane
Spangle, WA 99031
(509) 245-3522
Mary@MSchultz.com

noncompliance referrals against WRN for his administration of WRN, repeatedly allowing Rodriguez to be heard and to correct the inadequacies, until Defendant State suspended the license.

2.135    By March 2021, Defendant State's witness Trixie Yotsuda confirmed by testimony that Defendant State had given Gardner no notice of its referrals against WRN, its investigations or its findings on those some forty-plus abuse and noncompliance claims against WRN for Rodriguez's administration of WRN, thereby confirming that the Defendant State gave Gardner no notice, no opportunity to be heard and no ability to correct the inadequacies before Defendant State suspended the license.

2.136    In March 2021, Gardner was sued as a defendant in a wrongful death lawsuit brought by the Estate of Jorge Castro for Rodriguez's claimed medical negligence related to Jorge's death in March 2018, with the child's estate claiming a variety of "below the standard of care" medical and administrative failures at WRN.

2.137    Gardner had no knowledge of this child's death until she was served with the lawsuit.

PLAINTIFF PENNY GARDNER(*fka* RODRIGUEZ)'S *FIRST AMENDED* COMPLAINT FOR DAMAGES
Page 40 of 63

MARY SCHULTZ LAW. P.S.

2111 E. Red Barn Lane
Spangle, WA 99031
(509) 245-3522
Mary@MSchultz.com

2.138    As indicated above, Defendant State had provided Gardner no notice of this event, no allowing her an opportunity to look into this event and, as only one example, no ability to ensure that insurance coverage was available and report the potential claim to whatever entity may have an open "claims reported" period.

2.139    In March 2021, a federal action was filed by Kinsale Insurance Company against Gardner, and Gardner now learned that Defendant Rodriguez had failed to insure WRN itself from loss and from liability attendant to his administration or WRN's care, thereby violating licensing requirements, and the State court's temporary order.

2.140    As indicated above, Defendant State had provided Gardner no notice that Rodriguez was operating without insurance, giving her an opportunity to be heard and to correct this status.

2.141    Defendant State intentionally failed to inform Plaintiff Gardner of any of the actions, failures to act, failure of criteria, and events leading up to its intended suspension of WRN's operating license by July 2, 2019 per RCW 74.15.130 while giving only her male business partner those rights.

PLAINTIFF PENNY GARDNER(*fka* RODRIGUEZ)'S *FIRST AMENDED* COMPLAINT FOR DAMAGES
Page 41 of 63

*M*ARY
*S*CHULTZ
*L*AW. P.S.

2111 E. Red Barn Lane
Spangle, WA 99031
(509) 245-3522
Mary@MSchultz.com

2.142    Defendant State failed to inform Gardner of the actual suspension, what had caused that suspension, or of her right to appeal that suspension, which prevented any meaningful appeal, while giving her male business partner all such benefits and rights.

## H. Defendant Washington State continued to treat Gardner less favorably that Rodriguez, even negotiating with Rodriguez to suspend Gardner's licensing rights without her knowledge.

2.143    Defendant State replaced Gardner's WRN facility in Spokane in June 2021, licensing a Seattle area provider, Ashley House, to care for this area's medically fragile children.

2.144    The local media, "The Spokesman Review," announced the opening of the facility in an article dated June 14, 2021, also writing, "The last medically fragile group home that served children and teens 18 years old and younger in the Spokane area closed in 2019 after it lost its license from the state."

2.145    Defendant State agrees to assist Rodriguez in damaging Gardner and enhancing his sole interests, including, in August and September 2021, signing a contract, without notice to Gardner, whereby Defendant State and

PLAINTIFF PENNY GARDNER(*fka* RODRIGUEZ)'S *FIRST AMENDED* COMPLAINT FOR DAMAGES
Page 42 of 63

MARY SCHULTZ LAW. P.S.

2111 E. Red Barn Lane
Spangle, WA 99031
(509) 245-3522
Mary@MSchultz.com

Defendant Rodriguez relinquished WRN's operation and license entirely without Gardner's agreement.

2.146    Defendant State agreed with Rodriguez to also forfeit *Gardner's* individual present and future licensing rights, without her agreement, agreeing between themselves that Gardner would "not …seek any licensing, including but not limited to, foster care licensing, from the Licensing Division of DCYF."

