Kevin W. Roberts, WSBA #29473
Chad H. Freebourn, WSBA# 35624
Roberts | Freebourn, PLLC
1325 W. 1st Ave., Ste. 303
Spokane, WA 99201
P: (509) 381-5262
kevin@robertsfreebourn.com
chad@robertsfreebourn.com

*Attorneys for Defendant Israel Rodriguez*

Honorable Salvador Mendoza, Jr.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| PENNY GARDNER (fka RODRIGUEZ),<br><br>    Plaintiff,<br><br>    v.<br><br>ISRAEL RODRIGUEZ and STATE OF WASHINGTON, DEPARTMENT OF SOCIAL AND HEALTH SERVICES, DIVISION OF CHILDREN, YOUTH AND FAMILY SERVICES, and CHILD PROTECTIVE SERVICES,<br><br>    Defendants. | Cause No.: 2:22-cv-00144-SMJ<br><br>DEFENDANT ISRAEL RODRIGUEZ'S ANSWER WITH AFFIRMATIVE DEFENSES AND COUNTERCLAIMS TO PLAINTIFF'S FIRST AMENDED COMPLAINT |

Defendant Israel Rodriguez ("Rodriguez") by and through his attorneys of

record, Roberts | Freebourn, PLLC, answer Plaintiff Penny Gardner's First

DEFENDANTS ISRAEL RODRIGUEZ'S ANSWER WITH AFFIRMATIVE DEFENSES AND COUNTERCLAIMS TO PLAINTIFF'S FIRST AMENDED COMPLAINT - 1

**Roberts | Freebourn, PLLC**
1325 W. 1st Ave., Ste. 303
Spokane, WA 99201
(509) 381-5262

Amended Complaint by alleging and stating as follows:

## I.    PARTIES, JURISDICTION AND VENUE

1.1    Defendant Rodriguez is without sufficient information to admit or deny this allegation, therefore Denies the same.

1.2    Deny.  Defendants Rodriguez is a resident of Stevens County, Washington.

1.3    Defendant Rodriguez is without sufficient information to admit or deny this allegation, therefore Denies the same.

1.4    Defendant Rodriguez is without sufficient information to admit or deny this allegation, therefore Denies the same.

1.5    Defendant Rodriguez is without sufficient information to admit or deny this allegation, therefore Denies the same.

1.6    Admit that Plaintiff's State Court claims filed against these Defendants were consolidated into a single Spokane County Superior Court Case.

1.7    This allegation does not require Defendant Rodriguez to admit or deny as this allegation pertains to the Defendant State.  To the extent a response is required, Defendant Rodriguez Admits that Defendant State filed a motion to dismiss in Spokane County Superior Court and Denies the remaining allegations.

DEFENDANTS ISRAEL RODRIGUEZ'S ANSWER WITH AFFIRMATIVE DEFENSES AND COUNTERCLAIMS TO PLAINTIFF'S FIRST AMENDED COMPLAINT - 2

**Roberts | Freebourn, PLLC**
1325 W. 1st Ave., Ste. 303
Spokane, WA 99201
(509) 381-5262

1.8     This allegation does not require Defendant Rodriguez to admit or deny as this allegation pertains to the Defendant State.  The pleadings referenced speak for themselves.

1.9     This allegation does not require Defendant Rodriguez to admit or deny as this allegation pertains to the Defendant State.  The pleadings referenced speak for themselves.

1.10    Admit that Plaintiff's State Court claims filed against these Defendants were consolidated into a single Spokane County Superior Court Case.

1.11    Admit that the Defendant State caused Plaintiff's Consolidated Spokane County Superior Court lawsuit to be removed to this Court.

1.12    Admit that the Defendant State answered the initial Complaint, Defendant Rodriguez's time to answer had not accrued and Defendant did not answer the initial complaint because Plaintiff filed a motion to amend the complaint, and Defendant Rodriguez had no objection to the amended complaint.

1.13    This allegation does not require Defendant Rodriguez to admit or deny as this allegation pertains to the Defendant State.  This allegation is a statement of prerequisite requirements for Plaintiff to maintain a lawsuit against the Defendant State, and whether the requirements were met is

DEFENDANTS ISRAEL RODRIGUEZ'S ANSWER
WITH AFFIRMATIVE DEFENSES AND
COUNTERCLAIMS TO PLAINTIFF'S FIRST
AMENDED COMPLAINT - 3

**Roberts | Freebourn, PLLC**
1325 W. 1st Ave., Ste. 303
Spokane, WA 99201
(509) 381-5262

unknown to Defendant Rodriguez.

1.14   Deny that Jurisdiction is properly before this Court for all claims alleged.  The Weeping Ridge North, LLC Operating Agreement contains a mandatory arbitration provision requiring claims related to that entity and its members be submitted to arbitration.  Defendants Rodriguez has filed a Petition to Compel arbitration in the Spokane Superior Court, Cause No. 22-2-03728-32, as a result of Defendant Rodriguez's formal written demand for arbitration and Plaintiff's refusal to arbitrate under the terms of the application Operating Agreement.  Defendant Rodriguez is currently trying to get a hearing date with the Spokane Superior Court.

## II.   FACTS

### A. Washington State's Medically Intensive Children's Program.

2.1   Defendant Rodriguez is without sufficient information to admit or deny this allegation, therefore Denies the same.  The website referenced in this allegation speaks for itself.

2.2   Defendant Rodriguez is without sufficient information to admit or deny this allegation, therefore Denies the same.  The website referenced in this allegation speaks for itself.

