1
2
3
4
5

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

6

7  PENNY GARDNER, formerly known
   as PENNY RODRIGUEZ,                    CASE NO:  2:22-CV-0144-TOR
8
                          Plaintiff,      PROTECTIVE ORDER
9
10         v.

11 ISRAEL RODRIGUEZ and STATE
   OF WASHINGTON, DEPARTMENT
12 OF SOCIAL AND HEALTH
   SERVICES, DIVISION OF
13 CHILDREN, YOUTH AND FAMILY
   SERVICES, and CHILD
14 PROTECTIVE SERVICES,

15                        Defendants.

16    BEFORE the Court is Defendants Washington State Department of Social

17 and Health Services, Division of Children, Youth and Family Services, and Child

18 Protective Services' Motion for Protective Order.  ECF No. 28.  This matter was

19 submitted without oral argument.  The Court has considered the motion, response

20 and reply and is fully informed.

PROTECTIVE ORDER ~ 1

For good cause shown, the Court finds that the Defendants have not waived the confidential nature of the information and the following protective order is appropriate and warranted.

**ACCORDINGLY, IT IS HEREBY ORDERED that the following Protective Order is granted and applies to this case:**

**1**. PURPOSES AND LIMITATIONS.  Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection may be warranted.  Accordingly, the Court enters this Protective Order.  This Protective Order does not confer blanket protection on all disclosures or responses to discovery; the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles; and it does not presumptively entitle parties to file confidential information under seal.

**2**. NEED FOR PRODUCTION.  The parties' need for production of privileged and confidential information and records outweighs any reason for maintaining the privacy and confidentiality of those records.

**3**. "CONFIDENTIAL" MATERIAL.  "Confidential" material shall include the following documents and tangible things produced or otherwise exchanged:

      A. Protected Information Regarding Children,

      B. Protected Health Information,

C. Protected Personal Identifying Information of Third Parties to Include

Personnel Files of Licensed Entities,

D. Licensing Files,

E. FAMLINK Files, and

F. CPS Files.

**4**. State Defendants may produce copies of confidential materials without

needing to otherwise redact, without limitation, the following:

A. The names and personal information, to include medical,

psychological, alcohol and chemical dependency treatment, sex

offender status, and any related CPS referrals and/or law enforcement

contacts.

B. The names of mandatory reporters listed in CPS referrals.

C. Personal information (social security number, financial

information, personal phone number, personal e-mail address) or other

information normally redacted pursuant to Wash. Rev. Code

42.56.250.

The Court finds that given the voluminous nature of the documents at issue,

reviewing and redacting for the above information would be a hardship on the

producing party, and that the designation of the documents as confidential

sufficiently protects the third party privacy interests and appropriately balances the

need for discovery.

**5**. <u>SCOPE</u>.  The protections conferred by this Protective Order cover not only

confidential material (as defined above), but also (1) any information copied or

extracted from confidential material; (2) all copies, excerpts, summaries, or

compilations of confidential material; and (3) any testimony, conversations, or

presentations by parties or their counsel that might reveal confidential material.

However, the protections conferred by this Protective Order do not cover

information that is in the public domain or becomes part of the public domain

through trial or otherwise.

<u>ACCESS TO AND USE OF CONFIDENTIAL MATERIAL</u>

**6**. <u>Basic Principles</u>.  A receiving party may use confidential material disclosed

or produced by another party or by a non-party in connection with this case only

for prosecuting, defending, or attempting to settle this litigation. Confidential

material may be disclosed only to the categories of persons and under the

conditions described in this Protective Order. Confidential material must be stored

and maintained by a receiving party at a location and in a secure manner that

ensures that access is limited to the persons authorized under this Protective Order.

**7**. <u>Disclosure of "CONFIDENTIAL" Information or Items</u>.  Unless otherwise ordered by the Court or permitted in writing by the designating party, a receiving party may disclose any confidential material only to:

(a) the receiving party's counsel of record in this action, as well as employees of counsel to whom it is reasonably necessary to disclose the information for this litigation;

(b) the officers, directors, and employees (including in-house counsel) of the receiving party to whom disclosure is reasonably necessary for this litigation;

(c) experts and consultants to whom disclosure is reasonably necessary for this litigation, and who agree to keep the information confidential;

(d) the Court, court personnel, and court reporters and their staff;

(e) copy or imaging services retained by counsel to assist in the duplication of confidential material, provided that counsel for the party retaining the copy or imaging service instructs the service not to disclose any confidential material to third parties and to immediately return all originals and copies of any confidential material;

(f) during their depositions, witnesses in the action to whom disclosure is reasonably necessary unless otherwise agreed by the designating party or ordered by the court. Pages of transcribed deposition testimony or exhibits

to depositions regarding, referencing, or including confidential material is itself confidential and may not be disclosed to anyone except as permitted under this Protective Order;

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

**8**. <u>Filing Confidential Material</u>.  Before filing confidential material or discussing or referencing such material in court filings, the filing party shall confer with the designating party to determine whether the designating party will remove the confidential designation, whether the document can be redacted, or whether a motion to seal or stipulation and proposed order is warranted.

