UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| PENNY GARDNER (*f/k/a* Rodriguez),<br><br>                Plaintiff,<br><br>  v.<br><br>ISRAEL RODRIGUEZ, and STATE OF WASHINGTON; DEPARTMENT OF SOCIAL AND HEALTH SERVICES, DIVISION OF CHILDREN, YOUTH, AND FAMILY SERVICES, and CHILD PROTECTIVE SERVICES,<br><br>                Defendants. | NO. 2:22-CV-0144-TOR<br><br>ORDER ON SECOND MOTION TO AMEND COMPLAINT |

BEFORE THE COURT is Plaintiff's Second Motion to Amend Complaint for Damages. ECF No. 47. This matter was submitted for consideration without oral argument. The Court has reviewed the record and files herein, including the parties' completed briefing, and is fully informed. For the reasons discussed below, Plaintiff's Second Motion to Amend Complaint (ECF No. 47) is granted.

ORDER ON SECOND MOTION TO AMEND COMPLAINT ~ 1

## BACKGROUND

This case arises out of allegations made by Plaintiff Penny Gardner (neé Rodriguez) against her former husband, Israel Rodriguez, as well as the State of Washington and various state agencies. *See* ECF No. 11 at 1.

Plaintiff's claims were removed from Spokane County Superior Court to this Court. ECF No. 1. Upon removal, Plaintiff moved to amend her complaint. ECF No. 6. The Court granted the motion, and an amended complaint was submitted September 25, 2022. ECF Nos. 10; 11. The following State defendants were named in the first amended complaint: the State of Washington, DSHS, DCYF, and Child Protective Services ("CPS"). ECF No. 11 at 1. Plaintiff alleged that the State of Washington operated through other agencies as well, including Washington Health Care Authority ("HCA"), the Department of Health ("DOH"), and the Department of Developmental Disabilities ("DDD"), but did not name those entities specifically as defendants. *Id.* at 1-2.

As to the State defendants, Plaintiff asserted the following causes of action: (1) deprivation of her due process rights under the U.S. and Washington State Constitutions, (2) deprivation of her equal protection rights under the U.S. and Washington State Constitutions, and (3) tortious interference with her contractual rights and business expectancies. ECF No. 11 at 47-52. As to Defendant Rodriguez, Plaintiff claimed (1) breach of fiduciary duty, (2) unjust enrichment,

ORDER ON SECOND MOTION TO AMEND COMPLAINT ~ 2

(3) constructive fraud, (4) interference with a business expectancy, (5) fraud, (6) intentional infliction of emotional distress (or, alternatively, negligent infliction of emotional distress, and (7) outrage. *Id.* at 53-62.

Following acceptance of the first amended complaint, the Court entered a scheduling order which instructed the parties to move to amend the pleadings or add parties by June 20, 2023. ECF No. 27 at 2. The Order also set a discovery deadline of August 29, 2023. *Id.*

On the June 20 deadline to amend pleadings, Plaintiff sought an extension of time to amend her complaint and add parties. ECF No. 38. Plaintiff alleged that she needed time to identify an unknown "indispensable" party referenced in the State's Answer and to further investigate whether other State agencies needed to be added to the action. *Id.* at 7. The State Defendants responded by identifying the indispensable party as WRN. ECF No. 43 at 6, ¶ 26. The Court granted the motion in part, ordering Plaintiff to amend the complaint by August 4, 2023. ECF No. 46. The Court added it might entertain a motion to continue the discovery deadline depending on Plaintiff's amendment. *Id.*

On August 4, 2023, Plaintiff moved for leave to file the second amended complaint at issue here. ECF No. 47-1. The second complaint names the State of Washington as the Defendant, "acting through and [doing business as]" DSHS, DCYF, and several other entities, including HCA, DOH, DDD, the Child

ORDER ON SECOND MOTION TO AMEND COMPLAINT ~ 3

Protective Licensing Services Division ("CPS Licensing Division"), DCYF Licensing Division, Children's Administration and Division of Licensed Resources, and Attorney General's Office (AGO). *Id.* at 2-3. The complaint seeks to add claims against the State Defendants for (1) breach of contract, (2) constructive fraud and fraudulent concealment, and (3) intentional infliction of emotional distress and outrage, but drops the claims against those same entities for tortious interference with a contract and business expectancies. *Id.* at 47-50, ¶¶ 3.5-3.16. The causes of action against Defendant Rodriguez are unchanged, except for the apparent deletion of the negligent infliction of emotional distress claim. *Id.* at 51-57.

