MARY SCHULTZ                                    Hon. Thomas O. Rice
MARY SCHULTZ LAW, P.S.
2111 E. Red Barn Lane
Spangle, WA 99031
Tel: (509) 245-3522, Ext. 1
E-mail: Mary@MSchultz.com

*Attorney for Plaintiff Penny Gardner*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| PENNY GARDNER (*fka* RODRIGUEZ), | Case No. 2:22-cv-00144-TOR |
| Plaintiff, | PLAINTIFF PENNY GARDNER'S (*fka* RODRIGUEZ)'S SECOND AMENDED COMPLAINT FOR DAMAGES |
| v. | |
| ISRAEL RODRIGUEZ, | |
| Defendant, | |
| and | |
| STATE OF WASHINGTON, ACTING THROUGH AND D/B/A THE WASHINGTON HEALTH CARE AUTHORITY (HCA), WASHINGTON STATE DEPARTMENT OF HEALTH (DOH), WASHINGTON STATE DEPARTMENT OF SOCIAL AND HEALTH SERVICES (DSHS), DEPARTMENT OF | |

PLAINTIFF PENNY GARDNER'S SECOND AMENDED
COMPLAINT FOR DAMAGES
Page 1 of 59

DEVELOPMENTAL DISABILITIES (DDD), CHILD PROTECTIVE SERVICES (CPS), CHILD PROTECTIVE SERVICES LICENSING DIVISION, DEPARTMENT OF CHILDREN, YOUTH AND FAMILY SERVICES (DCYF), DCYF LICENSING DIVISION, CHILDREN'S ADMINISTRATION AND DIVISION OF LICENSED RESOURCES, AND ATTORNEY GENERAL'S OFFICE.

Defendant.

As her Second Amended Complaint, Plaintiff Penny Gardner alleges as follows:

## I.    PARTIES, JURISDICTION AND VENUE.

1.1     Plaintiff Penny Gardner (Gardner) is a resident of Maricopa County, Arizona.

1.2     Defendant Israel Rodriguez (Rodriguez) is believed to be a resident of Spokane County, Washington.

1.3     The Defendant State of Washington (Defendant State) operated through its departments, agencies, entities, officials, agents, and employees, for

PLAINTIFF PENNY GARDNER'S SECOND AMENDED
COMPLAINT FOR DAMAGES
Page 2 of 59

MARY
SCHULTZ
LAW. P.S.
2111 E. Red Barn Lane
Spangle, WA 99031
(509) 245-3522
Mary@MSchultz.com

all facts alleged herein, with the relevant dba entities for purposes of this complaint believed to be the State of Washington, d/b/a the Washington Health Care Authority (HCA), Washington State Department of Health (DOH), Washington State Department of Social and Health Services (DSHS), Department of Developmental Disabilities (DDD), Child Protective Services (CPS), Child Protective Services Licensing Division, Department of Children, Youth and Family Services (DCYF), DCYF Licensing Division, Children's Administration and Division of Licensed Resources (DLR), and its Attorney General's Office (ATG), with the interaction of these entities causing the damage referenced throughout and still being investigated.

1.4     All of the foregoing are collectively identified herein as "Defendant State," with their interaction described herein, which remains to be investigated by a Rule 30(b)(6) deposition.

1.5     Weeping Ridge North LLC (WRN) is not a party to this action. It was rendered inoperative on July 5, 2019, and thereafter rendered defunct by Defendants' actions.

1.6     On August 8, 2019, Gardner filed a pre-suit tort claim against

PLAINTIFF PENNY GARDNER'S SECOND AMENDED
COMPLAINT FOR DAMAGES
Page 3 of 59

MARY SCHULTZ LAW. P.S.
2111 E. Red Barn Lane
Spangle, WA 99031
(509) 245-3522
Mary@MSchultz.com

Defendant State of Washington acting through certain of its agencies then known, including Department of Social and Health Services, and its Department of Children, Youth and Family Services, under RCW 4.92.100, alleging federal and state claims.

1.7     Gardner supplemented her claims on, e.g., September 7, 2019, May 25, 2021, June 17, 2022 and June 24, 2022.

1.8     On May 25, 2021, Gardner filed her federal constitutional and state tort claims against Defendant State in the Spokane County Superior Court under Cause No. 21-2-00613-32, which was consolidated into Superior Court 19-2-03497-32.

1.9     On July 9, 2021, Defendant State moved in the state court to dismiss all of Gardner's claims against it under Rule 12(b)(6), claiming that Gardner could prove no set of facts consistent with the complaint entitling her to relief on due process and conspiracy grounds. ECF 2-7-2.9; State Court Dkt.79-81.

1.10     The court denied Defendant State's motion. ECF 2-24; State Dkt. 139, filed December 15, 2021.

PLAINTIFF PENNY GARDNER'S SECOND AMENDED
COMPLAINT FOR DAMAGES
Page 4 of 59

MARY
SCHULTZ
LAW. P.S.

2111 E. Red Barn Lane
Spangle, WA 99031
(509) 245-3522
Mary@MSchultz.com

1.11    On May 6, 2022, Defendant State moved for final judgment on the court's earlier December 15, 2021 order denying dismissal of the Plaintiffs' claims, asking the court to conclude that its order denying dismissal of Gardner's claim was actually an order dismissing the claims. ECF 2-29, 2-30; Dkt. 180-181.

1.12    The Court denied Defendant State's motion. ECF 2-36; Dkt. 223, entered May 20, 2022.

1.13    On May 20, 2022, the court consolidated Gardner's claims against Defendant State into an active 2019 case file (2019-2-03497-32) where Gardner made claims against Defendant Rodriguez. ECF 2-37; Dkt. 222.

1.14    On June 16, 2022, Defendant State removed all of Gardner's pending claims in the state case to this Court, asserting that Gardner's claims raised federal questions under 42 U.S.C. 1983, 1985 and 1986, and that this Court has supplemental jurisdiction over Gardner's state claim, per § 1367. ECF 1.

1.15    Defendant answered Gardner's complaint in this forum on June 23, 2022. ECF 4.

PLAINTIFF PENNY GARDNER'S SECOND AMENDED
COMPLAINT FOR DAMAGES
Page 5 of 59

MARY
SCHULTZ
LAW. P.S.

2111 E. Red Barn Lane
Spangle, WA 99031
(509) 245-3522
Mary@MSchultz.com

1.16    To the extent that any tort claim amendment could implicate pre-suit filings, then sixty calendar days have elapsed from the time of Gardner's June 24, 2022 third supplement presented to the Office of Risk Management in the Department of Enterprise Services.

1.17    This Court has jurisdiction over the parties for purposes of these claims herein stated, and venue is proper in this Eastern District of Washington.

## II.    FACTS.

### A.    Washington State's Medically Intensive Children's Program.

2.1    Defendant State of Washington acts through its Health Care Authority (HCA) to maintain a Medically Intensive Children's Program (MICP), which provides skilled nursing to children ages 17 and younger who have complex medical needs requiring a registered nurse to provide support. *See* https://www.hca.wa.gov/health-care-services-supports/medically-intensive-childrens-program-micp

2.2    Defendant State provides managed health care plans for such children through its HCA which insures those children's access to medical services, including through insurers such as, e.g., Coordinated Care of

PLAINTIFF PENNY GARDNER'S SECOND AMENDED
COMPLAINT FOR DAMAGES
Page 6 of 59

MARY
SCHULTZ
LAW. P.S.

2111 E. Red Barn Lane
Spangle, WA 99031
(509) 245-3522
Mary@MSchultz.com

Washington, Molina Healthcare of Washington, United Healthcare Community Plan, Amerigroup, and Community Health Plan of Washington.  *See* https://www.hca.wa.gov/health-care-services-supports/apple-health-medicaid-coverage/apple-health-managed-care#contact-your-apple-health-plan.

2.3     Medically fragile children are defined by Defendant State through its Washington Department of Children, Youth and Families (DCYF) as children who have "medical conditions that require the availability of 24-hour skilled care from a health care professional or specially trained family or foster family member," which "conditions may be present all the time or frequently occurring," and where "[i]f the technology, support, and services provided to a medically fragile child are interrupted or denied, the child may, without immediate health care intervention, experience death." *See* https://www.dcyf.wa.gov/4517-health-care-services-children-placed-out-home-care/45171-medically-fragile-children.

2.4     In 2012, Spokane County did not have a pediatric facility that could care for such medically fragile children.

PLAINTIFF PENNY GARDNER'S SECOND AMENDED
COMPLAINT FOR DAMAGES
Page 7 of 59

*MARY SCHULTZ LAW, P.S.*

2111 E. Red Barn Lane
Spangle, WA 99031
(509) 245-3522
Mary@MSchultz.com

**B.**  **Washington State Licensed Gardner and Rodriguez to Provide Pediatric Critical Care, and That Care Provided Was Extremely Valuable.**

2.5    Plaintiff Penny Gardner is and was a registered nurse (RN), with a Master's Degree in counseling, a Bachelor of Science Degree in Nursing, and, in the relevant time period of this complaint, was pursuing an Advanced Registered Nurse Practitioner degree.