2.147    Both Defendants signed this agreement as an agreement without Gardner's notice or approval.

2.148    This agreement yet again deprived Gardner of due process, whereby the State removed her licensing rights and future licensing rights without any notice to her of its intent to do so, without any opportunity to be heard or to correct what was going on between Defendant State and Rodriguez.

2.149    This agreement violated a Stevens County court order that required that any such agreement between Defendants Rodriguez and State "shall be subject to this Court's approval in accordance with RCW 7.60.190(6)(c)."

PLAINTIFF PENNY GARDNER(*fka* RODRIGUEZ)'S *FIRST AMENDED* COMPLAINT FOR DAMAGES
Page 43 of 63

MARY
SCHULTZ
LAW. P.S.

2111 E. Red Barn Lane
Spangle, WA 99031
(509) 245-3522
Mary@MSchultz.com

2.150    The dissolution court receiver brought the State's agreement to the Stevens County Court, but the receiver withdrew his motion to have the Stevens County Superior Court approve it when Gardner saw it for the first time and objected on grounds that it violated her process rights.

2.151    Defendants then jointly signed another such agreement again forfeiting Gardner's rights, again without her knowledge or approval, which the Stevens County Court then formally rejected because it was another agreement that impacted Gardner's rights.

2.152    On information and belief, Defendants signed yet another agreement, with that date remaining unknown and withheld by the Defendant State from Gardner, and without presenting that agreement publicly to the Stevens County Court so Gardner could see it.

2.153    It is unknown what agreements Defendants have made as to Gardner's interests and rights, because both are withholding that evidence from her.

2.154    It is believed that the Defendant State is enhancing Rodriguez's income by transferring state work to his now owned vulnerable adult care

*M*ARY
*S*CHULTZ
*L*AW. P.S.

2111 E. Red Barn Lane
Spangle, WA 99031
(509) 245-3522
Mary@MSchultz.com

facilities in Othello and Spokane, thereby placing those vulnerable adults at risk, but neither Defendant has revealed to Gardner or the Stevens County Court when, or if, that happened.

2.155    It is believed that Defendant State continues to be involved with, and funding, Defendant Rodriguez, now monitoring him through the Defendant State's Adult Protective Services.

2.156    Defendants worked together to cause Gardner substantial financial damage.

WHEREFORE, having stated the above, and incorporating all above stated facts herein, Plaintiff Gardner claims as follows against Defendants state of Washington and Israel Rodriguez:

## III.    CAUSES OF ACTION AGAINST THE STATE OF WASHINGTON.

3.1    Defendant State of Washington, by and through its agencies, since May 7, 2019, intentionally failed to give license holder and facility owner Penny Gardner notice reasonably calculated to inform her of the impending suspension of WRN's license and an opportunity to be heard and to correct

PLAINTIFF PENNY GARDNER(*fka* RODRIGUEZ)'S *FIRST AMENDED* COMPLAINT FOR DAMAGES
Page 45 of 63

*M*ARY
*S*CHULTZ
*L*AW. P.S.

2111 E. Red Barn Lane
Spangle, WA 99031
(509) 245-3522
Mary@MSchultz.com

*before* the State suspended her WRN license. [2]

3.2     Defendant State of Washington, by and through its agencies, since May 7, 2019, intentionally failed to give license holder and facility owner Penny Gardner notice reasonably calculated to inform her of the *in-fact suspension* that occurred on July 2, 2019, and the reasons therefore, intending to deny her a meaningful opportunity to be heard on any appeal even *after* the suspension.

3.3     Defendant State of Washington, by and through its agencies, since May 7, 2019, intentionally failed to give license holder and facility owner Penny Gardner notice reasonably calculated to inform her of the intended revocation of WRN's license, and the reasons therefore leading to that revocation, *before* that revocation on June 25, 2020, intending to deny her a

---

[2]   *See, e.g.*, *Paul v. Davis*, 424 U.S. 693, 708 (1976)*; Boddie v. Connecticut*, 401 U.S. 371, 379 (1971); *Goldberg v. Kelly*, 397 U.S. 254 (1970); *Opp Cotton Mills v. Administrator*, 312 U.S. 126, 152-153 (1941); *Sniadach v. Family Finance Corp.,* 395 U.S. 337 (1969); *Bell v. Burson,* 402 U.S. 535, 542 (1971); and see *Bd. of Regents of State Colleges v. Roth*, 408 U.S. 564, 569–70 (1972) (quoting *Bodie*, 401 U.S. at 379).