2.3   Defendant Rodriguez is without sufficient information to admit or deny this allegation, therefore Denies the same.  The website referenced in

DEFENDANTS ISRAEL RODRIGUEZ'S ANSWER
WITH AFFIRMATIVE DEFENSES AND
COUNTERCLAIMS TO PLAINTIFF'S FIRST
AMENDED COMPLAINT - 4

**Roberts | Freebourn, PLLC**
1325 W. 1st Ave., Ste. 303
Spokane, WA 99201
(509) 381-5262

this allegation speaks for itself.

2.4 Defendant Rodriguez is without sufficient information to admit or deny this allegation, therefore Denies the same.

### B. Washington State's Licensing of Gardner and Rodriguez based on qualification criteria, and qualified entities at issue.

2.5 Admit Plaintiff was a registered nurse and the allegation regarding education, however, Defendant Rodriguez is without sufficient information to admit or deny whether Plaintiff was pursuing additional education at all times relevant herein.

2.6 Admit.

2.7 Admit.

2.8 Admit.

2.9 Admit.

2.10 Admit.

2.11 Admit Weeping Ridge North, LLC was provided a number, Defendant Rodriguez is without sufficient information to admit or deny the remaining allegations herein.

2.12 Admit.

2.13 Admit that Plaintiff and Defendant Rodriguez were once joint owners of Weeping Ridge Home Health, LLC and Weeping Ridge North LLC

DEFENDANTS ISRAEL RODRIGUEZ'S ANSWER
WITH AFFIRMATIVE DEFENSES AND
COUNTERCLAIMS TO PLAINTIFF'S FIRST
AMENDED COMPLAINT - 5

**Roberts | Freebourn, PLLC**
1325 W. 1st Ave., Ste. 303
Spokane, WA 99201
(509) 381-5262

("WRN").

2.14  Admit Weeping Ridge North, LLC was issued a license by the Department Social and Health Services.

2.15  Admit that WRN provided care to children who required health care, deny the remaining allegations.

2.16  This allegation is a statement of law that does not require a response, the referenced RCW's and WAC code speak for themselves.

2.17   This allegation is a statement of law that does not require a response, the referenced RCW's and WAC code speak for themselves.

2.18  Deny.  Defendant Rodriguez is without sufficient information to know what Defendant State requires of all authorized and licensed medical providers in their specific contracts and agreements.

2.19  Admit that WRN was provided a license by Defendant State, and at the time Defendant Rodriguez and Plaintiff were equal owners of WRN.

2.20  This allegation is a statement of law that does not require a response, the referenced RCW's speak for themselves.

2.21  Defendant Rodriguez is unsure what "now contracted" refers to in this allegation, therefore Denies this allegation.  Defendant Rodriguez admits that various licenses necessary to operate WRN were obtained as a result of an application process.

DEFENDANTS ISRAEL RODRIGUEZ'S ANSWER WITH AFFIRMATIVE DEFENSES AND COUNTERCLAIMS TO PLAINTIFF'S FIRST AMENDED COMPLAINT - 6

Roberts | Freebourn, PLLC
1325 W. 1st Ave., Ste. 303
Spokane, WA 99201
(509) 381-5262

2.22 Deny.

2.23 This allegation is a statement of law that does not require a response, the referenced RCW's speak for themselves.

2.24 Admit.

2.25 Admit.

2.26 Admit that Defendant Rodriguez, as an equal member of WRN and Weeping Ridge Home Health, LLC assisted in obtaining insurance for these entities, but denies that it was solely Defendant Rodriguez's duty to obtain insurance on behalf of the entities owned and operated equally with Plaintiff.

2.27 Deny.

2.28 Deny.

2.29 Admit.

2.30 Admit.

2.31 The insurance policy referenced herein speaks for itself.

2.32 Deny.

2.33 Admit that WRN applied for a renewal of its license and Deny remaining allegations.

2.34 This allegation is a statement of law that does not require a

**Roberts | Freebourn, PLLC**
1325 W. 1st Ave., Ste. 303
Spokane, WA 99201
(509) 381-5262

response, the referenced RCW's speak for themselves.

2.35   Deny.

**C.   Washington State becomes aware and participates in and through male WRN owner Rodriguez's questionable business takeover of a licensee, and exclusion of female WRN owner Garner.**

2.36   Defendant Rodriguez is without sufficient knowledge of what the Defendant State was aware of and when Defendant State became aware of anything, therefore Deny.

2.37   Deny.

2.38   Deny.

2.39   Deny.

2.40   Deny.

2.41   Deny.

2.42   Deny.

2.43   Admit Defendant Rodriguez assisted in applying for issuance for Weeping Ridge Home Health, LLC, and the policy referenced herein speaks for itself.

2.44   Deny.

2.45   Deny.

2.46   Deny.

DEFENDANTS ISRAEL RODRIGUEZ'S ANSWER
WITH AFFIRMATIVE DEFENSES AND
COUNTERCLAIMS TO PLAINTIFF'S FIRST
AMENDED COMPLAINT - 8

**Roberts | Freebourn, PLLC**
1325 W. 1st Ave., Ste. 303
Spokane, WA 99201
(509) 381-5262

2.47   Deny.

2.48   Deny.

2.49   Deny.

2.50   Deny.

**D.   Washington State becomes aware the court orders upon male owner Rodriguez's administration of WRN, which orders implicated the State's license qualification criteria.**

2.51   Admit that at the request for counsel for Plaintiff in the divorce proceeding an Order was entered placing Defendant Rodriguez as the "chief administrator" of the entities, Plaintiff did not wish to actively participate in the operation of the entities during this time, and there were no orders preventing Plaintiff from actively participating in the administration of these entities.  The Order referenced was drafted by Plaintiff's counsel, who is the same counsel in this action.  Deny the remaining allegations.

   2.51.1  Deny.  The plain language of the Order referenced required both Plaintiff and Defendant Rodriguez not to let any type of insurance lapse.