## <u>DESIGNATING PROTECTED MATERIAL</u>

**9**. <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each party or non-party that designates information or items for protection under this Protective Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The designating party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify, so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Protective Order. If it comes to a

designating party's attention that information or items that it designated for protection do not qualify for protection, the designating party must promptly notify all other parties that it is withdrawing the mistaken designation.

**10**. Manner and Timing of Designations.  Except as otherwise provided in this Protective Order (see, e.g., paragraph 13 below), or as otherwise stipulated or ordered, disclosure or discovery material that qualifies for protection under this Protective Order must be clearly so designated before or when the material is disclosed or produced.

**11**. Information in documentary form.  The designating party must affix the word "CONFIDENTIAL" to each page that contains confidential material.

**12**. Inadvertent Failures to Designate.  If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the designating party's right to secure protection under this Protective Order for such material.  Upon timely correction of a designation, the receiving party must make reasonable efforts to ensure that the material is treated in accordance with the provisions of this Protective Order.

## CHALLENGING CONFIDENTIALITY DESIGNATIONS

**13**. Timing of Challenges.  Any party or non-party may challenge a designation of confidentiality at any time.  Unless a prompt challenge to a designating party's confidentiality designation is necessary to avoid foreseeable,

substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

**14**. Meet and Confer.  The parties must make every attempt to resolve any dispute regarding confidential designations without court involvement. Any motion regarding confidential designations or for a protective order must include a certification, in the motion or in a declaration or affidavit, that the movant has engaged in a good faith meet and confer conference with other affected parties in an effort to resolve the dispute without court action.  The certification must list the date, manner, and participants to the conference.  A good faith effort to confer requires a face-to-face meeting or a telephone conference.

**15**. Judicial Intervention.  If the parties cannot resolve a challenge without court intervention, the designating party may file and serve a motion to retain confidentiality.  All parties shall continue to maintain the material in question as confidential until the Court rules on the challenge.

**16**. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION.  If a party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," that party must:

(a) promptly notify the designating party in writing and include a copy of

the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order

to issue in the other litigation that some or all of the material covered by

the subpoena or order is subject to this Protective Order. Such notification

shall include a copy of this Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be

pursued by the designating party whose confidential material may be

affected.

    **17**. <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>.  If a

receiving party learns that, by inadvertence or otherwise, it has disclosed

confidential material to any person or in any circumstance not authorized under

this Protective Order, the receiving party must immediately (a) notify in writing the

designating party of the unauthorized disclosures, (b) use its best efforts to retrieve

all unauthorized copies of the protected material, (c) inform the person or persons

to whom unauthorized disclosures were made of all the terms of this Protective

Order, and (d) request that such person or persons keep the information

confidential.

    **18**. <u>INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE</u>

<u>PROTECTED MATERIAL</u>.  When a producing party gives notice to receiving

PROTECTIVE ORDER ~ 9

parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the receiving parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).  This provision is not intended to modify whatever procedure may be established in an e-discovery order or agreement that provides for production without prior privilege review.

**19**. <u>NON TERMINATION AND RETURN OF DOCUMENTS</u>.  Within 60 days after the termination of this action, including all appeals, each receiving party must destroy all confidential material except counsel are entitled to retain one archival copy of all documents filed with the court, trial, deposition, and hearing transcripts, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain confidential material.  The confidentiality obligations imposed by this Protective Order shall remain in effect until a designating party agrees otherwise in writing or a court orders otherwise.

**20**. A copy of this Protective Order shall accompany each copy of information or records protected by this Protective Order released to any parties' experts.  No attorney or expert shall disclose any information gained or derived from the aforementioned information or records to anyone without further order of the Court unless the person to whom the information is disclosed is otherwise entitled to

obtain said information pursuant to this Protective Order or to statutory exemptions

from confidentiality.

**21**. This Protective Order shall remain in full force and effect until such time

as this Court modifies its terms or releases the parties from its provisions.

The District Court Clerk is directed to enter this Order and provide copies to

the parties.

DATED June 9, 2023.



                    THOMAS O. RICE
                  United States District Judge