Plaintiff claims that the new causes of action against the State Defendants are necessary because evidence of the State's misconduct supporting those charges was not uncovered until May 26, 2023. ECF No. 47 at 3. Specifically, she alleges that (1) she received testimony from the State that it treated Defendant Rodriguez's updated 2017 licensing renewal application as an amending superseding application yet did not give her notice of that modification, and (2) the State produced, for the first time, evidence of DCYF's illegal compact with Defendant Rodriguez attempting to deprive her of her present and future licensing rights. ECF No. 47-1 at 33, ¶ 2.100; 43, ¶ 2.141; *see also* ECF No. 48 at 2, ¶ 2.

The State Defendants oppose the motion insofar as Plaintiff seeks to add new causes of action against them on the basis that further amendment would be futile. ECF No. 53 at 2. They do not oppose Plaintiff dropping her claims against them for tortious interference with a contract or business expectancy or mention the addition of other State agencies as defendants. *Id.* Additionally, on August 29, 2023, the parties requested a two-month extension of discovery and related deadlines. ECF No. 55.

**DISCUSSION**

**I.    Legal Standard Governing Amended Pleadings**

Federal Rule of Civil Procedure 15(a)(1) allows a party to amend its pleading only once as a matter of course. From thereon, a party may only amend its pleading after obtaining the opposing party's written consent or leave of the court. Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." *Id.*; *see also Armijo v. Yakima HMA, LLC*, 868 F. Supp. 2d 1129, 1134 (E.D. Wash. 2012) ("The standard for granting leave to amend is generous.").

In *Foman v. Davis*, the Supreme Court specified the narrow circumstances where a court may decline to give leave to amend a pleading, including where there has been "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or]

futility of amendment." 371 U.S. 178, 182 (1962). "Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (emphasis in original).

Courts in the Ninth Circuit consider an amendment futile only where "'no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense.'" *Missouri ex rel. Koster v. Harris*, 847 F.3d 646, 656 (9th Cir. 2017) (quoting *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988), *overruled on other grounds by Ashcroft v. Iqbal*, 556 U.S. 662 (2009)). The test for futility is thus identical to the test for whether a pleading fails "to state a claim upon which relief can be granted" under Rule 12(b)(6). *Miller*, 845 F.3d at 214; *see also Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1298 (9th Cir. 1998) (general rule permitting parties to amend their pleadings "does not extend to cases in which any amendment would be an exercise in futility or where the amended complaint would also be subject to dismissal.") (citation omitted).

To withstand a Rule 12(b)(6) motion to dismiss, a complaint must set forth factual allegations sufficient "to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff

ORDER ON SECOND MOTION TO AMEND COMPLAINT ~ 6

pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). "Review is limited to the complaint, materials incorporated into the complaint by reference, and matters of which the court may take judicial notice." *Metzler Inv. GMBH v. Corinthian Colls., Inc.*, 540 F.3d 1049, 1061 (2008). The plaintiff's "allegations of material fact are taken as true and construed in the light most favorable to the plaintiff[,]" but "conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim." *In re Stac Elecs. Sec. Litig.*, 89 F.3d 1399, 1403 (9th Cir. 1996) (citation and brackets omitted).

The decision to grant or deny the opportunity to amend is a matter committed to the sound discretion of the trial court, as is the decision to dismiss an amended pleading with prejudice. *Foman*, 371 U.S. at 182.

**II.    Amendment and Futility**

Defendant has raised serious concerns over the futility of Plaintiff's draft Second Amended Complaint. With these concerns in mind, the Court will allow Plaintiff to file a correct Second Amended Complaint <u>with the warning that inadequately plead and futile allegations will be dismissed upon the filing of a motion to dismiss.</u>

//

//

ORDER ON SECOND MOTION TO AMEND COMPLAINT ~ 7

**ACCORDINGLY, IT IS HEREBY ORDERED:**

Plaintiff's Second Motion to Amend Complaint, ECF No. 47, is **GRANTED**. Plaintiff shall file such within 7-days from today.

The District Court Executive is directed to enter this Order and furnish copies to counsel.

DATED September 5, 2023.

THOMAS O. RICE
United States District Judge