2.6    Defendant Israel Rodriguez is and was certified as a Certified Nursing Assistant (CNA).

2.7    During the period of the years 2012 through May 2017, Plaintiff Gardner and Defendant Rodriguez were husband and wife, separating on or about May 4, 2017, and formally divorced on October 21, 2021.

2.8    On June 5, 2012, while married, Plaintiff Gardner and Defendant Rodriguez created Weeping Ridge North, LLC (WRN), with a UBI # 603212713, listing its address as 2455 W. Bench Road in Othello, Washington.

2.9    On February 7, 2014, the Center for Medicare and Medicaid Services' National Plan and Provider Enumeration System (NPPES) assigned a

PLAINTIFF PENNY GARDNER'S SECOND AMENDED
COMPLAINT FOR DAMAGES
Page 8 of 59

MARY
SCHULTZ
LAW. P.S.

2111 E. Red Barn Lane
Spangle, WA 99031
(509) 245-3522
Mary@MSchultz.com

National Provider Identifier (NPI) Registry number to WRN, listing its primary

practice address as 10226 N. Seminole Drive in Spokane, Washington, and

assigning it NPI number 1366866626.

2.10     On April 11, 2014, Gardner and Rodriguez created Weeping

Ridge Home Health LLC (WRNHH) listing its address at 2455 W. Bench Road

in Othello.

2.11     Gardner and Rodriguez jointly owned WRNHH and WRN.

2.12     The State knew that Penny Gardner and Israel Rodriguez jointly

owned these entities.

2.13     On June 26, 2014, Defendant State issued a "Children's Agency

License" to joint owners Gardner and Rodriguez for their WRN facility.

2.14     Defendant State confirmed that this license "was for both Penny

and Israel Rodriguez." [1]

---

[1]   *See* August 6, 2019 email from DCYF Melissa Fielding to DCYF's James

Hart, in response to inquiry from Plaintiff Gardner as to what had happened to

PLAINTIFF PENNY GARDNER'S SECOND AMENDED
COMPLAINT FOR DAMAGES
Page 9 of 59

*M*ARY
*S*CHULTZ
*L*AW. P.S.

2111 E. Red Barn Lane
Spangle, WA 99031
(509) 245-3522
Mary@MSchultz.com

2.15	The WRN license designated Gardner and Rodriguez's facility a "Group Care Facility," and identified its operation at 10226 North Seminole Drive in Spokane, Washington.  The license allowed Gardner and Rodriguez to provide pediatric critical care to medically fragile children.

2.16	On July 31, 2014, Rodriguez registered WRNHH with the Washington Secretary of State, also identifying its business address as 10226 N. Seminole Drive in Spokane, stating that it operated under the Registered Trade Names of "Weeping Ridge" and "Weeping Ridge Home Health."

2.17	By November 12, 2015, WRN had been so successful in providing care to critical care children that Defendant State modified Gardner and Rodriguez's group home license to increase WRN's overall capacity and the age range of the children to be served, to a capacity of ten (10) children of either

---

her license for WRN in the year 2017, followed by Hart so advising Gardner on August 7, 2019.

PLAINTIFF PENNY GARDNER'S SECOND AMENDED
COMPLAINT FOR DAMAGES
Page 10 of 59

MARY
SCHULTZ
LAW. P.S.

2111 E. Red Barn Lane
Spangle, WA 99031
(509) 245-3522
Mary@MSchultz.com

gender "between the ages of birth to eighteen (18) years old." [2]

2.18    On March 3, 2016, Rodriguez applied to the Amerigroup health plan, listed both WRN and WRNHH as being at 10226 North Seminole Drive in Spokane, and gave Amerigroup the same NPI for both entities.

2.19    On April 13, 2016, Rodriguez obtained a different NPI number for WRNHH (171034912), now showing its business and practice address as 12402 Osprey Road in Nine Mile Falls, WA, which was Gardner and Rodriguez's then-residence.

2.20    On March 3, 2017, Gardner and Rodriguez added Defendant State's DSHS as an insured to WRN's "Colony Insurance Company," policy (AP203467). That policy would expire on March 3, 2018.

2.21    Gardner and Rodriguez received substantial revenue from Defendant State as "Contractors."

---

[2]    *See* Defendant State's revocation letter, June 25, 2020.

PLAINTIFF PENNY GARDNER'S SECOND AMENDED
COMPLAINT FOR DAMAGES
Page 11 of 59

*MARY SCHULTZ LAW. P.S.*

2111 E. Red Barn Lane
Spangle, WA 99031
(509) 245-3522
Mary@MSchultz.com

2.22    Defendant State defined the term "Contractor" to mean and to include all LLC owners/ members, meaning, in this case, both Penny Gardner and Israel Rodriguez.

2.23    Defendant State's contacts state that the term "Contractor" means the "individual or entity performing services pursuant to this Contract and includes the Contractor's owners, (and) members…"

2.24    Were DSHS to terminate a contract, it was required to give notice to the Contractor, which encompasses the LLC owners.

2.25    From 2014 through 2017, under their state license, Gardner and Rodriguez provided critical medical care through their LLC to the Defendant State's various health care managed care plans as contractors, and this included providing services to the State of Washington's Department of Developmental Disability "wrap" services, Amerigroup, Community Health Plan of Washington, Coordinated Care of Washington, Molina Healthcare of Washington and United Health Care Community Plan.

2.26    Gardner and Rodriguez were required to qualify as contractors for each plan through an application process they both engaged in as owners

PLAINTIFF PENNY GARDNER'S SECOND AMENDED
COMPLAINT FOR DAMAGES
Page 12 of 59

MARY
SCHULTZ
LAW. P.S.

2111 E. Red Barn Lane
Spangle, WA 99031
(509) 245-3522
Mary@MSchultz.com

confirming that their WRN facility had the proper liability insurance and staffing.

2.27    Defendant State also imposes licensing requirements upon its group care facilities, which include, but are not limited to, criteria found in 2014 in RCW Chapter 74.15 (child care licensing statute) and WAC Chapter 388-145, and 147 (Social and Health Services, Department of), which was repealed and replaced in December 2014, and now cited at WAC chapter 11-145 et seq. Department of Children, Youth and Families)

2.28    Any license issued by the Defendant State is valid for a period of three years. WAC 388-145-1345, thus, after the June 26, 2014 issuance to Gardner and Rodriguez, their license was valid until approximately June 26, 2017.

2.29    By March 29, 2017, approaching the time required for renewal of their WRN license, Gardner and Rodriguez had filled all 10 authorized beds at WRN, and WRN was generating around $126,000 a month of discretionary income to Gardner and Rodriguez.

2.30    Defendant State also requires all authorized and licensed medical providers doing work such as WRN to maintain insurance as a facility,

PLAINTIFF PENNY GARDNER'S SECOND AMENDED
COMPLAINT FOR DAMAGES
Page 13 of 59

MARY
SCHULTZ
LAW. P.S.

2111 E. Red Barn Lane
Spangle, WA 99031
(509) 245-3522
Mary@MSchultz.com

and per nurse at each facility, to operate in such a complex critical care medical environment.

2.31    During all periods of licensing through March 2017, Gardner and Rodriguez were required to maintain insurance for WRN, and did so.

2.32    Defendant State knew that Plaintiff Gardner operated as the Registered Nurse Clinical Director of the medical care actually provided the children in her WRN facility, and that Rodriguez handled the administrative registration, accounting, financial and insurance duties of the facility.

2.33    Defendant State had the duty to monitor WRN's operation and compliance, as evidenced by RCW 74.15.130's suspension statute, and it did so through its various agencies, including investigators in its DCYF and its Child Protective Services (CPS) agencies.

2.34    Any suspension of an issued license is subject to a statutory process.  RCW 74.15.130 allows the Defendant State to suspend a license issued pursuant to chapter 74.15 RCW upon proof of certain criteria, including failures of an agency to comply with the provisions or requirements of chapter 74.15 RCW and RCW 74.13.031 or "(b) that the conditions required for the issuance

PLAINTIFF PENNY GARDNER'S SECOND AMENDED
COMPLAINT FOR DAMAGES
Page 14 of 59

MARY
SCHULTZ
LAW. P.S.

2111 E. Red Barn Lane
Spangle, WA 99031
(509) 245-3522
Mary@MSchultz.com

of a license under chapter 74.15 RCW and RCW 74.13.031 have ceased to exist with respect to such licenses."

2.35    With RN Gardner acting as WRN's clinical director, and Rodriguez performing the administration and occasional CNA care in concert with Gardner, as of March 2017, Gardner and Rodriguez had consistently satisfied all criteria for renewal of their WRN license.

2.36    Through March 2017, Gardner and Rodriguez's treatment record of the children in the WRN facility was generally exemplary.

2.37    Through March 2017, Gardner and Rodriguez remained under ongoing contracts with Defendant State to provide pediatric critical care, which generally assured them of a license renewal.

2.38    Through March 2017, Defendant State had not issued any notices of any intent to terminate any of its contracts with Gardner and Rodriguez.