PLAINTIFF PENNY GARDNER(*fka* RODRIGUEZ)'S *FIRST AMENDED* COMPLAINT FOR DAMAGES
Page 46 of 63

MARY SCHULTZ LAW. P.S.

2111 E. Red Barn Lane
Spangle, WA 99031
(509) 245-3522
Mary@MSchultz.com

meaningful opportunity to be heard and to respond before that revocation.

3.4    Defendant State of Washington, by and through its agencies, since May 7, 2019, intentionally failed to give license holder and facility owner Penny Gardner notice reasonably calculated to inform her of the reasons leading to the June 25, 2020 revocation, thereby intending to deny her a meaningful opportunity to be heard on any appeal even after the revocation.

3.5    Following the Defendant State's revocation of the WRN license, Defendant State, in September 2021 through 2022, deprived Gardner of her rights in WRN and her licensing rights by signing a contract with Rodriguez to forfeit WRN's rights and Gardner's own future licensing rights, without according her notice or opportunity to be heard before, at the time or, and after, that agreement.

3.6    Defendant State's actions violated Gardner's state and federal due process rights in violation of 42 U.S.C. § 1983, 42 U.S.C. § 1985 (3), and 42 U.S.C. § 1986, and the State continues to violate her rights through its colluding with Rodriguez to revoke her rights by a signed agreement to which she was not even a party, and has still not been provided.

PLAINTIFF PENNY GARDNER(*fka* RODRIGUEZ)'S *FIRST AMENDED* COMPLAINT FOR DAMAGES
Page 47 of 63

*M*ARY
*S*CHULTZ
*L*AW. P.S.

2111 E. Red Barn Lane
Spangle, WA 99031
(509) 245-3522
Mary@MSchultz.com

3.7     For and including the same reasons, Defendant State violated Gardner's federal constitutional guarantees of equal protection of the laws and prohibitions against special privileges and immunities, and is continuing to do so, by treating Gardner less favorably than her male business partner, when Gardner was known to Defendant State to be an equal but excluded owner of WRN and a joint license applicant and licensee. See U.S. Const. amend. XIV, Wash. Const. art. I, § 12.

3.8     RCW 74.15.130 allows the Defendant State to suspend a license issued pursuant to chapter 74.15 RCW upon proof of certain criteria, including failures of an agency to comply with the provisions or requirements of chapter 74.15 RCW and RCW 74.13.031 or "(b) that the conditions required for the issuance of a license under chapter 74.15 RCW and RCW 74.13.031 have ceased to exist with respect to such licenses."

3.9     The license, once granted, then continues, whether a right or a privilege, unless certain criteria are not satisfied.

3.10     Defendant State gave Defendant Israel Rodriguez the requisite and recurring notice of its intention to suspend WRN's license from May 4, 2017

PLAINTIFF PENNY GARDNER(*fka* RODRIGUEZ)'S *FIRST AMENDED* COMPLAINT FOR DAMAGES
Page 48 of 63

*M*ARY
*S*CHULTZ
*L*AW. P.S.

2111 E. Red Barn Lane
Spangle, WA 99031
(509) 245-3522
Mary@MSchultz.com

through July 2, 2019, gave him multiple opportunities to be heard on each threat to that license, and gave him multiple opportunities to correct the deficiencies leading to any suspension *before* the suspension and damage to WRN.

3.11    Defendant State gave Plaintiff Penny Gardner **no** similar notice of its intention to suspend WRN's license from May 4, 2017 through July 2, 2019, no opportunity to be heard on each threat to that license, and no opportunity to correct the deficiencies leading to any suspension *before* the suspension and damage to WRN.

3.12    Defendant State was aware that, given all of the known circumstances of Gardner's exclusion from all information, Gardner would not receive notice and any opportunity to correct, without the State giving her that notice, and it intentionally chose to deny her any and all reasonable notice and opportunity to be heard and to correct.

3.13    Defendant State was obligated to provide Gardner with the same notice and opportunity to respond as it accorded her male business partner under the circumstances known to the State at that time to ensure meaningful notice to her, and it intentionally chose to deny her that notice and those opportunities.

PLAINTIFF PENNY GARDNER(*fka* RODRIGUEZ)'S *FIRST AMENDED* COMPLAINT FOR DAMAGES
Page 49 of 63

*M*ARY
*S*CHULTZ
*L*AW. P.S.