   2.51.2  Deny.  The language cited from the applicable June 16, 2017, Order applied equally to Plaintiff and Defendant Rodriguez.

   2.51.3  Deny.  The language cited from the applicable June 16,

DEFENDANTS ISRAEL RODRIGUEZ'S ANSWER
WITH AFFIRMATIVE DEFENSES AND
COUNTERCLAIMS TO PLAINTIFF'S FIRST
AMENDED COMPLAINT - 9

**Roberts | Freebourn, PLLC**
1325 W. 1st Ave., Ste. 303
Spokane, WA 99201
(509) 381-5262

2017, Order applied equally to Plaintiff and Defendant Rodriguez.

2.51.4  Admit the Order states that Defendant Rodriguez would be accountable to the court and parties, and to ensure this occurred, Plaintiff and her counsel appointed a CPA firm to oversee all business operations and placed the entities into a receivership to be monitored during the divorce proceeding. All administrative activities were overseen by the CPA firm, receiver, Plaintiff and her counsel were provided copies of everything for their review, approval and rejection.

2.51.5  Deny.

**E.  Washington State re-licenses Gardner's WRN facility through October 17, 2020.**

2.52  Deny.

2.53  Deny.

2.54  Deny.

2.55  Deny.

2.56  Admit that all protection orders were vacated against Plaintiff as of June 18, 2017, Deny the remaining allegations.

2.57  Deny.

DEFENDANTS ISRAEL RODRIGUEZ'S ANSWER
WITH AFFIRMATIVE DEFENSES AND
COUNTERCLAIMS TO PLAINTIFF'S FIRST
AMENDED COMPLAINT - 10

**Roberts | Freebourn, PLLC**
1325 W. 1st Ave., Ste. 303
Spokane, WA 99201
(509) 381-5262

2.58   Deny, the citied RCW speaks for itself.

**F.   Washington State becomes aware of and notifies only male business owner Rodriguez of the substantial growing risk to the WRN's license status and accords him alone the opportunity to be heard and correct prior to any license suspension.  Defendant State knowingly denies Gardner the same notice and opportunity to be heard and to correct.**

2.59   This allegation is a statement of law that does not require a response, the referenced RCW's speak for themselves.

2.60   Deny.

2.61   Deny.

2.62   Deny.

2.63   Deny.

2.64   Deny.  During this period of time being referenced there was no restrictions preventing Plaintiff from taking an active role in participating in the administration of the WRN entity, Plaintiff voluntarily chose not to participate in running, operating and administrating WRN, but did monitor WRN's activities through the CPA and Receiver Plaintiff caused to be appointed to monitor WRN.

2.65   Deny.

2.66   Deny.

2.67   Deny.

Roberts | Freebourn, PLLC
1325 W. 1st Ave., Ste. 303
Spokane, WA 99201
(509) 381-5262

2.68   Admit that emergency services were called to treat the child referenced, Deny the remaining allegations and also Deny these allegations to the extent that these allegations allege that WRN caused anything alleged in this paragraph to occur.

2.69   Deny.  Also, Deny to the extent that this allegation alleges that WRN in anyway caused the death of the child referenced.  There is an active wrongful death claim in Spokane County Superior Court filed by the family of the referenced child, and this allegation is not an admission of WRN's member and equal owner Plaintiff Gardner.

2.70   Deny.  These allegations to no reflect the position of WRN.

2.71   Deny.

2.72   Deny.

2.73   Admit the incident was reported, and the investigation into the incident was "unfounded."

2.74   Deny.  The incident was reported once a lawsuit was filed, and the lawsuit was tendered for defense of the claims.

2.75   Deny.

2.76   Deny.

2.77   Deny.

DEFENDANTS ISRAEL RODRIGUEZ'S ANSWER
WITH AFFIRMATIVE DEFENSES AND
COUNTERCLAIMS TO PLAINTIFF'S FIRST
AMENDED COMPLAINT - 12

Roberts | Freebourn, PLLC
1325 W. 1st Ave., Ste. 303
Spokane, WA 99201
(509) 381-5262

2.78   Deny.

2.79   Deny.

2.80   Deny.  The quoted document speaks for itself.

2.81   Deny.  The quoted document speaks for itself.

2.82   Deny.

2.83   Deny.  The quoted document(s) speak for itself.

2.84   Deny. The quoted document(s) speak for itself.

2.85   Deny.  The quoted document(s) speak for itself.

2.86   Admit that Defendant State investigate the incident involving

Jorge Castro Jimenez and the investigation resulted in it being unfounded.

Deny remainder of the allegations.

2.87   Admit.

2.88   Deny.

2.89   Deny.

2.90   Defendant Rodriguez is without sufficient information to admit or

deny, therefore Denies.

2.91   Deny.

2.92   Deny.

2.93   Deny.

DEFENDANTS ISRAEL RODRIGUEZ'S ANSWER
WITH AFFIRMATIVE DEFENSES AND
COUNTERCLAIMS TO PLAINTIFF'S FIRST
AMENDED COMPLAINT - 13

**Roberts | Freebourn, PLLC**
1325 W. 1st Ave., Ste. 303
Spokane, WA 99201
(509) 381-5262

2.94 Deny.

2.95 Deny.

2.96 Deny.

2.97 Deny.

2.98 Deny.

2.99 Deny.

2.100 Deny.

2.101 Deny.

2.102 Deny.

2.103 Deny.

2.104 Deny.

2.105 Deny.

2.106 Deny.  This allegation was already expressly addressed and adjudicated on the merits after a trial in the Stevens County divorce action.