2.39    On March 29, 2017, Gardner and Rodriguez jointly applied to renew their WRN group home license in general accordance with RCW 74.15.110's renewal statute (which requires reapplication at least 90 days before

PLAINTIFF PENNY GARDNER'S SECOND AMENDED
COMPLAINT FOR DAMAGES
Page 15 of 59

MARY
SCHULTZ
LAW. P.S.

2111 E. Red Barn Lane
Spangle, WA 99031
(509) 245-3522
Mary@MSchultz.com

the June 27, 2017 formal expiration of their original three-year license issued on June 26, 2014).

2.40    Upon that March 29, 2017 renewal application, then per RCW 74.15.110, if Defendant State did not act to renew the license by June 27, 2017, then the license issued to Gardner and Rodriguez on June 26, 2014, would remain in effect until the Defendant State renewed it.[3]

## C.    In 2017, Defendant State Directed Defendant Rodriguez to Assist In Removing Plaintiff Gardner's Rights To Notice Of State Action, Without Notice to Her.

2.41    In May 2017, Defendant State was made aware by Defendant Israel Rodriguez that he was engaged in a business takeover of WRN by use of an ex parte domestic relations legal process which would allow a party an ex

---

[3]    RCW 74.15.110 provides that "If the department has failed to act at the time of the expiration date of the license, the license shall continue in effect until such time as the department shall act." RCW 74.15.110.

PLAINTIFF PENNY GARDNER'S SECOND AMENDED
COMPLAINT FOR DAMAGES
Page 16 of 59

*Mary Schultz Law, P.S.*

2111 E. Red Barn Lane
Spangle, WA 99031
(509) 245-3522
Mary@MSchultz.com

parte restraining order.

2.42     On May 6, 2017, Defendant Rodriguez notified the Defendant State that he had evicted Gardner from WRN with an ex parte order that restrained Gardner from going within 500 feet of Rodriguez's workplace, which was WRN. Rodriguez told the Defendant State: "In regards to Weeping Ridge North, it is my obligation to inform you of circumstances that have, unfortunately, arisen in my personal life. Attached to this email is a signed and filed Temporary Protection Order restraining Penny Rodriguez, RN from her home and the premises at 10226 N Seminole Dr. Spokane, WA as of 05/04/2017."

2.43     Rodriguez confirmed his wholesale business takeover to the Defendant State:

> Please be assured that my intentions are to provide protection for all children in my care. I have attained legal council (sic) at Randall/Danskin (Marty Salina and Mike Grover) 601 W Riverside Ave #1500, Spokane, WA 99201 Ph: 509.747.2052. I am seeking a permanent order with my legal team at this time.

…….

> Please be aware that I am bringing on extra nursing staff for coverage with clearance in order to continue to provide the necessary care at Weeping Ridge North.

PLAINTIFF PENNY GARDNER'S SECOND AMENDED
COMPLAINT FOR DAMAGES
Page 17 of 59

*Mary*
*Schultz*
*Law. P.S.*

2111 E. Red Barn Lane
Spangle, WA 99031
(509) 245-3522
Mary@MSchultz.com

I have sent out notice to my management team for a mandatory meeting to be held on Monday (05/08/2017) at 8:30 a.m. to confer plans for moving forward for the children in our care at Weeping Ridge North, which you are invited to attend.

Again, this is an unfortunate circumstance and I appreciate your continued support.

2.44    Defendant State circulated Rodriguez's notice from DCYF to Defendant's Attorney General (ATG), transmitting it from DCYF's Melissa Fielding to Defendant State's Assistant Attorney General Chris Jordan.

2.45    On May 7, 2017, Defendant Rodriguez informed Defendant State that he had told his staff as follows:

As you all know, we are required by law to report any person who has cause to believe that a child has suffered abuse or neglect should report such incidents. We, unfortunately, have at this time a staff member that has these alleged accusations. A Temporary Order for Protection and Notice has been issued in this manner as of 05/04/2017 which is signed and filed with Stevens County.

This is a formal notice stating that Penny Rodriguez, RN (Director of Nursing) at Weeping Ridge North has alleged accusations that require me to write this letter. Even though these allegations are of a personal manner and are toward her own children, you are being notified as it is mandatory reporting. She (Penny Rodriguez, RN) will no longer be allowed any contact with staff and/or residents at any time for any reason, please contact me if you require assistance in this manner.

PLAINTIFF PENNY GARDNER'S SECOND AMENDED
COMPLAINT FOR DAMAGES
Page 18 of 59

MARY SCHULTZ LAW. P.S.

2111 E. Red Barn Lane
Spangle, WA 99031
(509) 245-3522
Mary@MSchultz.com

She is prohibited from the premises at 10226 N Seminole Dr. Spokane, WA 99208. Please call 911 immediately and report her violation of orders.

A mandatory management team meeting will be held on Monday (05/08/2017) at 8:30 a.m. to confer plans for moving forward for the children in our care at Weeping Ridge North.

Thank you for your discretion and understanding,

Israel Rodriguez-Administrator.

2.46    On May 7, 2017, Defendant Rodriguez told the Defendant State, falsely, that Gardner "was recently *charged* with one or two counts of child abuse and neglect of her two biological children." *See Revocation* letter, June 25, 2020, p. 5, which Defendant State knew to be untrue.

2.47    Defendant State knew that Gardner had not been criminally charged with any such thing.

2.48    As of May 7, 2017, Defendant State knew that Gardner and Rodriguez were separated, and that Rodriguez had excluded Gardner from WRN property and from the parties' residence by use of a Stevens County Superior Court order.

2.49    Defendant State knew that Defendant Rodriguez had gained

PLAINTIFF PENNY GARDNER'S SECOND AMENDED
COMPLAINT FOR DAMAGES
Page 19 of 59

*MARY SCHULTZ LAW. P.S.*

2111 E. Red Barn Lane
Spangle, WA 99031
(509) 245-3522
Mary@MSchultz.com

control of WRN and excluded Gardner from the property by making claims that Gardner had engaged in "child abuse" as to her own children.

2.50    On May 11, 2017, the Defendant State's regional licensor, Darwin Bleth notified the State's "DLR" and CPS, among others, that Defendant Rodriguez had evicted Penny Gardner from her facility.  Defendant State's Bleth received e-mail notice from Rodriguez of a mandatory meeting Rodriguez intended would be held the next Monday morning to discuss and strategize how to operate the program without Rodriguez.

2.51    Defendant State received the court documents restraining Gardner from WRN, and it circulated those documents to DLR Leadership and CPS. Rodriguez 01028202.

2.52    Defendant State's Bleth told Rodriguez to report his claims of Gardner's child abuse to the State, writing: "So, please go ahead and call in and report the alleged abuse and neglect of your children to our intake, so they can

PLAINTIFF PENNY GARDNER'S SECOND AMENDED
COMPLAINT FOR DAMAGES
Page 20 of 59

ᴹARY
SCHULTZ
ᴸAW. P.S.

2111 E. Red Barn Lane
Spangle, WA 99031
(509) 245-3522
Mary@MSchultz.com

get it in the system as a DCFS-CPS case."[4]

2.53    Defendant State's regional licensor participated in a staffing with DLR/CPS Supervisor Stacey Arquette, DLR/CPS Investigator Jennifer Susuzcki, and DLR Regional Licensing Supervisor Melissa Fielding regarding Rodriguez's exclusion of Gardner. Defendant State internally "discussed the non-CPS intake was re-screened to a CPS Negligent Treatment/Maltreatment case."

2.54    Defendant State circulated the court documents sent from Rodriguez "to additional supervisors within the department." *Id.* Rodriguez 01028204.

2.55    By May 11, 2018, Defendant State thus knew that Plaintiff Gardner had been evicted from the 12402 Osprey Road address in Nine Mile Falls, WA, which had been Gardner and Rodriguez's then-residence, and from the 10226 N. Seminole Drive in Spokane, Washington, which was her WRN

---

[4]    State's Production, Rodriguez 01028204.

PLAINTIFF PENNY GARDNER'S SECOND AMENDED
COMPLAINT FOR DAMAGES
Page 21 of 59

*Mary*
*Schultz*
*Law, P.S.*

2111 E. Red Barn Lane
Spangle, WA 99031
(509) 245-3522
Mary@MSchultz.com

address.

2.56    Defendant State knew that Gardner could not access either address, and that there would be no contact or communication between Gardner and Rodriguez.

2.57    Defendant State knew that Gardner would not receive communications mailed to either the North Seminole or Osprey Road addresses.

2.58    Defendant State knew that Rodriguez was now operating WRN without an R.N. clinical director.

2.59    Defendant State knew, even by an insurance policy issued May 27, 2017 for WRNHH still listed at the North Seminole address, that Gardner remained a 50% owner of both WRN and WRN HH.

2.60    On May 24, 2017, Defendant State, acting through its DLR Regional Licensor Darwin Bleth, directed Defendant Rodriguez to submit a renewal application that did not list Plaintiff Gardner in any respect or position, and directed Rodriguez to submit that application by "on or before 6/25/17, the last day of the current licensure period."