2111 E. Red Barn Lane
Spangle, WA 99031
(509) 245-3522
Mary@MSchultz.com

3.14    Defendant State deprived Gardner of WRN's license by so doing.

3.15    After suspending the license, Defendant State continued to provide notice and opportunity to respond to Rodriguez so that Rodriguez could engage in a meaningful *post suspension* appeal.

3.16    After suspending the license, Defendant State continued to deny notice and opportunity to respond to Gardner to prevent her from engaging in a meaningful post suspension appeal.

3.17    After suspending the license, Defendant State continued to provide notice and opportunity to respond to Rodriguez so that Rodriguez could engage in a meaningful *pre-revocation* process.

3.18    After suspending the license, Defendant State continued to deny notice and opportunity to respond to Gardner to prevent her from engaging in a meaningful post-revocation appeal.

3.19    RCW 43.20A.205 (1) governs "notice" of a license suspension that has already happened, stating that "The department shall give written notice of revocation, suspension, or modification of a license to the licensee or his or

PLAINTIFF PENNY GARDNER(*fka* RODRIGUEZ)'S *FIRST AMENDED* COMPLAINT FOR DAMAGES
Page 50 of 63

MARY SCHULTZ LAW. P.S.

2111 E. Red Barn Lane
Spangle, WA 99031
(509) 245-3522
Mary@MSchultz.com

her agent;" however, Defendant State knew that both it and Rodriguez were actively and jointly excluding Gardner from information and opportunity to correct.

3.20     Defendant State's use of a notice statute was in bad faith, and knowingly designed to continue to treat Gardner disparately, and deny her the notice to which she was entitled, and an opportunity to be heard and to respond to protect her interests.

3.21      Defendant State's actions have continued to violate Gardner's rights, causing her damage.[3]

3.22     Defendant State of Washington also tortiously interfered with Gardner's contractual rights and business expectancies, and is continuing to do so.

_____

[3]   *See In re Est. of Hayes*, 185 Wn. App. 567, 603 (2015) (The federal and Washington State constitution contain identical clauses prohibiting the state from depriving any person of life, liberty, or property, without due process of law. U.S. Const. amend. XIV; Const. art. I, § 3). These clauses provide coextensive protections. *State v. Jordan*, 180 Wn.2d 456, 462 (2014).

PLAINTIFF PENNY GARDNER(*fka* RODRIGUEZ)'S *FIRST AMENDED* COMPLAINT FOR DAMAGES
Page 51 of 63

MARY SCHULTZ LAW, P.S.

2111 E. Red Barn Lane
Spangle, WA 99031
(509) 245-3522
Mary@MSchultz.com

3.23     Defendant State of Washington (1) was and is aware of the existence of a valid business expectancy on the part of Gardner with such agencies; (2) had knowledge of her expectancy; (3) intentionally interfered with that expectancy, inducing or causing the termination of the expectancy; (4) did so by the use of improper means; and (5) caused resultant damage.

3.24     All damages thus arising to Gardner's property interests since May 7, 2017 should be recoverable to her, including continuing damages.

3.25     Because of the foregoing Defendant State's violation of Gardner's constitutional rights and its interference with her contractual rights, Gardner has suffered irreparable economic, property and reputational injury and damages, including:

3.25.1     The improper alteration in some form of her WRN license in October 2017, without valid authority;

3.25.2     The loss of the $7 million value of the WRN business;

3.25.3     The loss of the $126,000 a month discretionary income from that facility, which loss will continue indefinitely, that is, past, present, and future;

PLAINTIFF PENNY GARDNER(*fka* RODRIGUEZ)'S *FIRST AMENDED* COMPLAINT FOR DAMAGES
Page 52 of 63

MARY SCHULTZ LAW. P.S.

2111 E. Red Barn Lane
Spangle, WA 99031
(509) 245-3522
Mary@MSchultz.com

3.25.4    Damage to her professional and medical reputation in the field of pediatric critical care, including a stigma more substantial than loss of money, meaning that Gardner cannot go out and recreate another business and/or regenerate contracts with the State of Washington in a similar field;

3.25.5    Liability exposure to the Plaintiff Estate of Jorge Castro Jimenez and his beneficiaries; and,

3.25.6    The expenditure of substantial attorney fees and costs to defend herself, and to unearth what happened between the Defendant State and Israel Rodriguez.