2.107 Deny.

2.108 Deny.

2.109 Deny.

2.110 Deny.

**Roberts | Freebourn, PLLC**
1325 W. 1st Ave., Ste. 303
Spokane, WA 99201
(509) 381-5262

2.111 Deny.

2.112 Deny.

2.113 Deny.

2.114 Deny.

    2.114.1 Deny, the documents referenced and findings speak for themselves.

    2.114.2 Deny, the documents referenced and findings speak for themselves.

    2.114.3 Deny, the documents referenced and findings speak for themselves.

    2.114.4 Deny, the documents referenced and findings speak for themselves.

2.115  Deny.

2.116 Admit that WRN was insured by Kinsale Insurance Company and Deny the remainder of the allegations.

**G.**  **Washington State suspends WRN's license, without Gardner having had notice, opportunity to be heard, or opportunity to correct, and deprived her of information even by which she might effectively appeal the suspension.**

2.117 Admit that WRN's license was suspended by Defendant State.

2.118 Admit Defendant was provided notice of WRN license

DEFENDANTS ISRAEL RODRIGUEZ'S ANSWER
WITH AFFIRMATIVE DEFENSES AND
COUNTERCLAIMS TO PLAINTIFF'S FIRST
AMENDED COMPLAINT - 15

**Roberts | Freebourn, PLLC**
1325 W. 1st Ave., Ste. 303
Spokane, WA 99201
(509) 381-5262

suspension.

2.119 Deny.

2.120 Deny.

2.121 Deny.

2.122 Admit that Gardner was an equal owner of WRN, and that there was nothing preventing Gardner from participating in the administration, operation or running of WRN as a business. Gardner voluntarily chose not to participate in the day-to-day operations of WRN.

2.123 Deny.

2.124 Deny. These allegations misconstrue the court order referenced, which provided any equal responsibility to retain insurance and professional licenses. The order referenced was drafted by Gardner's counsel.

2.125 Defendant Rodriguez is without sufficient information to admit or deny, therefore Denies these allegations.

2.126 Deny.

2.127 Deny.

2.128 Deny.

2.129 Defendant Rodriguez is without sufficient information to admit or deny, therefore Denies these allegations.

DEFENDANTS ISRAEL RODRIGUEZ'S ANSWER
WITH AFFIRMATIVE DEFENSES AND
COUNTERCLAIMS TO PLAINTIFF'S FIRST
AMENDED COMPLAINT - 16

**Roberts | Freebourn, PLLC**
1325 W. 1st Ave., Ste. 303
Spokane, WA 99201
(509) 381-5262

2.130 Deny.

2.131 Defendant Rodriguez is without sufficient information to admit or deny, therefore Denies these allegations.

2.132 Deny.

2.133 Defendant Rodriguez is without sufficient information to admit or deny, therefore Denies these allegations.

2.134 Deny.

2.135 Deny.

2.136 Admit Gardner was named as a defendant in the Estate of Jorge Castro lawsuit referenced herein.  The lawsuit and its claims speak for itself.

2.137 Defendant Rodriguez is without sufficient information to admit or deny, therefore Denies these allegations.

2.138 Deny.

2.139 Admit Kinsale Insurance Company has filed a declaratory action related to the claims in the wrongful death case filed in Spokane County, Deny the remainder of the claims.

2.140 Deny.

2.141 Deny.

2.142 Deny.

**Roberts | Freebourn, PLLC**
1325 W. 1st Ave., Ste. 303
Spokane, WA 99201
(509) 381-5262

**H.** **Defendant Washington State continued to treat Gardner less than favorably that Rodriguez, even negotiating with Rodriguez to suspend Gardner's licensing rights without her knowledge.**

2.143 Defendant Rodriguez is without sufficient information to admit or deny, therefore Denies these allegations.

2.144 Deny.  The quoted allegations speak for themselves.

2.145 Deny.

2.146 Deny.

2.147 Deny.

2.148 Deny.

2.149 Deny.

2.150 Deny.

2.151 Deny.

2.152 Deny.

2.153 Deny.

2.154 Deny.

2.155 Deny.

2.156 Deny.

This unnumbered paragraph starting with "WHEREFORE" does not

**Roberts | Freebourn, PLLC**
1325 W. 1st Ave., Ste. 303
Spokane, WA 99201
(509) 381-5262

require a response, to the extent that it does, then Deny.

### III.   CAUSES OF ACTION AGAINST THE STATE OF WASHINGTON

3.1   Defendant Rodriguez is not named in this claim, to the extent he is required to admit or deny the allegations set forth herein alleging claims only against the Defendant State, then Defendant Rodriguez Denies.

3.2   <u>Id</u>.

3.3   <u>Id.</u>

3.4   <u>Id</u>.

3.5   Deny.

3.6   Defendant Rodriguez is not named in this claim, to the extent he is required to admit or deny the allegations set forth herein alleging claims only against the Defendant State, then Defendant Rodriguez Denies.

3.7   Defendant Rodriguez is not named in this claim, to the extent he is required to admit or deny the allegations set forth herein alleging claims only against the Defendant State, then Defendant Rodriguez Denies.

3.8   <u>Id</u>.

3.9   <u>Id</u>.

3.10  Deny.

DEFENDANTS ISRAEL RODRIGUEZ'S ANSWER
WITH AFFIRMATIVE DEFENSES AND
COUNTERCLAIMS TO PLAINTIFF'S FIRST
AMENDED COMPLAINT - 19

**Roberts | Freebourn, PLLC**
1325 W. 1st Ave., Ste. 303
Spokane, WA 99201
(509) 381-5262

3.11   Deny.

3.12   Deny.

3.13   Deny.

3.14   Defendant Rodriguez is not named in this claim, to the extent he is required to admit or deny the allegations set forth herein alleging claims only against the Defendant State, then Defendant Rodriguez Denies.

3.15   Deny.

3.16   Deny.

3.17   Deny.

3.18   Deny.

3.19   The RCW alleged herein and quoted speaks for itself, all other allegations herein Deny.

3.20   Deny.

3.21   Deny damage has been caused to Plaintiff, and to the extent a response is required to the other allegations herein, Deny.