2.61    Defendant State intentionally withheld this conduct from Gardner.

PLAINTIFF PENNY GARDNER'S SECOND AMENDED
COMPLAINT FOR DAMAGES
Page 22 of 59

MARY
SCHULTZ
LAW. P.S.

2111 E. Red Barn Lane
Spangle, WA 99031
(509) 245-3522
Mary@MSchultz.com

2.62     On May 31, 2017, Defendant State began encouraging Gardner's own children to file a "CHINS" petition against her, which Gardner confirmed with Defendant State Attorney General's Sylvia Glover, Olga Kristofoyer, and DSHS's Paula Gorman and Tia Amich.

2.63     On June 9, 2017, Defendant State's CPS had determined that Rodriguez's claims against Gardner for child abuse/neglect and child maltreatment were unfounded. Defendant State's AG Sylvia Glover notified Gardner's counsel of the intended finding.

2.64     By June 13, 2017, Defendant State's Child Protective Services formally deemed Defendant Rodriguez's child abuse claims against Gardner to be unfounded.

2.65     Because of Gardner's March 29, 2017 renewal application, and because the Defendant State had not acted to renew the license by June 27, 2017 (or June 25), the license issued to Gardner and Rodriguez on June 26, 2014 remained in effect. RCW 74.15.110.

2.66     Defendant State was fully aware of Gardner's contact information as well as her counsel's, had email addresses for both, and was

PLAINTIFF PENNY GARDNER'S SECOND AMENDED
COMPLAINT FOR DAMAGES
Page 23 of 59

MARY
SCHULTZ
LAW. P.S.

2111 E. Red Barn Lane
Spangle, WA 99031
(509) 245-3522
Mary@MSchultz.com

communicating with Gardner's counsel regarding their investigations of Gardner.

2.67 Defendant State became a material collaborator and participant with Rodriguez in excluding Gardner from WRN, and in depriving her of her licensing rights without any notice to her, notwithstanding her ownership of that facility and her license.

2.68 Defendant State intentionally did not tell Gardner that it had directed Rodriguez to remove her from a new application.

2.69 By June 2017, Defendant State initiated and continued a string of Defendant State CPS investigations and nursing licensing investigations against Gardner.

2.70 Defendant State knew that Defendant Rodriguez and his supporters were calling in wilder claims against Gardner, at least eight are known, all of which Defendant State's CPS agency deemed unfounded.

2.71 Defendant Rodriguez was deemed by one later well-respected psychological evaluator, Dr. Ronald Klein, to have engaged in a "well-

PLAINTIFF PENNY GARDNER'S SECOND AMENDED
COMPLAINT FOR DAMAGES
Page 24 of 59

MARY
SCHULTZ
LAW. P.S.

2111 E. Red Barn Lane
Spangle, WA 99031
(509) 245-3522
Mary@MSchultz.com

orchestrated plan" to remove Gardner from her four children's lives by his actions.

2.72    On June 19, 2017, while under these continuing investigations, Gardner agreed to a temporary order in her dissolution case in the Stevens County Superior Court which formally assigned Defendant Rodriguez the role of "chief administrator" duties for her WRN and its residents, as well as for the parties' four other vulnerable adult businesses.

2.73    Gardner ensured, however, and the Court imposed, a mandate on Rodriguez that Rodriguez ensure that no professional license or contract lapsed unless in the ordinary course of business.

2.74    Gardner ensured, and the Court imposed, a mandate on Rodriguez that Rodriguez not "allow a lapse in insurance coverage of any kind while this action is pending, unless it is in the ordinary course of business," and that he not "transfer, cancel, borrow against, let expire, or change the beneficiary of any policy, without authorization from the other party while this action is pending."

PLAINTIFF PENNY GARDNER'S SECOND AMENDED
COMPLAINT FOR DAMAGES
Page 25 of 59

MARY
SCHULTZ
LAW. P.S.

2111 E. Red Barn Lane
Spangle, WA 99031
(509) 245-3522
Mary@MSchultz.com

2.75    Gardner ensured, and the Court imposed, a mandate on Rodriguez that as to his WRN administration, Defendant Rodriguez "will be accountable as such to the court and parties."

2.76    Gardner was unaware at this time that the Defendants State and Rodriguez were acting in unison to exclude her from WRN.

2.77    That same day, June 19, 2017, Defendant State's Bleth told Defendant Rodriguez that it would disregard Gardner's application naming her as being an applicant, writing to Rodriguez:

> Hello Israel, I had previously sent an e-mail on 5/24/17 notifying you that we needed a new application (one without Penny listed as the director and nursing consultant) submitted on or before 6/25/17 when your current license expires. To date, we haven't received an updated application. Did you receive the previous e-mail? It is very important that we receive the application this week, so we can get it entered into the system and avoid notifying assigned social workers that the license is expiring *with no application received*. Please call me if you have any questions. Thanks.

2.78    On June 19, 2017, Defendant Rodriguez told the Defendant State's DSHS Darwin Bleth that he had spoken to his attorney, that there were "no formal charges against Penny," and that his counsel had told him to leave Gardner on the licensing application.

PLAINTIFF PENNY GARDNER'S SECOND AMENDED
COMPLAINT FOR DAMAGES
Page 26 of 59

MARY
SCHULTZ
LAW, P.S.

2111 E. Red Barn Lane
Spangle, WA 99031
(509) 245-3522
Mary@MSchultz.com

2.79    Rodriguez invited the State to direct him to remove Gardner regardless: "Please let me know if I need to resend the application dated 04/06/2017."

2.80    Defendant State knew of Rodriguez's counsel's directive to him, and the Court's temporary order, but directed Rodriguez to submit the new application, and on June 20, 2017, Rodriguez submitted a new "Application or Child Care Agency License or Certification," having removed Gardner from it.

2.81    Defendant State decided that (Rodriguez's application of June 2017) was "an amended superseding application, thereby withdrawing the earlier application." State's Answer to Int. 10.

2.82    In this action, as of May 2023, Defendant State acknowledges that "DCYF took no action to notify Plaintiff of the status of the facility's April 7, 2017 application, or the facility's later application in June, 2017."

2.83    On June 20, 2017, Defendant State thus removed Gardner's licensing and notification rights from her without notice to her, and without giving her any opportunity to respond.

PLAINTIFF PENNY GARDNER'S SECOND AMENDED
COMPLAINT FOR DAMAGES
Page 27 of 59

MARY
SCHULTZ
LAW. P.S.

2111 E. Red Barn Lane
Spangle, WA 99031
(509) 245-3522
Mary@MSchultz.com

2.84     At no point thereafter did DCYF speak with Gardner or her attorney about the status of the WRN facility license, the renewal processes the facility had filed for in April 2017 or June of 2017, the facility staffing, the facility insurance, facility complaints, or any compliance status of the facility (or any other Weeping Ridge entity).  *See* State's Answer to Int. 10.

2.85     As of June 20, 2017, however, Gardner's June 2014 license remained in effect per RCW 74.15.110, and the June 20 document submitted by Rodriguez was invalid given 90-day statutory renewal requirements.

2.86     As of July 18, 2017, Defendant State became aware that the protection order against Gardner was vacated.

2.87     On October 18, 2017, Defendant State issued a license renewal for WRN, which necessarily renewed Gardner's joint application of March 29, 2017, given the 90-day requirement. RCW 74.15.110.

2.88     Defendant State ignored the law and intentionally deprived Gardner of her right to notice thereafter by claiming that Rodriguez was the only license holder.

2.89     Defendant State ceased all communication with Gardner

PLAINTIFF PENNY GARDNER'S SECOND AMENDED
COMPLAINT FOR DAMAGES
Page 28 of 59

regarding WRN by June 2017, and communicated thereafter only with male owner Israel Rodriguez.

**D.** **Defendant State intentionally concealed its actions in removing Gardner from her license status in June 2017, by withholding that information and making misleading statements, through this date of August 4, 2023.**

2.90     At some point yet undefined by Defendant State, Gardner asked the Defendant State for information on what had happened to her WERN license, and was told on a phone call by the Defendant State's Trixie Yotsuda, DCYF Licensor, that Gardner would have to make a public records request to get information on her own facility.  *See* State's Answer to Int. 10.

2.91     Defendant State concealed its direct involvement in directing Defendant Rodriguez to remove Gardner from her WRN license, in disregarding her March 2017 renewal application, and in replacing it with Rodriguez's application in violation of law, RCW 74.15.110, in May and June 2017.

2.92     On and after July 28, 2017, Defendant State continued to enter into contracts with "contractor" WRN, without notice to Gardner.

PLAINTIFF PENNY GARDNER'S SECOND AMENDED
COMPLAINT FOR DAMAGES
Page 29 of 59

*M*ARY
*S*CHULTZ
*L*AW. P.S.

2111 E. Red Barn Lane
Spangle, WA 99031
(509) 245-3522
Mary@MSchultz.com

2.93     On and after June 2017, Defendant State continued to withhold evidence of its involvement.

2.94     On August 6, 2019, Gardner emailed the State's public disclosure administrator for DCYF, James Hart, asking what had happened with her WRN license—"Can you please tell me the specifics of the license charge? Date? From whom to who?"