3.26    Joint and several liability with Defendant Rodriguez should be imposed.

## IV.    CAUSES OF ACTION-ISRAEL RODRIGUEZ.

### A.    Breach of Fiduciary Duty/ Unjust Enrichment/Constructive Fraud.

4.1    Defendant Israel Rodriguez's actions as detailed above were, and remain, a breach of his fiduciary duty owed to Plaintiff Penny Gardner.

4.2    Regardless of any marital status, Defendant Rodriguez's actions as detailed above constitute unjust enrichment of himself at the expense of WRN

MARY SCHULTZ LAW. P.S.

2111 E. Red Barn Lane
Spangle, WA 99031
(509) 245-3522
Mary@MSchultz.com

and Gardner as his business partner.

4.3     Rodriguez's intent was to abandon WRN and move state contracts to adult care businesses that he intended to be awarded at trial.

4.4     Rodriguez intended to abandon WRN because he was unqualified to operate it from the outset, unable to hire competent staff and a proper clinical director, and unable to manage its complex needs without competent registered nurses.

4.5     Rodriguez's actions in excluding Gardner to usurp control of WRN to use its revenue violated his duties to the partnership, and caused harm to the partnership, per RCW 25.05.160, .165(3), .165(4) and .170.

4.6     As administering partner, Rodriguez was required to provide Gardner information concerning the partnership businesses and affairs that would have been reasonably required for Penny Gardner to properly exercise her rights under the partnership provisions of RCW 25.05. RCW 25.05.160(3)(a), and he failed to do so.

4.7     Rodriguez was required to disclose WRN's inadequate staffing, his inability to retain staff, and his failure to continue insurance in effect for WRN

PLAINTIFF PENNY GARDNER(*fka* RODRIGUEZ)'S *FIRST AMENDED* COMPLAINT FOR DAMAGES
Page 54 of 63

*M*ARY
*S*CHULTZ
*L*AW. P.S.

2111 E. Red Barn Lane
Spangle, WA 99031
(509) 245-3522
Mary@MSchultz.com

and for the nurses and providers he hired, and he failed to do so.

      4.8      Rodriguez was required to disclose that he sought to alter WRN's license status, lapsed the insurance of WRN for loss and for liability purposes in violation of court order and of fiduciary duty, and that he was experiencing multiple referrals against WRN for abuse and neglect at the facility, undergoing state investigations, and had a death in the facility that was subject to investigation, and failed to do so.

      4.9      Rodriguez was required to report the death of Jorge Castro Jiminez to an insurer during an active policy, and failed to do so, in violation of his fiduciary duty.

      4.10     For and including the same, Rodriguez breached his partnership duties and violated Penny Gardner's partnership rights under RCW 25.05.160.

      4.11     For and including the same, Rodriguez also breached his duty of loyalty to the partnership and to Gardner, including by violating his duty of care to the partnership in the conduct of partnership business, including engaging in grossly negligent or reckless conduct, intentional misconduct, and/or engaging in a knowing violation of the law. *See* RCW 25.05.165(3).

PLAINTIFF PENNY GARDNER(*fka* RODRIGUEZ)'S *FIRST AMENDED* COMPLAINT FOR DAMAGES
Page 55 of 63

MARY
SCHULTZ
LAW. P.S.

2111 E. Red Barn Lane
Spangle, WA 99031
(509) 245-3522
Mary@MSchultz.com

4.12    For and including the same, Rodriguez violated his obligation of good faith and fair dealing as a partner under RCW 25.05.165(4).

4.13    Rodriguez unjustly enriched himself by taking funds from the business for his own personal benefit in an approximate amount of up to $825,000 between May 4, 2017 and July 2019, in addition to an amount of $20,000 a month, the latter of which was agreed to.

4.14    Israel Rodriguez's breach of fiduciary duty rises to constructive fraud.

4.14.1    As a partner, Rodriguez stood in a fiduciary relationship to Penny Gardner, and had an obligation to act in the utmost good faith.[4]

4.14.2    Rodriguez was required to account to the partnership and hold it as trustee, and did not do so to cover wrongdoings and risks his management was creating.

4.14.3    Rodriguez intentionally abandoned and/or mismanaged

---

[4]    *See Green v. McAllister*, 103 Wn. App. 452 (2005).