3.22   Defendant Rodriguez is not named in this claim, to the extent he is required to admit or deny the allegations set forth herein alleging claims only against the Defendant State, then Defendant Rodriguez Denies.

3.23   Defendant Rodriguez is not named in this claim, to the extent he

DEFENDANTS ISRAEL RODRIGUEZ'S ANSWER
WITH AFFIRMATIVE DEFENSES AND
COUNTERCLAIMS TO PLAINTIFF'S FIRST
AMENDED COMPLAINT - 20

**Roberts | Freebourn, PLLC**
1325 W. 1st Ave., Ste. 303
Spokane, WA 99201
(509) 381-5262

is required to admit or deny the allegations set forth herein alleging claims only against the Defendant State, then Defendant Rodriguez Denies.

3.24 Deny.

3.25 Deny.

    3.25.1 Deny.

    3.25.2 Deny.

    3.25.3 Deny.

    3.25.4 Deny.

    3.25.5 Deny.

    3.25.6 Deny.

3.26 Deny.

## IV. CAUSES OF ACTION AGAINST ISRAEL RODRIGUEZ.

### A. **Breach of Fiduciary Duty/Unjust Enrichment/Constructive Fraud.**

4.1 Deny.

4.2 Deny.

4.3 Deny.

4.4 Deny.

4.5 Deny.

**Roberts | Freebourn, PLLC**
1325 W. 1st Ave., Ste. 303
Spokane, WA 99201
(509) 381-5262

4.6     Deny.

4.7     Deny.

4.8     Deny.

4.9     Deny.  Defendant Rodriguez did timely cause the defense of the lawsuit to be tender to insurance.

4.10   Deny.

4.11   Deny.

4.12   Deny.

4.13   Deny.  These allegations have already been addressed in the divorce trial, and this is an attempt to relitigate the divorce action.

4.14   Deny.

      4.14.1  Deny.

      4.14.2  Deny.

      4.14.3  Deny.

      4.14.4  Deny.

      4.14.5  Deny.

4.15   Deny.

4.16   Deny.

4.17   Deny.

**Roberts | Freebourn, PLLC**
1325 W. 1st Ave., Ste. 303
Spokane, WA 99201
(509) 381-5262

4.18  Deny.

4.19  Deny.

4.20  Deny.

4.21  Deny.

**B. <u>Interference with business expectancy.</u>**

4.22  Deny.

4.23  Deny.

4.24  Deny.

4.25  Deny.

4.26  Deny.

4.27  Deny.

4.28  Deny.

**C. <u>Negligent misrepresentation/omissions of material fact.</u>**

4.29  Deny.  It should be noted that this allegation directly conflicts

with the appointment of the CPA firm and the Receiver to monitor all

activities of WRN and Defendant Rodriguez who was appointed at the request

of Plaintiff to operate the joint entities during the divorce proceedings.

Plaintiff had access to all information regarding the business, was provided

updates and copies by the CPA and Receiver, and actively monitored the

DEFENDANTS ISRAEL RODRIGUEZ'S ANSWER
WITH AFFIRMATIVE DEFENSES AND
COUNTERCLAIMS TO PLAINTIFF'S FIRST
AMENDED COMPLAINT - 23

**Roberts | Freebourn, PLLC**
1325 W. 1st Ave., Ste. 303
Spokane, WA 99201
(509) 381-5262

entities activities with her counsel.

4.30  Deny.

4.31  Deny.

**D. <u>Fraud.</u>**

4.32  Deny.

4.33  Deny.

4.34  Deny.

4.35  Deny.

4.36  Deny.

4.37  Deny.

4.38  Deny.

4.39  Deny.

4.40  Deny.

4.41  Deny.

**E. <u>Intentional infliction of emotional distress.</u>**

4.42  Deny.

4.43  Deny.

4.44  Deny.

**Roberts | Freebourn, PLLC**
1325 W. 1st Ave., Ste. 303
Spokane, WA 99201
(509) 381-5262

**F. <u>Outrage.</u>**

4.45   Deny.

4.46   Deny.

4.47   Deny.

**G. <u>Negligent infliction of emotional distress.</u>**

4.48   Deny.

## V.   <u>DEMAND/REQUEST FOR RELIEF</u>

Deny the unnumbered Paragraph starting with "WHEREFORE."

5.1     Deny.

5.2     Deny.

5.3     Deny.

5.4     Deny.

5.5     Deny.

## VI.   <u>CLAIM AGAINST OTHER INVOLVED ENTITIES.</u>

6.1     Deny.

## <u>AFFIRMATIVE DEFENSES</u>

By way of further Answer and Affirmative Defenses to the Complaint,

Defendant Rodriguez asserts the following Affirmative Defenses.  By

denominating these defenses as Affirmative Defenses, Defendant Rodriguez

**Roberts | Freebourn, PLLC**
1325 W. 1st Ave., Ste. 303
Spokane, WA 99201
(509) 381-5262

does not undertake any burden of proof or production not otherwise imposed by law.

1. In support of their Affirmative Defenses, Defendants reallege and incorporate their admissions, denials, and statements set forth above.