2.95     DCYF's Hart notified other DCYF personnel, including Maria Fausto at DCYF, Trixie Yotsuda, and Melissa Fieldling, who were directly involved in depriving Gardner of her licensing rights in June 2017.

2.96     Defendant State's Fielding told Hart to disclose to Gardner only that:

> The license was changed from applicants Penny and Israel Rodriguez to only Israel Rodriguez on 10/18/17 which is when the renewal of the license was issued. Israel applied as a sole applicant on 6/20/17 for the renewal of the agency which was due at that time and the renewal was completed on 10/18/17. Weeping Ridge was issued its first license on 6/26/14 and that license was for both Penny and Israel Rodriguez. I hope this helps to answer the questions below. Thank you.

2.97     On August 7, 2019, Defendant State's Hart told Gardner only what he was told by Fielding to tell her:

MARY
SCHULTZ
LAW. P.S.

2111 E. Red Barn Lane
Spangle, WA 99031
(509) 245-3522
Mary@MSchultz.com

Good morning Penny,
I received an answer for your inquiry below:

The license was changed from applicants Penny and Israel Rodriguez to only Israel Rodriguez on 10/18/17 which is when the renewal of the license was issued. Israel applied as a sole applicant on 6/20/17 for the renewal of the agency which was due at that time and the renewal was completed on 10/18/17. Weeping Ridge was issued its first license on 6/26/14 and that license was for both Penny and Israel Rodriguez."

I am hopeful that this information answers your question, but please don't hesitate to reach out, should you need any further assistance.

Thank you for the opportunity to serve you!
James DeHart
Public Disclosure Administrator
Washington State Department of Children, Youth, and Families 1310 Jefferson St. S.E.
Olympia, WA 98504
Office: 360-407-5569
James.dehart@dcyf.wa.gov www.dcyf.wa.gov
Preferred Pronouns: He/Him/His

2.98    Defendant State intentionally omitted telling Gardner that the

Defendant State had directed the removal of Gardner from the renewal process.

2.99    Defendant State has continued to withhold its involvement in

depriving Gardner of her licensing rights in June 2017.

PLAINTIFF PENNY GARDNER'S SECOND AMENDED
COMPLAINT FOR DAMAGES
Page 31 of 59

*MARY
SCHULTZ
LAW, P.S.*

2111 E. Red Barn Lane
Spangle, WA 99031
(509) 245-3522
Mary@MSchultz.com

2.99.1    In mid-2022, Gardner sent formal discovery to the Defendant State asking it about her April 2017 application and relicensing of WRN that year, and asking the Defendant State to "Identify all actions you and any of your agencies took to clarify the status of addresses for the WRN facility and its owner's addresses between June 2014 and the addresses listed in this March 29, 2017 application and thereafter…"

2.99.2    Defendant State testified on July 7, 2022, for the first time, that Defendant Rodriguez had changed the addresses for the State's notices in July 2017:

> "The designated representative of the facility provides DCYF with the physical address to send their mail," *see* Answer, Int. 5, and "Israel Rodriguez changed Weeping Willow (sic) email addresses for correspondence in approximately July 2017." Interrogatory No. 5, supplemental response.

2.100    On May 12, 2023, Defendant State testified that: "DCYF took no action to notify Plaintiff of the status of the facility's April 7, 2017 application, or the facility's later application in June, 2017, *which DCYF interpreted as an amended superseding application, thereby withdrawing the earlier application.* Plaintiff was no longer working at the Weeping Ridge North facility and was no

PLAINTIFF PENNY GARDNER'S SECOND AMENDED
COMPLAINT FOR DAMAGES
Page 32 of 59

*Mary Schultz Law, P.S.*

2111 E. Red Barn Lane
Spangle, WA 99031
(509) 245-3522
Mary@MSchultz.com

longer listed as clinical director. No background check information for Penny Rodriguez was submitted for the facility's license renewal." *See* Answer to Interrogatory 11, Objection, May 12, 2023 (emphasis added).

2.101    At all times, Defendant State knew that it had overseen the changes of addresses and applications, and that it had participated in such, all without notice to Gardner or the Stevens County court.

## E.    **Defendant State Created And Then Escalated The Risk of Gardner Losing Her License Without Notice to Her, or Opportunity to Respond.**

2.102    On and after May 4, 2017, Defendants' oversight of WRN was catastrophic to Gardner and to the children in the facility, including, over the ensuing two years, the Defendant State's receiving over 40 complaints of child abuse and neglect of the children residents in Gardner's facility under Rodriguez's administration, deaths of children, and lapse of insurance to protect those children and the facility.

2.103    Defendant State at no time communicated the existence of any of these complaints, their compounding volume, the State's attempted but

PLAINTIFF PENNY GARDNER'S SECOND AMENDED
COMPLAINT FOR DAMAGES
Page 33 of 59

*MARY*
*SCHULTZ*
*LAW. P.S.*

2111 E. Red Barn Lane
Spangle, WA 99031
(509) 245-3522
Mary@MSchultz.com

unsuccessful remediation with Rodriguez, their unsuccessful compliance plans

with Rodriguez, and the increasing probability of the Defendant State's

suspending WRN's license, to Gardner or to the Stevens County Court, even

though it had Stevens County Court Orders in its possession. *See, e.g.,* para. 2.52.

2.104     Defendant State knew that Rodriguez was not on site at WRN a

substantial part of the time as he was required to be; that he was living in Arizona,

and that he was not properly overseeing WRN as its ostensible "Chief

Administrator."

2.105     Defendant State intentionally did not advise Gardner or the

Stevens County Court of these issues with Rodriguez.

2.106     By June 29, 2018, Defendant State was notified from a referral

concerned about several children's safety in the WRN facility. The referral

reported that when one child needed to use the bathroom, that the child was told

to "go in his diaper." Defendant State was told by the referral that:

> [O]ther children in the home, names unknown have tracheostomy's and
> need their vents suctioned. The RN refuses to suction their vents when
> needed. Other staff have told the RN the children need the vents suctioned,
> but the RN refuses to do so…(that an overseeing RN supervisor )was not
> suctioning the children's vents at night…(that WRN's response was that

PLAINTIFF PENNY GARDNER'S SECOND AMENDED
COMPLAINT FOR DAMAGES
Page 34 of 59

*Mary*
*Schultz*
*Law. P.S.*

2111 E. Red Barn Lane
Spangle, WA 99031
(509) 245-3522
Mary@MSchultz.com

"that's unfortunate, but we can't do anything because we are short staffed.

2.107    By June 29, 2018, Defendant State was told that, e.g., "There are concerns about the children's safety and retaliation," and that, "There is a report of another child about two months ago who passed away because they were on a trach and their vent was not suctioned. That child passed away in April from respiratory distress." *See* June 29, 2018 intake.

2.108    On June 28,2019, Defendant State placed WRN on a "voluntary no referral so no other placements can occur while the facility is under the DLR/CPS investigations."  Defendants intentionally did not notify Gardner or the Stevens County Court of this status or risk to the viability of WRN.

2.109    On June 28, 2019, Defendant State performed an after-hours investigation of WRN, and found neglectful conditions.

2.110    One child was asked about his concerns of being in the facility and told the State "Yes I don't want anyone else to die."

2.111    One child was found in a room that "smelled of urine" and the child's "diaper appeared to be full."

2.112    WRN staff was found to be "evasive" regarding the WRN

PLAINTIFF PENNY GARDNER'S SECOND AMENDED
COMPLAINT FOR DAMAGES
Page 35 of 59

MARY
SCHULTZ
LAW. P.S.

2111 E. Red Barn Lane
Spangle, WA 99031
(509) 245-3522
Mary@MSchultz.com

children's daily routines, WRN staff told the State that suctioning of the children

"is not really scheduled," and WRN staff told the State that the investigators

should not listen to the children about their care because one child knew how to

"work the system" and "He can really tell stories."

2.113    The State's June 29, 2018 intake reflects that Defendant State

told Rodriguez that it would remove the children immediately from WRN if he

did not come back from Arizona immediately and "assure us the children's

personal and medical needs are being met."

2.114    Defendant State told Rodriguez that "if he does not return to

oversee himself the children are having their needs met then the Department will

have to move the kids out."

2.115    Defendant State told Rodriguez that complaints regarding the

failure of care inside WRN were "coming from different sources" and that

Defendant State had conducted its own internal investigation.

2.116    At no time did the Defendant State notify Gardner or the Stevens

County Court that the situation was so dire that it was threatening the removal

of the children from the WRN facility.

PLAINTIFF PENNY GARDNER'S SECOND AMENDED
COMPLAINT FOR DAMAGES
Page 36 of 59

*M*ARY
*S*CHULTZ
*L*AW. P.S.

2111 E. Red Barn Lane
Spangle, WA 99031
(509) 245-3522
Mary@MSchultz.com

2.117    By failing to notify Gardner or the Steven County Court in the face of compounding risk, Defendant State created and escalated the risk to Gardner that her license would be revoked, and the State created and escalated that risk without giving Gardner notice or any opportunity to act.