PLAINTIFF PENNY GARDNER(*fka* RODRIGUEZ)'S *FIRST AMENDED* COMPLAINT FOR DAMAGES
Page 56 of 63

MARY SCHULTZ LAW. P.S.

2111 E. Red Barn Lane
Spangle, WA 99031
(509) 245-3522
Mary@MSchultz.com

the WRN business, and failed to tell his partner of either.

4.14.4    Rodriguez had a duty to insure the facility and its nursing staff, failed to do so, and engaged in constructive fraud by the concealment of such.

4.14.5    Rodriguez had a fiduciary duty to place qualified medical personnel at the WRN facility, and to supervise and monitor the medical care of the patients, he breached that duty, and engaged in constructive fraud by the concealment of such.

4.15    Rodriguez's supervision and administration of the facility, according to the State of Washington, resulted in child abuse at the parties' facility, including bruising, fractures, burns, and unprescribed drug administration, which Rodriguez failed to report, and engaged in constructive fraud by the concealment of such.

4.16    Rodriguez sought to cover up abuses by altering records, and directed unqualified employees to alter records.

4.17    Rodriguez's actions constitute breach rising to constructive fraud.

4.18    Rodriguez's actions were not honest mistakes, but an interested,

PLAINTIFF PENNY GARDNER(*fka* RODRIGUEZ)'S *FIRST AMENDED* COMPLAINT FOR DAMAGES
Page 57 of 63

MARY SCHULTZ LAW. P.S.

2111 E. Red Barn Lane
Spangle, WA 99031
(509) 245-3522
Mary@MSchultz.com

self-serving, and/or sinister motive.

4.19    Rodriguez engaged in wrongful acts causing a loss of profits to the business.

4.20    Joint and several liability with the Defendant State should be imposed for all lost profits, past, present and future.

4.21    Rodriguez should be required to pay prejudgment interest.

**B.    Interference with business expectancy.**

4.22    Rodriguez intentionally, recklessly and/or negligently interfered with Gardner's business expectancies.

4.23    Valid contractual relationships existed between agencies in the Defendant State, and Gardner's business, Weeping Ridge North, LLC.

4.24    Rodriguez had knowledge of these relationships and these expectancies.

4.25    Rodriguez intentionally interfered with, induced, or caused a breach or termination of those agreements by the State.

4.26    Rodriguez caused the cessation and/or termination of those State contracts, damages to the business's reputation, damage to Gardner's reputation,

PLAINTIFF PENNY GARDNER(*fka* RODRIGUEZ)'S *FIRST AMENDED* COMPLAINT FOR DAMAGES
Page 58 of 63

*M*ARY
*S*CHULTZ
*L*AW. P.S.

2111 E. Red Barn Lane
Spangle, WA 99031
(509) 245-3522
Mary@MSchultz.com

damage to the business's income (that is, decreased income), diminished value, and reduction of the business's good will.

4.27    Rodriguez has further caused Penny Gardner mental distress, discomfort, inconvenience, injury to reputation, humiliation, and consequential damages.

4.28    Joint and several liability with the Defendant State should be imposed for all such damages.

**C.    Negligent misrepresentations/omissions of material fact.**

4.29    Rodriguez negligently supplied false information to Gardner which prevented her from making proper and preventive business decisions.

4.30    Gardner justifiably relied on that false information, including material omissions, because she had no choice under court order, and no information to the contrary.

4.31    The false information Defendant provided was the proximate cause of her claimed damages.

**D.    Fraud.**

4.32    Rodriguez's actions as to Gardner in administering Weeping

PLAINTIFF PENNY GARDNER(*fka* RODRIGUEZ)'S *FIRST AMENDED* COMPLAINT FOR DAMAGES
Page 59 of 63

MARY
SCHULTZ
LAW. P.S.

2111 E. Red Barn Lane
Spangle, WA 99031
(509) 245-3522
Mary@MSchultz.com

Ridge North, LLC were fraudulent.

4.33    Omission of material facts can be fraud just as are affirmative statements.

4.34    Rodriguez made representations of existing facts, and engaged in omission of material facts, which constituted fraud.

4.35    Rodriguez failed to tell Gardner or the Stevens County Court that he had attempted to alter the license of Weeping Ridge North, that multiple abuse referrals had been made, that a death occurred, that "no referral" status was imposed on WRN, and that WRN was repeatedly under State CPS investigation.

4.36    Rodriguez failed to disclose that he had failed to insure the business for loss and for liability, in violation of a court order and in violation of his fiduciary duty.