2. Plaintiff's Complaint fails to state a claim on which relief may be granted.

3. Plaintiff's claims are barred by waiver.

4. Plaintiff's claims are barred by the doctrine of res judicata.

5. Plaintiff's claims are barred in whole or in part by the doctrine of estoppel.

6. Plaintiff's claims are barred in whole or in part by the doctrine of collateral estoppel.

7. Plaintiff's claims are barred in whole or in part by the doctrine of unclean hands.

8. Plaintiff's claims are barred in whole or in part by the doctrine of laches.

9. Plaintiff's claims are barred in whole or in part by her own breach of fiduciary duties.

10. Plaintiff's claims are barred in whole or in part because they are

DEFENDANTS ISRAEL RODRIGUEZ'S ANSWER
WITH AFFIRMATIVE DEFENSES AND
COUNTERCLAIMS TO PLAINTIFF'S FIRST
AMENDED COMPLAINT - 26

**Roberts | Freebourn, PLLC**
1325 W. 1st Ave., Ste. 303
Spokane, WA 99201
(509) 381-5262

subject to mandatory arbitration under the relevant operating agreement(s).

**PRAYER FOR RELIEF**

Having fully answered Plaintiff's Complaint and alleged Affirmative Defenses, Defendant Rodriguez prays for judgment from this Court as follows:

1. Dismissal of Plaintiff's claims with prejudice and for Plaintiff to take nothing based on its Complaint;

2. For an award of attorney fees and costs to the Defendant Rodriguez; and

3. For any other relief the Court finds to be just and equitable.

**COUNTERCLAIMS**

Israel Rodriguez's counterclaims are being asserted to be preserved as Gardner's claims and these counterclaims are subject to mandatory arbitration pursuant to the terms and conditions' of the parties operating agreement, that being said, the counterclaims against Plaintiff Penny Gardner are as follows:

**I.    PARTIES**

1.1    Counter Plaintiff Israel Rodriguez ("Rodriguez") is a resident of the State of Washington County of Stevens.

1.2    Counter Defendant Penny Gardner ("Gardner"), formerly Penny

**Roberts | Freebourn, PLLC**
1325 W. 1st Ave., Ste. 303
Spokane, WA 99201
(509) 381-5262

Rodriguez, is currently a resident of Maricopa County, Arizona.

1.3    Venue and Jurisdiction are proper in this Court as counterclaims to Garner's lawsuit naming Israel Rodriguez as a defendant.  By bringing these compulsory counterclaims are required by Court Rule, Rodriguez does not waive his right to move to stay this action pending arbitration of the relevant claims set forth in Gardner's Amended Complaint that are subject to the Weeping Ridge North ("WRN") Operating Agreement providing for mandatory arbitration of claims related to WRN and its member disputes.

## II.    FACTS

2.1    Rodriguez and Gardner created WRN as a limited liability company in Washington State, and members entered into an operating agreement for the management of the entity.

2.2    At all times relevant herein, Rodriguez and Gardner are and have been equal members and owners of WRN.

2.3    In addition to WRN, Gardner and Rodriguez owned a number of other entities, including but not limited to Weeping Ridge Home Health, LLC, Weeping Ridge Estate, LLC, IRPI, LLC, Weeping Ridge, LLC, and Grande Manor, LLC, which they owned equally and were equal members.

2.4    WRN operated as a licensed care facility be the State of Washington.

DEFENDANTS ISRAEL RODRIGUEZ'S ANSWER
WITH AFFIRMATIVE DEFENSES AND
COUNTERCLAIMS TO PLAINTIFF'S FIRST
AMENDED COMPLAINT - 28

**Roberts | Freebourn, PLLC**
1325 W. 1st Ave., Ste. 303
Spokane, WA 99201
(509) 381-5262

2.5     On May 4, 2017, a temporary restraining order was entered against Gardner in Spokane Superior Court as a result of allegations of child abuse by Rodriguez, her husband at the time.

2.6     The temporary order initially prevented Gardner from being on the premises of WRN while the order was in effect because WRN provided care for vulnerable children.

2.7     Rodriguez and Gardner went through a divorce proceeding in Stevens County, Washington.  The divorce was filed on May 25, 2017, and it became final by the Order of the Court on October 21, 2021.

2.8     In June of 2017, the protective order was revised, and the temporary order entered against Gardner was no longer in effect.

2.9     As of June of 2017, there was nothing preventing Gardner from actively participating in operation, administration, or day-to-day business affairs of any entity owned by Gardner and Rodriguez, including WRN.

2.10    Gardner's counsel in the divorce proceeding drafted a the "Agreed Temporary Family Law Order" appointing Rodriguez as the "chief administrator" for the entities owned by Gardner and Rodriguez.

2.11    The "Agreed Temporary Family Law Order" was entered on June 19, 2017, and it provided that "*Neither party shall allow a lapse in insurance coverage of any kind while this action is pending, unless it is in the ordinary*

DEFENDANTS ISRAEL RODRIGUEZ'S ANSWER
WITH AFFIRMATIVE DEFENSES AND
COUNTERCLAIMS TO PLAINTIFF'S FIRST
AMENDED COMPLAINT - 29

**Roberts | Freebourn, PLLC**
1325 W. 1st Ave., Ste. 303
Spokane, WA 99201
(509) 381-5262

*course of business.*"

2.12   The "Agreed Temporary Family Law Order" also provides that neither party shall allow a professional license or contract to lapse unless it is in the ordinary course of business.

2.13   During the divorce proceeding, Gardner remained an equal owner of WRN and had access to all of the company documents, facilities, finances, and any other information.

2.14   Rodriguez never prevented Gardner from taking an active role in any of their entries, including WRN.

2.15   By her own decision, Gardner chose not to participate in the day-to-day affairs, operation or administration of the entities she owned equally with Rodriguez, including WRN.

2.16   At the request of Gardner, Paul Fruci, CPA was appointed to account for the affairs of the entities owned by Rodriguez and Gardner during the pendency of the divorce.

2.17   At the request of Gardner, a Receiver was appointed to administer and oversee the businesses owned by Gardner and Rodriguez.

2.18   Gardner testified at trial that she had spent significant time with pen and paper type work and keeping track of the jointly owned entities.