2.118    The Defendant State had a duty to Gardner as well as to the children in that facility to notify Gardner or the Stevens County Court of what was going on in that facility, as such information would have enabled Gardner to go to the Steven County Court and ask for professional management, or return to the facility to run it herself.

2.119    On July 3, 2019, Defendant State notified the parents of WRN's facility that WRN's license was going to be suspended, and their children removed.

2.120    On July 5, 2019, the Defendant State suspended Weeping Ridge North's license without notice to Gardner.

2.121    On July 5, 2019, the Defendant State wrote in its letter to Rodriguez alone:

The facts and incidents stated above lead the Department to believe your

PLAINTIFF PENNY GARDNER'S SECOND AMENDED
COMPLAINT FOR DAMAGES
Page 37 of 59

MARY
SCHULTZ
LAW. P.S.

2111 E. Red Barn Lane
Spangle, WA 99031
(509) 245-3522
Mary@MSchultz.com

foster care facility constitutes a threat to one or more children in your care as well as the public health, safety, and welfare. Specifically, these facts and incidents indicate a concerning lack of care and supervision of children, and candor with the Department necessary to keep children healthy and safe. The Department also has serious concerns about the reliability of your medical records and documentation, which prevents DCYF or any other entity from doing reasonable oversight and prevents parents whose children are placed in your facility from making informed medical decisions. Most concerning is the fact that your facility is charged with caring for medically fragile and therefor particularly vulnerable children who are extremely dependent on their caregivers. Accordingly, immediate action is imperative. As stated above, you are directed to stop providing care as of 6:00pm July 8, 2019.

2.122    Defendants deprived Gardner of any warning of this deprivation, and gave her no opportunity to correct it.

2.123    Gardner ultimately had to use a subpoena process in her dissolution action to order State's witness, Trixie Yotsuda, to testify at the parties' dissolution trial, where the Defendant State first revealed that over 40 abuse and neglect complaints had been made and deemed founded by the State since May 4, 2017.

2.124    By July 5, 2019, Gardner's Weeping Ridge North was valued at $7 million.

2.125    By July 5, 2019, Gardner's Weeping Ridge North was

PLAINTIFF PENNY GARDNER'S SECOND AMENDED
COMPLAINT FOR DAMAGES
Page 38 of 59

MARY
SCHULTZ
LAW. P.S.

2111 E. Red Barn Lane
Spangle, WA 99031
(509) 245-3522
Mary@MSchultz.com

producing over $126,000 in discretionary income to Gardner and her community.

2.126    Defendant State terminated this value and that income to Gardner without having given Gardner notice or opportunity to respond.

**F.    Defendant State Continued To Exclude Gardner from Information and Treat Her Disparately from Rodriguez.**

2.127    In August 2017, Plaintiff Gardner filed an appeal of WRN's license suspension and told the Defendant State that it was violating her constitutional rights by failing to give her notice of what had transpired, or the risk it had created to her interests.

2.128    On August 8, 2019, Gardner filed a tort claim against the Defendant State accusing it of having violated her constitutional notice rights.

2.129    On September 27, 2019, Gardner amended her claim to demand notice of what the Defendant State was doing in collaboration with male owner Rodriguez to her exclusion,

2.130    Notwithstanding Gardner's demand for notice, Defendant State continued to withhold information from Gardner and communicate only with male owner Rodriguez.

PLAINTIFF PENNY GARDNER'S SECOND AMENDED
COMPLAINT FOR DAMAGES
Page 39 of 59

MARY
SCHULTZ
LAW. P.S.

2111 E. Red Barn Lane
Spangle, WA 99031
(509) 245-3522
Mary@MSchultz.com

2.131    On June 25, 2020, the State revoked Weeping Ridge North's license, without any advance notice to Gardner.

2.132    Between the July 5, 2019 license suspension and December 2021, Defendant State, through its Assistant Attorney General Katie Christopherson, communicated exclusively with male owner Rodriguez to enter into written agreements whereby, on August 31, 2021, the Defendant State agreed with Rodriguez that both of them would relinquish *Gardner's* individual present and future licensing rights, as well as her Weeping Ridge North's license.

2.133    On August 31, 2018, Defendant State agreed with Rodriguez that a "remedy" for *Rodriguez's* settlement with Defendant State was to relinquish *Gardner's* right to seek any licensing of any kind, that is, that "Penny Rodriguez and the license holder, pursuant to WAC 388-76-10955, as a result of the investigation(s), suspension and revocation" was now agreeing "not to seek any licensing, including but not limited to foster care licensing, from the licensing division of DCYF." CR2A.

2.134    Neither Defendant State nor Rodriguez notified Gardner that they were negotiating to or agreeing to relinquish her individual licensing rights.

PLAINTIFF PENNY GARDNER'S SECOND AMENDED
COMPLAINT FOR DAMAGES
Page 40 of 59

*M*ARY
*S*CHULTZ
*L*AW. P.S.

2111 E. Red Barn Lane
Spangle, WA 99031
(509) 245-3522
Mary@MSchultz.com

2.135    A dissolution court receiver presented Defendants' already executed agreement to the Stevens County Superior Court for "approval," but withdrew that presentation when Gardner notified the Court that she had no notice or participation in that agreement to remove her rights.

2.136    After the Receiver refused to present that agreement for Stevens County Court approval, Defendant State continued to communicate unilaterally with male owner Israel Rodriguez alone, and signed *another* Agreement with him depriving Gardner of her rights, which Rodriguez now presented to the Stevens County Superior Court.

2.137    The Stevens County Superior Court rejected the Defendant State and Rodriguez's new agreement, finding that Defendants' agreement improperly affected Gardner's individual rights without her agreement.

2.138    The Stevens County Superior Court informed the Defendant State and Rodriguez that they could not agree to remove Gardner's rights without her participation and approval.

2.139    Defendant State continued colluding with Rodriguez without notice to Gardner, and now avoided informing the Stevens County Superior

PLAINTIFF PENNY GARDNER'S SECOND AMENDED
COMPLAINT FOR DAMAGES
Page 41 of 59

MARY
SCHULTZ
LAW. P.S.

2111 E. Red Barn Lane
Spangle, WA 99031
(509) 245-3522
Mary@MSchultz.com

Court entirely, executing *another* agreement with Rodriguez on December 9,

2021, without notice to Gardner, or to the Stevens County Superior Court.

      2.140     Defendant State removed Gardner's rights to WRN licensing in

that undisclosed agreement without her consent or approval, agreeing with

Rodriguez that:

> "DCYF shall note in its internal records that Weeping Ridge North no
> longer has a license through DCYF; *that Weeping Ridge North shall not
> reapply for that License or any other license through the Licensing
> Division of DCYF ...* The only remedy to be imposed upon Israel
> Rodriguez *and the license holder,* (Gardner) pursuant to WAC 388-76-
> 10955, as a result of the investigation(s), suspension and revocation will
> be the agreement not to seek any licensing, including but not limited to
> foster care licensing, from the licensing division of DCYF."

Agreement, para. 4 (emphasis added).

      2.141     This December 2021 agreement depriving Gardner of her and

WRN's licensing rights was first produced only in the context of this federal

litigation proceeding on May 12, 2023 pursuant to discovery in this action. RFP

19, 5.12.23 (State's Exhibit 5).

      2.142     This agreement also violated a Stevens County court order that

required that any such agreement between Defendant State and Rodriguez "shall

PLAINTIFF PENNY GARDNER'S SECOND AMENDED
COMPLAINT FOR DAMAGES
Page 42 of 59

MARY
SCHULTZ
LAW. P.S.

2111 E. Red Barn Lane
Spangle, WA 99031
(509) 245-3522
Mary@MSchultz.com

be subject to this Court's approval in accordance with RCW 7.60.190(6)(c)."

2.143    The damage done by that agreement has been rendered irreparable.

2.144    By virtue of the State's actions and deprivations, Gardner lost a $7 million facility.

**G.    Gardner First Found Out About the Death of the WRN Child In Her Facility Referenced In the State's June 28, 2019 Intake in 2021.**

2.145    In March 2021, Gardner was personally sued for Rodriguez (and the Defendant State's) medical neglect of WRN child resident Jorge Castro in March 2018.

2.146    Jorge Castro's Estate claimed that Gardner had engaged, along with Rodriguez, in "below the standard of care" medical care at WRN.

2.147    Gardner had no knowledge of this child's death until she was served with the lawsuit. (*See* para. 2.107, *supra*).

2.148    In March 2021, Gardner now learned that Defendant Rodriguez and the Defendant State had failed to maintain WRN's insurance relative to liability when that child died, thereby violating licensing requirements, and the

PLAINTIFF PENNY GARDNER'S SECOND AMENDED
COMPLAINT FOR DAMAGES
Page 43 of 59

MARY
SCHULTZ
LAW, P.S.

2111 E. Red Barn Lane
Spangle, WA 99031
(509) 245-3522
Mary@MSchultz.com

Stevens County Superior Court order, when she was personally served with a federal Declaratory Judgment action filed by Kinsale Insurance Company against Gardner. *See* Kinsale Insurance Company v Weeping Ridge North LLC et al, EDWA Case No. 2:21-cv-00186-SAB.