4.37    Rodriguez knew that Gardner was forced to rely upon the truth of his positive representations in his role as chief administrator, and would not be aware of his omissions.

4.38    Rodriguez knew that what he was saying about his beneficial administration was false, and he knew his omissions of fact were material.

PLAINTIFF PENNY GARDNER(*fka* RODRIGUEZ)'S *FIRST AMENDED* COMPLAINT FOR DAMAGES
Page 60 of 63

*M*ARY
*S*CHULTZ
*L*AW. P.S.

2111 E. Red Barn Lane
Spangle, WA 99031
(509) 245-3522
Mary@MSchultz.com

4.39    Rodriguez intended Gardner and the Stevens County Court to rely on his assertions and omissions.

4.40    Neither Gardner nor the Court knew that the facts asserted by Rodriguez were false.

4.41    As a result of the forced reliance position in which Gardner was placed, Gardner suffered damage.

**E.    Intentional infliction of emotional distress.**

4.42    While acting as sole administrator, Rodriguez intentionally failed to give Gardner notice of any of the above actions undertaken within the business.

4.43    Rodriguez's failure to give Gardner notice of state referrals and investigations, and the potential of adverse action, was designed to cause Gardner financial damage and severe emotional distress.

4.44    Rodriguez's actions did cause substantial damage to Gardner in the loss of the business license, patients, and contracts with the State, and caused Gardner severe emotional distress.

**F.    Outrage.**

4.45    Rodriguez's actions as detailed above constitute the tort of

PLAINTIFF PENNY GARDNER(*fka* RODRIGUEZ)'S *FIRST AMENDED* COMPLAINT FOR DAMAGES
Page 61 of 63

MARY
SCHULTZ
LAW. P.S.

2111 E. Red Barn Lane
Spangle, WA 99031
(509) 245-3522
Mary@MSchultz.com

outrage.

4.46    Rodriguez engaged in extreme and outrageous conduct, and thereby intentionally and recklessly inflicted emotional distress on Gardner.

4.47    Gardner suffered severe emotional distress as a result of Israel Rodriguez's actions.

**G.    Negligent infliction of emotional distress.**

4.48    Alternatively, if Rodriguez's actions were not implicitly and explicitly intentional, then they were negligent in causing Gardner emotional distress for the same reasons therefor.

## V.    DEMAND/REQUEST FOR RELIEF.

WHEREFORE, having stated the above causes of action, Plaintiff Penny Gardner requests the following judgments, jointly and severally, against Defendant Israel Rodriguez and Defendant State of Washington:

5.1    Judgment for any and all damages caused Penny Gardner by Israel Rodriguez as a result of the above;

5.2    Judgment for any and all damages caused Penny Gardner by the State of Washington as a result of the above;

PLAINTIFF PENNY GARDNER(*fka* RODRIGUEZ)'S *FIRST AMENDED* COMPLAINT FOR DAMAGES
Page 62 of 63

*M*ARY
*S*CHULTZ
*L*AW. P.S.

2111 E. Red Barn Lane
Spangle, WA 99031
(509) 245-3522
Mary@MSchultz.com

5.3     Judgment for prejudgment interest;

5.4     Judgment for all attorney fees and costs incurred in the presentation and prosecution of these claims as allowed by law or equity, including by 42 U.S.C. 1988; and,

5.5     Judgment for any and all further relief as allowed by law.

## VI.     CLAIM AGAINST OTHER INVOLVED ENTITIES.

6.1     Penny Gardner reserves the right to add claims against other involved affiliates and parties, and/or withdraw claims, depending on the discovery developed.

DATED this 26th day of August, 2022.

MARY SCHULTZ LAW, P.S.

*/s/Mary Schultz*
Mary Schultz, WSBA # 14198
Attorney for Plaintiff Penny Gardner (*fka* Rodriguez)
Mary Schultz Law, P.S.
2111 E. Red Barn Lane
Spangle, WA 99031
Tel: (509) 245-3522, Ext. 1
Email: Mary@MSchultz.com

PLAINTIFF PENNY GARDNER(*fka* RODRIGUEZ)'S *FIRST AMENDED* COMPLAINT FOR DAMAGES
Page 63 of 63

2111 E. Red Barn Lane
Spangle, WA 99031
(509) 245-3522
Mary@MSchultz.com