2.19   Gardner was provided copies of business transactions by Mr.

DEFENDANTS ISRAEL RODRIGUEZ'S ANSWER
WITH AFFIRMATIVE DEFENSES AND
COUNTERCLAIMS TO PLAINTIFF'S FIRST
AMENDED COMPLAINT - 30

**Roberts | Freebourn, PLLC**
1325 W. 1st Ave., Ste. 303
Spokane, WA 99201
(509) 381-5262

Fruci and the Receiver and approved and disputed business transactions during the pendency of the divorce.

2.20   Gardner never took issue with Rodriguez's administration of the businesses during the divorce, never petitioned the Court to remove Rodriguez as the administrator, and never petition or requested that she administer any of the jointly owned businesses.

2.21 Gardner did seek the appointment of Paul Fruci, CPA and a Receiver to oversee Rodriguez's administration of the businesses during the divorce after Rodriguez was appointed the chief administrator as the result of an agreed order.

2.22   On March 8, 2021, a lawsuit was brought against WRN in Spokane Superior Court alleging the wrongful death of a patient.  Rodriguez and Gardner were named individually as defendants in this lawsuit.

2.23   The Receiver tendered defense of the lawsuit to all known insurance.

2.24   DCYF, formerly DCHS, conducted a full investigation of the patient's death and the investigation resulted in no findings against WRN.

2.25   Rodriguez hired the law firm of Roberts | Freebourn, PLLC to defend the wrongful death lawsuit on behalf of WRN.  Gardner hired Mary Schultz as her counsel to defend herself, as well as WRN.

DEFENDANTS ISRAEL RODRIGUEZ'S ANSWER WITH AFFIRMATIVE DEFENSES AND COUNTERCLAIMS TO PLAINTIFF'S FIRST AMENDED COMPLAINT - 31

Roberts | Freebourn, PLLC
1325 W. 1st Ave., Ste. 303
Spokane, WA 99201
(509) 381-5262

2.26   Rodriguez and Gardner do not agree to the other's choice of counsel, and Rodriguez has made a formal demand for arbitration to settle the dispute pursuant to the terms of the WRN Operating Agreement, which was denied by Gardner.

2.27   On October 22, 2022, Rodriguez filed a Petition to Compel Arbitration in the Spokane County Superior Court.

2.28   This dispute as to representation of WRN stems from the fact Gardner has a conflict of interest defending the lawsuit, as she has brought this action against Rodriguez alleging mismanagement of WRN during the relevant time of the wrongful death claim.

2.29   Despite no findings by DCYF of any misconduct by WRN or Rodriguez, Gardner continues to allege facts that are detrimental to the WRN defense.

2.30   This lawsuit was removed from Spokane County Superior Court because Rodriguez successfully moved to bifurcate Gardner's third-party action against Rodriguez alleging misconduct and other claims related to WRN, which Gardner filed within the wrongful death action.

2.31 As an active member and equal owner of WRN, Gardner had alleged facts within the wrongful death action that could be construed as an admission of WRN supporting the claims of the underlying Plaintiffs.

DEFENDANTS ISRAEL RODRIGUEZ'S ANSWER
WITH AFFIRMATIVE DEFENSES AND
COUNTERCLAIMS TO PLAINTIFF'S FIRST
AMENDED COMPLAINT - 32

Roberts | Freebourn, PLLC
1325 W. 1st Ave., Ste. 303
Spokane, WA 99201
(509) 381-5262

2.32   Gardner has no interest in defending WRN, as she intends to use a potential adverse judgment to prove her claims against Rodriguez for mismanagement of WRN.

2.33   Gardner's conduct is not consistent with WRN Operating Agreement, or her duties owned to Rodriguez and to WRN, which include a duty of loyalty.

2.34   This lawsuit makes multiple allegations regarding the conditions and management of WRN during the relevant time of the wrongful death action, which are inconsistent to the defense of WRN in the wrongful death lawsuit and the findings of the DCYF investigation.

2.35   Gardner quotes only the negative parts of the DCYF investigation in the allegations and facts set forth in this lawsuit, and disparages the fact there were no findings against her own company, WRN, as a result of the DCYF investigation into the death of the WRN patient.

2.36 The duty of loyalty and duty not to take actions adverse to WRN prevent Gardner from taking positions inconsistent with the WRN defense to avoid liability in the underling wrongful death action.

2.37   The death of the WRN patient that resulted in the wrongful death lawsuit has nothing to do with Gardner's claims in this lawsuit against Rodriguez, as this incident did not result in any adverse effect to the WRN

DEFENDANTS ISRAEL RODRIGUEZ'S ANSWER
WITH AFFIRMATIVE DEFENSES AND
COUNTERCLAIMS TO PLAINTIFF'S FIRST
AMENDED COMPLAINT - 33

Roberts | Freebourn, PLLC
1325 W. 1st Ave., Ste. 303
Spokane, WA 99201
(509) 381-5262

license or operations.

## III.  CLAIMS

### FIRST CAUSE OF ACTION
### BREACH OF FIDUCIARY DUTIES

3.1    Counter Plaintiff Rodriguez realleges and incorporates the facts and defenses above as if fully set forth herein.

3.2    Gardner owes fiduciary duties to WRN and Rodriguez, and as such is required to deal with Rodriguez with candor and with the utmost good faith.

3.3    Gardner also owes the fiduciary duties of loyalty and care to WRN and to her equal partner Rodriguez.

3.4    The duty of loyalty and duty of care owed prevents Gardner from conduct that is adverse to WRN, and to refrain from engaging in reckless conduct, intentional misconduct, and gross negligence.

3.5    The death of the patient that resulted in the wrongful death lawsuit was fully investigated by DCYF and resulted in no findings or adverse effect to WRN.