2.149    In June 2021, Defendant State replaced Gardner's WRN facility in Spokane in June 2021, licensing a Seattle area provider, Ashley House, to care for this area's medically fragile children.

2.150    The local media, "The Spokesman Review," announced the opening of the new facility in an article dated June 14, 2021, also writing, "The last medically fragile group home that served children and teens 18 years old and younger in the Spokane area closed in 2019 after it lost its license from the state."

2.151    Defendant State continued to collude with Rodriguez in transferring State contracts and income to him through other vulnerable person facilities, including vulnerable adult care facilities he owned in Othello and Spokane, and did so in exchange for Rodriguez relinquishing Gardner's and WRN's rights to licensing, without notice to Gardner.

PLAINTIFF PENNY GARDNER'S SECOND AMENDED
COMPLAINT FOR DAMAGES
Page 44 of 59

MARY
SCHULTZ
LAW. P.S.

2111 E. Red Barn Lane
Spangle, WA 99031
(509) 245-3522
Mary@MSchultz.com

2.152 Defendant State will not reveal to Gardner what licenses and income Rodriguez now derives, nor will Rodriguez, even when asked in federal discovery in this case.

WHEREFORE, having stated the above, and incorporating all above stated facts herein, Plaintiff Gardner claims as follows against Defendants state of Washington and Israel Rodriguez:

### III. CAUSES OF ACTION AGAINST THE STATE OF WASHINGTON.

**A. Violation of due process.**

3.1 By all acts and the course of conduct generally described above, Defendant State of Washington since May 7, 2019, intentionally and knowingly deprived Penny Gardner of her state and federal due process rights, in violation of 42 U.S.C. § 1983, 42 U.S.C. § 1985 (3), and 42 U.S.C. § 1986.

3.2 By its violations of due process rights, Defendant State caused Plaintiff Penny Gardner damage, that damage continues to date, and that damage will continue beyond this date.

PLAINTIFF PENNY GARDNER'S SECOND AMENDED
COMPLAINT FOR DAMAGES
Page 45 of 59

MARY
SCHULTZ
LAW. P.S.

2111 E. Red Barn Lane
Spangle, WA 99031
(509) 245-3522
Mary@MSchultz.com

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**B.**     <u>**Violation of Equal Protection.**</u>

      3.3       By all acts and the course of conduct generally described above,

Defendant State of Washington, since May 7, 2019, intentionally and knowingly

deprived Penny Gardner of her constitutional guarantees of equal protection of

the laws and prohibitions against special privileges and immunities by treating

her less favorably than her male owner business partner, Rodriguez. *See* U.S.

Const. amend. XIV, Wash. Const. art. I, § 12.

      3.4       By its violations of equal protection and privilege and immunity

rights, Defendant State caused Plaintiff Penny Gardner damage, that damage

continues to date, and that damage will continue beyond this date.

**C.**     <u>**Breach of Contract to Contractor**</u>

      3.5       By all acts and the course of conduct generally described above,

Defendant State of Washington, by and through its agencies, since May 7, 2019,

intentionally and knowingly breached its contracts with contactor Penny

Gardner and caused her damage.

      3.6       By its breaches of contract, Defendant State caused Plaintiff

Penny Gardner damage, that damage continues to date, and that damage will

PLAINTIFF PENNY GARDNER'S SECOND AMENDED
COMPLAINT FOR DAMAGES
Page 46 of 59

*M*ARY
*S*CHULTZ
*L*AW. P.S.

2111 E. Red Barn Lane
Spangle, WA 99031
(509) 245-3522
Mary@MSchultz.com

continue beyond this date.

**D.** **Constructive Fraud-Fraudulent Concealment**

3.7    Defendant State engaged in constructive fraud as to Gardner by concealing and depriving her of rights.

3.8    Defendant State knew that it was concealing, intentionally intended to conceal, and to continue concealing, its collusion with Rodriguez to remove Gardner's rights, its license alteration in 2017, the complaints against WRN, the findings it made of abuse and neglect, the escalating risk of suspension, the threat to WRN's license in July 2018, the impending suspension of July 5, 2019, the suspension itself, the ensuing risk of revocation of that license, and its negotiations and agreements with Rodriguez to indefinitely terminate Gardner's licensing right.

3.9    Defendant State knew that its concealment would impact and damage Gardner's rights without notice to her or her ability to participate.

3.10    Gardner was not able to obtain the information of what was transpiring in 2017, and did not obtain that information from Defendant state even in the formal discovery in this case.

PLAINTIFF PENNY GARDNER'S SECOND AMENDED
COMPLAINT FOR DAMAGES
Page 47 of 59

*Mary Schultz Law, P.S.*

2111 E. Red Barn Lane
Spangle, WA 99031
(509) 245-3522
Mary@MSchultz.com

3.11     Defendant State breached its legal and its or equitable duty, irrespective of moral guilt, in intentionally depriving Gardner of notice of impending of her licensing, property and liberty rights, and such breaches were fraudulent because they were intended to deceive.

3.12     Defendant State failed to perform its notice and participation obligations to Gardner, not by an honest mistake, but because of gender discrimination.  It decided it would not give her notice and exclude her from her own property and deprive her of rights without that notice as a "interested or sinister motive."[5]

3.13     By such constructive fraud, Defendant State caused Plaintiff Penny Gardner damage, that damage continues to date, and that damage will continue beyond this date.

**E.** **Intentional Infliction of Emotional Distress.**

_____

[5]   _See, e.g._, _In re Estate of Marks,_ 91 Wn. App. 325, 336, 957 P.2d 235, review denied, 136 Wn.2d 1031, 972 P.2d 466 (1998).

PLAINTIFF PENNY GARDNER'S SECOND AMENDED
COMPLAINT FOR DAMAGES
Page 48 of 59

MARY
SCHULTZ
LAW. P.S.

2111 E. Red Barn Lane
Spangle, WA 99031
(509) 245-3522
Mary@MSchultz.com

3.14     Defendant State's actions as identified in the foregoing were designed to cause Gardner financial damage and severe emotional distress, and did so, and that damage will continue beyond this date.

**F.     Outrage.**

3.15     Defendant State engaged in extreme and outrageous conduct, and thereby intentionally and recklessly inflicted emotional distress on Gardner.

3.16     Gardner suffered severe emotional distress as a result of the State's actions.

**G.     Damages**

3.17     All actions identified above caused continuing damage to Gardner, including but not limited to:

3.17.1     The loss of the $7 million value of the WRN business;

3.17.2     The loss of the $126,000 a month discretionary income from that facility, which loss will continue indefinitely, that is, past, present, and future;

3.17.3     Stress, anxiety, disbelief, anger, and depression over her unequal treatment;

PLAINTIFF PENNY GARDNER'S SECOND AMENDED
COMPLAINT FOR DAMAGES
Page 49 of 59

MARY SCHULTZ LAW. P.S.

2111 E. Red Barn Lane
Spangle, WA 99031
(509) 245-3522
Mary@MSchultz.com

3.17.4    Unnecessary damage to her professional and medical reputation in the field of pediatric critical care, including a stigma more substantial than loss of money, meaning that Gardner cannot go out and recreate another business and/or regenerate contracts with the State of Washington in a similar field;

3.17.5    Liability exposure to her from the Plaintiff Estate of Jorge Castro Jimenez and his beneficiaries, and attorney fees and costs to defend herself in that proceeding, which continue; and

3.17.6    The expenditure of substantial attorney fees and costs to unearth what happened between the Defendant State and Israel Rodriguez, because of the State's withholding of evidence, among other damage.

3.18    Joint and several liability with Defendant Rodriguez should be imposed.

## IV.    CAUSES OF ACTION-ISRAEL RODRIGUEZ.

## A.    Breach of Fiduciary Duty/ Unjust Enrichment/Constructive Fraud.

4.1    Defendant Israel Rodriguez's actions as detailed above were, and remain, a breach of his fiduciary duty owed to Plaintiff Penny Gardner,

PLAINTIFF PENNY GARDNER'S SECOND AMENDED
COMPLAINT FOR DAMAGES
Page 50 of 59

*Mary Schultz Law. P.S.*

2111 E. Red Barn Lane
Spangle, WA 99031
(509) 245-3522
Mary@MSchultz.com

constructive fraud, and unjust enrichment.

4.2     Defendant Rodriguez owed Gardner a fiduciary duty and was obligated to deal with her with candor and the utmost good faith, and breached that duty.

4.3     Defendant Rodriguez owed Gardner a fiduciary duty of loyalty and care, and breached that duty.

4.4     Defendant Rodriguez owed Gardner a duty of loyalty to avoid self-dealing and conflicts of interest, and breached that duty.

4.5     Defendant Rodriguez forfeited WRN's rights and Gardner's rights so that he could receive income from the State in other endeavors.

4.6     Defendant Rodriguez engaged in unjust enrichment by, in part, colluding with the State to relinquish WRN, and move state income to Rodriguez through other businesses.