3.6    The death of the patient resulting in the wrongful death lawsuit is unrelated to the claims asserted by Gardner against Rodriguez, and including allegations related to the wrongful death lawsuit in this lawsuit and in the wrongful death lawsuit itself as a third-party claim is against the interest of

DEFENDANTS ISRAEL RODRIGUEZ'S ANSWER WITH AFFIRMATIVE DEFENSES AND COUNTERCLAIMS TO PLAINTIFF'S FIRST AMENDED COMPLAINT - 34

**Roberts | Freebourn, PLLC**
1325 W. 1st Ave., Ste. 303
Spokane, WA 99201
(509) 381-5262

WRN and its members.

3.7    These allegations by Gardner are made in bad faith and can be construed by the underlying Plaintiff as an admission by WRN of misconduct, when there is no evidence or findings of misconduct by DCYF.

3.8    Gardner has included these allegations related to the wrongful death in bad faith and for her own self-interest, which is adverse to the interest of WRN and Rodriguez.

3.9    Gardner's conduct by including unrelated facts related to the wrongful death claim in this lawsuit, and in the wrongful death lawsuit itself as a third-party claim is reckless, intentional misconduct, and grossly negligent.

3.10   Rodriguez was forced to move the Spokane County Superior Court to bifurcate the third-party claims and allegations asserted by Gardner in the wrongful death lawsuit to avoid admissions and adverse effect to WRN and its members.

3.11   Gardner's breach of fiduciary duties, including the duties to act in good faith, duty of loyalty and duty of care has resulted in damages to Rodriguez.

3.12   Rodriguez has suffered damages as a result of Gardner's breach, including unnecessary attorney fees and costs, in an amount to be proven at the time of trial.

DEFENDANTS ISRAEL RODRIGUEZ'S ANSWER
WITH AFFIRMATIVE DEFENSES AND
COUNTERCLAIMS TO PLAINTIFF'S FIRST
AMENDED COMPLAINT - 35

**Roberts | Freebourn, PLLC**
1325 W. 1st Ave., Ste. 303
Spokane, WA 99201
(509) 381-5262

## SECOND CAUSE OF ACTION
## ARBITRATION

3.13   Counter Plaintiff Rodriguez realleges and incorporates the facts and defenses above as if fully set forth herein.

3.14   Gardner and Rodriguez entered into an Operating Agreement for the management and operation of WRN.

3.15   The Operating Agreement provides that any controversy or claims arising out of or related to the Operating Agreement be subject to mandatory arbitration.

3.16   The management of WRN is set forth in the Operating Agreement, making all of Gardner's claims subject to arbitration.

3.17   Rodriguez has made a formal written demand for arbitration, which was rejected by Gardner.

3.18   Rodriguez was forced to file a Petition to Compel Arbitration in Spokane County Superior Court and will amend this petition to include all of the claims alleged by Gardner herein.

3.19   Gardner has breached the Operating Agreement and the duties stated therein, which has caused Rodriguez damages, including unnecessary attorney fees and costs.

DEFENDANTS ISRAEL RODRIGUEZ'S ANSWER
WITH AFFIRMATIVE DEFENSES AND
COUNTERCLAIMS TO PLAINTIFF'S FIRST
AMENDED COMPLAINT - 36

**Roberts | Freebourn, PLLC**
1325 W. 1st Ave., Ste. 303
Spokane, WA 99201
(509) 381-5262

# PRAYER FOR RELIEF

Counter Plaintiff Israel Rodriguez requests the following relief:

1.     For a judgment for damages in an amount to be proven at the time of trial;

2.     For an award of attorney fees and costs pursuant to the terms and conditions of the applicable operating agreements and pursuant to Washington Law; and

3.     For any other relief the Court finds to be just and equitable.


DATED this 23rd day of November 2022.


*/s/ Chad Freebourn*
Kevin W. Roberts, WSBA #29473
Chad H. Freebourn, WSBA #35624

DEFENDANTS ISRAEL RODRIGUEZ'S ANSWER
WITH AFFIRMATIVE DEFENSES AND
COUNTERCLAIMS TO PLAINTIFF'S FIRST
AMENDED COMPLAINT - 37

**Roberts | Freebourn, PLLC**
1325 W. 1st Ave., Ste. 303
Spokane, WA 99201
(509) 381-5262

**CERTIFICATE OF SERVICE**

I hereby certify that on the <u>23</u> day of November 2022, I caused to be served a copy of the foregoing document to the below listed as follows:

☐ HAND DELIVERY       Mary Shultz
☐ U.S. MAIL, POSTAGE PREPAID    Mary Shultz Law, P.S.
☐ OVERNIGHT MAIL       2111 E Red Barn Lane
☐ FAX TRANSMISSION      Spangle, WA 99031
☐ EMAIL
☒ EC/CMF       *Attorney for Plaintiff Gardner*

☐ HAND DELIVERY       Nicholas Ulrich
☐ U.S. MAIL, POSTAGE PREPAID    Carl P. Warring
☐ OVERNIGHT MAIL       Jacob E. Brooks
☐ FAX TRANSMISSION      Attorney General of Washington
☐ EMAIL       1116 West Riverside Ave., Suite
☒ EC/CMF       100
      Spokane, WA 99201-1106
      Nicholas.ulrich@atg.wa.gov
      patty.amori@atg.wa.gov
      rachel.plager@atg.wa.gov
      carl.warring@atg.wa.gov
      Jake.Brooks@atg.wa.gov
      *Counsel for DSHS and Dept. of Children, Youth and Families*

*/s/ Heather Nash*
Heather Nash
Paralegal

DEFENDANTS ISRAEL RODRIGUEZ'S ANSWER
WITH AFFIRMATIVE DEFENSES AND
COUNTERCLAIMS TO PLAINTIFF'S FIRST
AMENDED COMPLAINT - 38