4.7     Defendant Rodriguez had a duty of care to refrain from engaging in grossly negligent conduct as to WRN and Gardner, intentional misconduct, and knowing violations of law, and breached that duty.

4.8     As administering partner, Defendant Rodriguez was required to

PLAINTIFF PENNY GARDNER'S SECOND AMENDED
COMPLAINT FOR DAMAGES
Page 51 of 59

MARY
SCHULTZ
LAW. P.S.

2111 E. Red Barn Lane
Spangle, WA 99031
(509) 245-3522
Mary@MSchultz.com

provide Gardner information concerning the partnership businesses and affairs that would have been reasonably required for Penny Gardner to properly exercise her rights under the partnership provisions of RCW 25.05. RCW 25.05.160(3)(a), and he failed to do so.

4.9      Defendant Rodriguez's breach of fiduciary duty was constructive fraud (and see fraud below at Section C).

4.10      Defendant Rodriguez's conduct caused damage, including the loss of WRN, its value, loss of its ongoing income, and loss to Gardner's reputation and standing.

4.11      Joint and several liability with the Defendant State should be imposed for all lost profits, past, present and future.

**B.      Interference with business expectancy.**

4.12      Defendant Rodriguez intentionally, recklessly and/or negligently interfered with Gardner's business expectancies.

4.13      Valid contractual relationships existed between agencies in the Defendant State, and Gardner's WRN business.

4.14      Defendant Rodriguez had knowledge of these relationships and

PLAINTIFF PENNY GARDNER'S SECOND AMENDED
COMPLAINT FOR DAMAGES
Page 52 of 59

*MARY SCHULTZ LAW, P.S.*

2111 E. Red Barn Lane
Spangle, WA 99031
(509) 245-3522
Mary@MSchultz.com

these expectancies.

4.15    Defendant Rodriguez intentionally interfered with, induced, or caused a breach or termination of those agreements by the State.

4.16    Defendant Rodriguez caused damage to the business's reputation, damage to Gardner's reputation, damage to the business's income (that is, decreased income), diminished value, and reduction of the business's good will.

4.17    Defendant Rodriguez forfeited WRN's rights and Gardner's rights so that he could receive income from the State in other endeavors.

4.18    Defendant Rodriguez caused Gardner loss if income, injury to reputation, humiliation, and consequential damages.

4.19    Joint and several liability with the Defendant State should be imposed for all such damages.

**C.    Fraud/Fraudulent Concealment.**

4.20    Rodriguez's actions as to Gardner in administering Weeping Ridge North, LLC were fraudulent.

4.21    From May 4, 2017 through July 5, 2019, Rodriguez engaged in a representation of existing fact, claiming that his administration was highly

PLAINTIFF PENNY GARDNER'S SECOND AMENDED
COMPLAINT FOR DAMAGES
Page 53 of 59

MARY SCHULTZ LAW. P.S.

2111 E. Red Barn Lane
Spangle, WA 99031
(509) 245-3522
Mary@MSchultz.com

beneficial to WRN, that WRN was more successful than it had ever been, while omitting informing Gardner that, as only examples, over 40 founded complaints of abuse and neglect had been made and found against WRN, that its license was at risk, that the State had threatened to move the children out of that facility, that a child had died in that facility under suspicious circumstances, and that the State was going to suspend WRN's license.

4.22    Defendant Rodriguez materially omitted material facts of his license alteration in June 2017, his failure to maintain insurance, the death of a child in the facility, the no-referral status imposed upon WRN in June 2018, the risk of license suspension that day, the growing risk of license suspension thereafter to WRN, the risk of revocation on and after July 5, 2019, and his relinquishment of Gardner's licensing rights without notice to her through that suspension.

4.23    From July 5, 2019 through December 2021, Rodriguez failed to advise Gardner of a pending license revocation and his agreements with the State to relinquish Gardner's rights to licensing, without giving Gardner notice.

4.24    Rodriguez knew that all of his positive statements and his

PLAINTIFF PENNY GARDNER'S SECOND AMENDED
COMPLAINT FOR DAMAGES
Page 54 of 59

*M*ARY
*S*CHULTZ
*L*AW. P.S.

2111 E. Red Barn Lane
Spangle, WA 99031
(509) 245-3522
Mary@MSchultz.com

omissions were material to his being allowed to continue to administer WRN for the parties, and to continue his alleged appeal of the license suspension of WRN.

4.25     Rodriguez knew that his representations were false, and that his omissions created false impressions.

4.26     Rodriguez's intent was that the Stevens County Court and Gardner would act on his false statements and impressions.

4.27     Rodriguez knew of the falsity of his statements and omissions and intended that Gardner and the Stevens County Court be ignorant of that falsity.

4.28     Rodriguez knew that Gardner and the Stevens County Court had to rely on the truth of Rodriguez's representations, as he nor his counsel nor the State would release accurate and complete information.

4.29     Rodriguez knew that Gardner and the Stevens County Court relied on the truth of his representations and omissions and had the right to rely on such given his fiduciary role as the chief administrator of WRN and because of the numerous restraints in place.

4.30     Consequent damage was caused to Gardner by Rodriguez's false representations and material omissions.

PLAINTIFF PENNY GARDNER'S SECOND AMENDED
COMPLAINT FOR DAMAGES
Page 55 of 59

MARY
SCHULTZ
LAW. P.S.

2111 E. Red Barn Lane
Spangle, WA 99031
(509) 245-3522
Mary@MSchultz.com

4.31    Defendant Rodriguez's statements and omission of information was fraud.

**D.  Intentional Infliction of Emotional Distress.**

4.32    Defendant Rodriguez's actions as identified in the foregoing were designed to cause Gardner financial damage and severe emotional distress, and did so, and that damage will continue beyond this date.

4.33    Defendant Rodriguez caused Penny Gardner mental distress, discomfort, inconvenience, injury to reputation, humiliation, and consequential damages.

**E.  Outrage.**

4.34    Defendant Rodriguez engaged in extreme and outrageous conduct, and thereby intentionally and recklessly inflicted emotional distress on Gardner.

4.35    Gardner suffered severe emotional distress as a result of the Rodriguez's actions.

PLAINTIFF PENNY GARDNER'S SECOND AMENDED
COMPLAINT FOR DAMAGES
Page 56 of 59

MARY
SCHULTZ
LAW. P.S.

2111 E. Red Barn Lane
Spangle, WA 99031
(509) 245-3522
Mary@MSchultz.com

## V.   **DEMAND/REQUEST FOR RELIEF.**

WHEREFORE, having stated the above causes of action, Plaintiff Penny Gardner requests the following judgments, jointly and severally, against Defendant Israel Rodriguez and Defendant State of Washington:

5.1    Judgment for any and all damages caused by either and both Defendants to Penny Gardner as a result of the above.

5.2    Judgment for prejudgment interest;

5.3    Judgment for all attorney fees and costs incurred in the presentation and prosecution of these claims as allowed by law or equity, including by 42 U.S.C. 1988; and,

5.4    Judgment for any and all further relief as allowed by law.

## VI.   **CLAIM AGAINST OTHER INVOLVED ENTITIES.**

6.1    Penny Gardner reserves the right to add claims against other involved affiliates and parties, and/or withdraw claims, depending on the discovery developed.

PLAINTIFF PENNY GARDNER'S SECOND AMENDED
COMPLAINT FOR DAMAGES
Page 57 of 59

MARY
SCHULTZ
LAW. P.S.

2111 E. Red Barn Lane
Spangle, WA 99031
(509) 245-3522
Mary@MSchultz.com

1             DATED this 4ᵗʰ day of August, 2023.

2

3             MARY SCHULTZ LAW, P.S.

4             */s/Mary Schultz*

5             Mary Schultz, WSBA # 14198

              Attorney for Plaintiff Penny Gardner (*fka* Rodriguez)

6             Mary Schultz Law, P.S.

7             2111 E. Red Barn Lane

              Spangle, WA 99031

8             Tel: (509) 245-3522, Ext. 1

9             Email: Mary@Mschultz.com

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25    PLAINTIFF PENNY GARDNER'S SECOND AMENDED

       COMPLAINT FOR DAMAGES

26    Page 58 of 59

27

28

*Mary Schultz Law, P.S.*
2111 E. Red Barn Lane
Spangle, WA 99031
(509) 245-3522
Mary@MSchultz.com

<u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that on the 12th day of September, 2023, she served a copy of the foregoing document to all counsel and parties receiving notice through the Eastern District of Washington U.S. District Court ECF system for the above case by electronically filing said document in the CM/ECF system. Plaintiff is not aware of any non-CM/ECF participants.

Dated this 12th day of September, 2023.

MARY SCHULTZ LAW, P.S.
<u>*/s/Mary  Schultz*</u>
Mary Schultz, WSBA # 14198
Attorney for Plaintiff Penny Gardner
Mary Schultz Law, P.S.
2111 E. Red Barn Lane
Spangle, WA 99031
Tel: (509) 245-3522, Ext. 1
E-mail: Mary@MSchultz.com

PLAINTIFF PENNY GARDNER'S SECOND AMENDED
COMPLAINT FOR DAMAGES